## UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | | |
|---|---|---|
| **SUZANNE & ROBERT CRAIG,** | ) | Hon.: |
| **SEAN & LORI BOYNTON,** | ) | |
| **SUMMER ELIZANDO,** | ) | Case No.: 10- |
| **KEVIN & NICHOLE LUCAS** | ) | |
| | ) | |
| Individuals | ) | **PLAINTIFFS** |
| Plaintiffs | ) | **COMPLAINT FOR VIOLATIONS** |
| | ) | **OF:  18 U.S.C. §§ 1341, 1343,** |
| v. | ) | **18 U.S.C. § 1962(c)** |
| | ) | **18 U.S.C. § 1962(d)** |
| **LITTLE PEARLS ADOPTION** | ) | **BREACH OF CONTRACT,** |
| **AGENCY, INC.** | ) | **FRAUDULENT & INNOCENT** |
| a Florida For-Profit Corporation | ) | **MISREPRESENTATION,** |
| **DEBBIE FISCHER,** | ) | **INTENTIONAL INFLICTION** |
| **and RICHARD FEINBERG** | ) | **OF EMOTIONAL DISTRESS** |
| Individuals | ) | |
| **Jointly and Severally** | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | **PLAINTIFFS DEMAND A JURY** |

Sean Boynton
Bush Ross, P.A.
1801 North Highland Avenue
Tampa, Florida 33602
(813) 204-6494 [Phone]
sboynton@bushross.com

The Plaintiffs, Suzanne and Robert Craig, Summer Elizando, Sean and Lori Boynton, and

Kevin and Nichole Lucas collectively "Plaintiffs", by and through their attorneys, Fixel Law

Offices, PLLC, allege the following in their Complaint against Little Pearls Adoption Agency,

Inc., Debbie Fischer and Richard Feinberg (collectively Defendants):

## JURISDICTION AND VENUE

1.   This action is brought under the Federal Racketeer Influenced and Corrupt

Organization ("RICO") statute, 18 U.S.C. § 1961 et seq., and various other Florida statutes and

common law doctrines. The matter in controversy exceeds the sum or value of Seventy-Five

Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, and is between citizens

of different states. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §§ 1331.

2.   Because claims brought under Florida law are also so related to Plaintiffs' federal

claims, over which the Court has original jurisdiction, that they form part of the same case or

controversy under Article III of the United States Constitution, the Court also has jurisdiction over

Plaintiffs' Florida common law and statutory claims pursuant to 28 U.S.C. § 1367.

3.   A substantial part of the events and omissions giving rise to the claims stated herein

occurred in this District and all defendants are subject to the personal jurisdiction of this judicial

district. Venue is proper in this District and Division pursuant to 28 U.S.C. §§ 1391 and to 18

U.S.C. §1965(b).

## PARTIES

4. At all times material hereto, the Plaintiffs, Suzanne and Robert Craig, are individuals residing
in Colorado.

5. At all times material hereto, the Plaintiff, Summer Elizando, was an individual residing in
Michigan and later in the State of Florida.

6. At all times material hereto, the Plaintiffs, Sean and Lori Boynton, are individuals residing in
the State of Florida.

2

7. At all times material hereto, the Plaintiffs, Kevin and Nichole Lucas, are individuals residing in Arkansas.

8. Defendant, Little Pearls Adoption Agency, Inc. formerly known as "An Angelic Choice" was a business organized in the State of Florida, offering international adoptions of orphans of children from Viet Nam.

9. At all times material hereto, the Defendant, Little Pearls Adoption Agency,, Inc. doing business as, hereinafter referred to as "LP" was a corporation for profit organized under the laws of the State of Florida, with its principal place of business located in Tampa and later South Pasadena, Florida.

10.   At all times material hereto, the Defendant, Richard Feinberg, was a Director of the Defendant LP, and acted in his capacity as a Director of LP.

11.   At all times material hereto, the Defendant Richard Feinberg, hereinafter referred to as "Feinberg," was an individual residing in Florida.

12.   At all times material hereto, the Defendant, Debbie Fischer, was a Director of the Defendant LP, duly appointed as the President by the LP Board of Directors and acted in her capacity as an officer of LP.

13.   At all times material hereto, the Defendant Debra Fischer, hereinafter referred to as "Fischer" was an individual residing in Florida.

14.   Defendants Fischer and Feinberg acted in their individual capacities in all acts alleged herein and also directed, conducted, controlled or participated in the day-to-day operations of LP as directors and employees. All acts of LP are in fact the acts of the Defendants.

15.   Whenever in this Complaint reference is made to any act of a Defendant, such reference shall be deemed to mean the acts of each Defendant.

3

## ALLEGATIONS

16.   Since approximately September 2004, Defendant LP operated an adoption agency in Florida. On or about January 2008, LP's Directors made the decision to stop operating and ceased offering adoption services.

17.   Defendants Fischer and Feinberg were the only named Directors at the time Defendant LP ceased operations.

18.   Defendant LP was an adoption agency through which Defendants advertised, offered for sale and sold foreign and domestic adoption services.

19.   Defendants deceptively induced the Plaintiffs into entering contracts to purchase adoption services from them by deceiving the Plaintiffs into believing that they would receive certain services in exchange for the fees paid to adopt a child from Vietnam.

20.   Plaintiffs entered into contracts with Defendants to adopt children from Vietnam.

21.   Plaintiffs Suzanne and Robert Craig entered into their contract first with An Angelic Choice and later through addendum with Defendant LP on or about August 2007 to adopt a child in the Nam Dinh Province of Vietnam. **(See Exhibit One)**

22.   Plaintiff Summer Elizando entered into a contract with Defendant LP on or about October 2007 to adopt a child in the Nam Dinh Province of Vietnam. **(See Exhibit Two)**

23.   Plaintiffs Sean and Lori Boynton entered into a contract with Defendant LP on or about September 2007 to adopt a child in the Nam Dinh Province of Vietnam. **(See Exhibit Three)**

24.   Plaintiffs Kevin and Nichole Lucas entered into a contract with Defendant LP on or about November 2007 to adopt a child in the Nam Dinh Province of Vietnam. **(See Exhibit Four)**

25.   Plaintiffs retained the services of Defendant LP for the purpose of adopting a child from Viet Nam and were told by Defendant Fischer that the process time would take **4-6 months**

once the individual dossiers were in Vietnam. (**See Exhibit five**)

26. At that time, Defendants were aware that the agency was not licensed to perform adoptions in the Nam Dinh Province of Vietnam.

27. Defendants knew or should have known that they could not perform the adoptions but assured the Plaintiffs that the adoptions could be completed.

28. Once the Plaintiffs were induced into signing contracts for adoptions with the Defendants, they were encouraged to send money immediately to "hold" a child for adoption.

29. On or about January or February 2008, Defendant Fischer wrote to each of the Plaintiffs about licensing issues stating that "soon" she would have a license for the Nam Dinh province.

30. All Plaintiffs have demanded a refund for services not performed and Defendants have not returned their funds.

**Plaintiffs Suzanne and Robert Craig**

31. Plaintiffs Suzanne and Robert Craig ("Plaintiffs Craig") have spent over $50,000.00 in pursuit of the adoption that they were induced into entering.

32. Plaintiffs Craig had the opportunity to adopt a Vietnamese Orphan from another region using a different adoption agency but Defendant Fischer assured them that she would complete the adoption in the Nam Dinh province.

33. Defendants intended for the Plaintiffs to rely on the assurances that they could complete the adoption in Vietnam.

34. Plaintiffs Craig relied on the assurances of Defendant Fischer and no adoption was performed.

35. Plaintiffs Craig were matched with a child and began to love this child during the adoption and were heartbroken when the adoption could not be completed.

36.   Plaintiffs were damaged financially and emotionally by the Defendants fraudulent inducement into the contract and the failure of the Defendants to perform the contract.

## Plaintiff Summer Elizando

37.   Plaintiff Summer Elizando ("Plaintiff Elizando") has spent over $28,000.00 in pursuit of the adoption that she was induced into entering.

38.   Plaintiff Elizando had begun the process of adopting a child from Guatemala when she was induced into using the Defendants and switched to adopt from Vietnam.

39.   Defendants intended for the Plaintiff to rely on the assurances that they could complete the adoption in Vietnam.

40.   Plaintiff did rely on the Defendants assurances and no adoption was performed.

41.   Plaintiff Elizando was matched with a child and began to love this child during the adoption and were heartbroken when the adoption could not be completed.

42.   Plaintiff was damaged financially and emotionally by the Defendants fraudulent inducement into the contract and the failure of the Defendants to perform the contract.

## Plaintiffs Sean and Lori Boynton

43.   Plaintiffs Sean and Lori Boynton ("Plaintiffs Boynton") have spent over $15,000.00 in pursuit of the adoption that they were induced into entering.

44.   Plaintiffs Boynton inquired information from the Defendants about adopting a Vietnamese child. The Defendants required fees to be paid before they would give the Plaintiffs Boynton a referral (a child to be held for the adoptive family) to assure that the child would be available for adoption. Plaintiffs relied on these assurances and wired money to the Defendants.

45.   Defendants intended for the Plaintiffs to rely on the assurances that they could complete the adoption in Vietnam.

46.   Plaintiffs did rely on the Defendants assurances and no adoption was performed.

47.   Plaintiffs Boynton were matched with a child and began to love this child during the adoption and were heartbroken when the adoption could not be completed.

48.   Plaintiffs were damaged financially and emotionally by the Defendants fraudulent inducement into the contract and the failure of the Defendants to perform the contract.

**Plaintiffs Kevin and Nichole Lucas**

49.   Plaintiffs Kevin and Nichole Lucas ("Plaintiffs Lucas") have spent over $40,000.00 in pursuit of the adoption that they were induced into entering on or about November 2007.

50.   Plaintiffs Lucas inquired information from the Defendants about adopting a Vietnamese child. The Defendants required fees to be paid before they would give the Plaintiffs Lucas a referral (a child to be held for the adoptive family) to assure that the child would be available for adoption. Plaintiffs relied on these assurances and wired money to the Defendants.

51.   On or about November 2007, Defendant Fischer told Plaintiff's Lucas "The little girl you found on the internet is yours! You should have her home in January or February 2008 but at the latest, she will be home with you in April 2008."

52.   Defendant Fischer and the board members of Little Pearls Adoption Agency knew that they were not licensed to perform adoptions in the Nam Dinh province of Viet Nam during 2007 and 2008.

53.   Defendants intended for the Plaintiffs to rely on the assurances that they could complete the adoption in Vietnam.

54.   Plaintiffs did rely on the Defendants assurances and no adoption was performed.

55.   Plaintiffs Lucas were matched with a child and began to love this child during the adoption and were heartbroken when the adoption could not be completed.

56.   Plaintiffs were damaged financially and emotionally by the Defendants fraudulent

inducement into the contract and the failure of the Defendants to perform the contract.

**COUNT ONE**
**BREACH OF CONTRACT**
**FRAUD IN THE INDUCEMENT**

Plaintiffs re-allege paragraphs 1-56 as if restated herein.

57.   Defendants have engaged in a scheme to induce people into using their agency by

advertising that they could complete adoptions of Vietnamese orphans.

58.   Plaintiffs and Defendants entered into a contract for an adoption to be performed in

accordance with state and federal laws and in a professional method and manner that is required

to allow a parent to adopt internationally.

59.   Plaintiff was induced into using the services of Defendant LP and its employees by the

advertisements purporting Defendant LP as being specialists in this area of adoptions of orphans

from Vietnam.

60.   A reasonable person would have believed such advertisements to mean that Defendant LP

and its employees were competent professionals who would facilitate and complete the

adoptions of children from Vietnam.

61.   Defendants Fischer took money and other than excuses produced nothing to complete

adoptions.  Defendants acted with the intent to take the money without completing the

adoptions.

62.   The Defendant LP's advertisements as adoption experts and professionals in this area were

fraudulent and intended to bring prospective adoptive parents to use their business services.

63.   Plaintiffs were induced into using the Defendants' services through these advertisements.

64.   Defendants have damaged the Plaintiffs by inducing them into using their adoption

8

services.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants in an amount in excess of $140,000.00 and further demands an award of punitive damages together with attorney's fees and costs of this action against Defendants.

## COUNT TWO
## BREACH OF CONTRACT

Plaintiffs re-allege paragraphs 1-64 as if restated herein.

65.   Plaintiffs entered into contracts with the Defendants for the facilitation of Vietnamese Adoptions.

66.   On or about August through November 2007, Plaintiffs and Defendant LP entered into contracts to adopt children from Vietnam.

67.   Plaintiffs agreed to pay Defendant LP to perform adoption services in these contracts and were matched with referrals of infants and children that were promised to be held exclusively for each family.

68.   At the time of contracting, Plaintiffs were informed by Defendant Fischer that each adoption should take approximately 4-6 months after the adoption paperwork was sent to Vietnam.

69.   An implicit term of an agreement to perform adoptions is that the Defendant LP would coordinate and facilitate the adoptions.

70.   Once Defendants received the Plaintiffs money, they required the Plaintiffs to send their own paperwork to Vietnam for completion and the Defendants stopped all further work on the adoptions.

71.   Defendants breached that contract when they offered adoptions that they could not complete and fraudulently took the Plaintiffs money without refunding the funds and advising the Plaintiffs that the adoptions could not be completed.

72.   Plaintiffs contracted with the Defendants to facilitate and complete an adoption in the Nam Dinh province of Vietnam.

73.   Plaintiffs expected that the adoptions would be completed in 4-6 months and they would bring their babies home.

74.   As a direct result of the Defendants' conduct as hereinabove stated, the Plaintiffs were unable to complete their adoptions, and have been denied the opportunity to adopt the children they had grown to love.

75.   Defendants have damaged the Plaintiffs by breaching the contracts with the Plaintiffs through allowing Directors, Officers or employees to offer fraudulent adoptions of orphans in Vietnam.

76.   Plaintiffs' expectation damages for the breach of this contract are difficult to enumerate. They expected to become parents. As a result of Defendants' breach, they will never bring their children home from Vietnam.

   **WHEREFORE,** the Plaintiffs demand judgment against the Defendants in an amount in excess of $140,000.00 together with attorney's fees and costs of this action against Defendants.

### COUNT THREE
### INNOCENT MISREPRESENTATION
Plaintiffs re-allege paragraphs 1-76 as if restated herein.

77.   Defendants represented to the Plaintiffs that they were able to complete adoptions in the Nam Dinh province of Viet Nam.

78.   Plaintiffs would not have entered into contracts with the Defendants if the Defendants had

not made the representations.

79.   As a result of the Defendants misrepresentations, the Plaintiffs have suffered substantial

economic losses as a result of entering into the contract, and these losses benefited Defendants

Little Pearls, Feinberg and Fischer.

80.   As a direct and proximate result of Little Pearls, Feinberg and Fischer's innocent

misrepresentation, Plaintiffs have incurred and/or will incur substantial damages in an amount in

excess of $75,000 (seventy-five thousand) or an amount to be determined by the Court.

## COUNT FOUR
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

Plaintiffs re-allege paragraphs 1-80 as if restated herein.

81.   Plaintiffs entered into a contract with the Defendants for an adoption to be performed in

the Nam Dinh province of Vietnam.

82.   Defendants repeatedly wrote the Plaintiffs and induced them into using their adoption

services for infants and children that allegedly had been matched to the individual families.

83.   Defendants knew or should have known that the false statements and failure to be licensed

in the Nam Dinh province would prevent the Plaintiffs from being able to adopt their children.

84.   Defendants' actions were intentional, extreme and outrageous and have caused the

Plaintiffs a lifetime of severe emotional distress.

85.   Defendants by and through their outrageous actions have prevented the Plaintiffs from

becoming parents to the children they loved and expected to bring home.

   **WHEREFORE,** the Plaintiff demands judgment against the Defendants in an amount in

excess of $15,000.00 and further demands an award of punitive damages together with attorney's

fees and costs of this action against Defendants

11

## COUNT FIVE
## ACTS VIOLATING THE MAIL AND WIRE STATUTES
## 18 U.S.C. §§ 1341 & 1343

Plaintiffs re-allege paragraphs 1-85 as if restated herein.

86.   Pursuant to the events described in paragraphs 16-54, *supra*, the Defendants Feinberg and

Fischer knowingly devised, created or knowingly participated in the schemes and artifices to

defraud the Plaintiffs or to obtain the money and/or property of the Plaintiffs by means of false

or fraudulent pretenses, representations or promises.

87.   Pursuant to the events described in paragraphs 16-54, *supra*, the Defendants Feinberg and

Fischer could foresee that the mails "would be used for the purpose of" advancing, furthering,

executing, concealing, conducting, participating in or carrying out the schemes, within the

meaning of U.S.C. §§ 1341 and 1343. In particular, the Defendants could foresee that the mails

would be used to receive and/or deliver, *inter alia*, money and/or fraudulent representations

regarding the adoption facilitators and the agreement among the parties; the status of ongoing

adoptions, and the remedies for problems with the adoptions.

88.   Defendants acting singly or in concert, personally or through their agents, as co-

conspirators, or aiders and abettors, used the mail or caused the mail to be used "for the purpose

of" advancing, furthering, executing, concealing, conducting, participating in or carrying out

the schemes, within the meaning of U.S.C. §§ 1341 and 1343.

89.   In advancing, furthering, executing, concealing, conducting, participating in or carrying out

the schemes in or carrying out the schemes, the Defendants LP, Feinberg and/or Fischer

specifically used the wires/mails or caused the wires/mails to be used to receive or deliver, *inter*

*alia*, every email, facsimile, letter or telecommunication described in paragraphs 16-54, *supra*.

90.   In advancing, furthering, executing, concealing, conducting, participating in or carrying

12

out the schemes in or carrying out the schemes, the Defendants LP, Feinberg and/or Fischer

specifically used the wires/mails or caused the wires/mails to be used to receive or deliver, *inter*

*alia,* every email, facsimile, letter or telecommunication with the Plaintiffs related to all

adoption matters.

**91.**   Each and every use of the wires or mails described above was committed by the

Defendants with the specific intent to defraud the Plaintiffs or for obtaining the money or

property of the Plaintiffs by means of false or fraudulent pretenses, representations or promises.

**92.**   Defendants' acts of mail and wire fraud are violations of 18 U.S.C. §§1341 & 1343 and

constitute racketeering activity as defined by 18 U.S.C. §1961 (1)(B).

**COUNT SIX**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**
**18 U.S.C. §§ 1962(c)**
**(Feinberg and Fischer)**

Plaintiffs re-allege paragraphs 1-93 as if restated herein

**93.**   At all relevant times, Little Pearls constituted an "enterprise" within the meaning of 18

U.S.C. §§ 1961(4) and 1962 (c), in that it was a corporation.

      a.   Feinberg and Fischer are individual "persons" within the meaning

         of 18 U.S.C. §§ 1961 (3) and 1962 (c), who associated with and/or

         participated in the conduct of said enterprise's affairs.

      b.   For an unknown and indefinite period of time, Feinberg and/or Fischer conducted

         or participated in, engaged in, or conspired to engage in, or aided and abetted, the

         conduct of the affairs of the enterprise through a pattern of racketeering activity

         within the meaning of 18 U.S.C. §§1961 (1), 1961(5) and 1962 (c). Feinberg's

         pattern of racketeering activity consisted of:

13

i.  a scheme to defraud (*see supra* ¶¶16-54) that was knowingly and intentionally devised by Feinberg and/or Fischer to obtain the Plaintiffs money or property by means of false or fraudulent pretenses, representations or promises; and, for the purpose of executing such scheme, Feinberg and/or Fischer placed or caused to be placed in a post office or authorized depository for mail, matter that furthered the scheme to defraud; (including but not limited to communications described in ¶¶16-54); Feinberg and/or Fischer committed mail fraud, in violation of 18 U.S.C. 1341 each time they used or caused the mails to be used to distribute the materials described in paragraphs 16-54 and elsewhere;

ii.  a scheme to defraud (*see supra* ¶¶16-54) that was knowingly and intentionally devised by Feinberg and/or Fischer to obtain Plaintiff's money or property by means of false or fraudulent pretenses, representations or promises; and, for the purpose of executing such scheme, Feinberg and/or Fischer transmitted or caused to be transmitted by means of wire, radio or television communication in interstate or foreign commerce matter that furthered the scheme to defraud; (including but not limited to communications described in ¶¶16-54); Feinberg and/or Fischer committed wire fraud, in violation of 18 U.S.C. 1343 each time they used or caused the interstate wires to be used to distribute the materials described in paragraphs 16-54 and elsewhere;

iii.  transmitting, transporting and transferring in interstate any goods, wares, merchandise over the value of $5,000 or more, knowing the same to have been stolen, taken or converted by fraud, each and every time Feinberg and/or Fischer caused the Plaintiffs to transmit across state or international boundaries and each time that Feinberg and/or Fischer transmitted Plaintiff's property to third-parties across state or international boundaries; (including but not limited to communications described in ¶¶16-54); in violation of 18 U.S.C. §2314;

These acts all occurred after the effective date of RICO and more than two such acts occurred within ten years of one another.

94.   All of the predicate acts described above were continuous so as to form patterns of racketeering activity, in that Feinberg and/or Fischer engaged in the predicate acts described over a substantial period of time.

95.   As a direct result of, and by reason of, the activities of Feinberg and/or Fischer, and their

conduct in violation of 18 U.S.C. 1962 (c), Plaintiffs have been injured and damaged in their

personal property within the meaning of 18 U.S.C. 1964 (c). Among other things, Plaintiffs

have suffered damages to the extent they invested time and resources in pursuing what they

thought and were led to believe was a legitimate adoption opportunity with Little Pearls Adoption

Agency, to the extent its ability to complete adoptions and or facilitate Vietnamese adoptions was

delayed by Feinberg and/or wrongful actions, and to the extent its property has been

misappropriated.

Plaintiffs are, therefore, entitled to recover threefold the damages they sustained together

with the cost of the suit, including reasonable attorneys' and experts' fees.

**COUNT SEVEN**

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**
**18 U.S.C. § 1962(d)**

**(Feinberg, Fischer and Little Pearls)**

Plaintiffs re-allege and restate paragraphs 1 through 95.

**96.** Feinberg conspired with Fischer to conduct or participate, directly or indirectly, in the conduct

of the affairs of the enterprise through a pattern of racketeering activity (as described in paragraphs

16-54) in violation of 18 U.S.C. § 1962(d).  In particular, Feinberg intended to further an endeavor

of Fischer which, if completed, would satisfy all of the elements of a substantive RICO criminal

offense and adopted the goal of furthering or facilitating the criminal endeavor.

**97.**    Fischer conspired with Feinberg to conduct or participate, directly or indirectly, in the conduct

of the affairs of the enterprise through a pattern of racketeering activity (as described in paragraphs

16-54) in violation of 18 U.S.C. § 1962(d). In particular, Fischer intended to further an endeavor of

Feinberg which, if completed, would satisfy all of the elements of a substantive RICO criminal

offense and adopted the goal of furthering or facilitating the criminal endeavor.

**98.**   As a direct and proximate result of, and by reason of, the activities of Feinberg, and/or Fischer and their conduct in violation of 18 U.S.C. §§ 1962(d), Plaintiffs have been injured in their business or property, within the meaning of 18 U.S.C. § 1964(c).  Among other things, Plaintiffs have suffered damages to the extent they invested time and resources in pursing what they thought and were led to believe was a legitimate adoption opportunity with Little Pearls Adoption Agency, to the extent the ability to complete adoptions and or facilitate Vietnamese adoptions was delayed by Feinberg or Fischer's wrongful actions, and to the extent their property or money has been misappropriated.

Plaintiffs are, therefore, entitled to recover threefold the damages that they have sustained together with the cost of the suit, including reasonable attorneys' and experts' fees.

## COUNT EIGHT – NEGLIGENCE
## ALL DEFENDANTS

Plaintiffs re-allege and restate paragraphs 1 through 98.

**99.**   Defendants had a duty to perform the adoptions appropriately, correctly and in accordance with state and federal laws for their clients.

100. Defendants breached that duty when they offered adoptions in a province in Vietnam where they were never licensed to perform adoptions.

101. Such negligence as hereinabove stated has caused the Plaintiffs to have to undergo a series of extensive procedures trying to complete adoptions that were never to be completed.

102. Defendants have damaged the Plaintiffs by their negligence in the operation of LP and through allowing Directors, Officers or employees to allow acts that prevented the Plaintiffs ability to adopt the children that they had loved.

**WHEREFORE,** the Plaintiffs demand judgment against the Defendants in an amount in excess of $140,000.00 and further demands an award of punitive damages together with attorney's fees and costs of this action against Defendants.

## COUNT NINE – NEGLIGENT MISREPRESENTATION - ALL DEFENDANTS

Plaintiffs re-allege and restate paragraphs 1 through 102.

103. Plaintiffs and Defendants entered into a contract for Adoptions to be performed in a professional method that is required to allow a parent to adopt internationally.

104. Plaintiffs were induced into using the services of Defendant LP and its employees by the advertisements purporting Defendant LP as being specialists in this area of adoptions.

105. Plaintiffs were induced into using the Defendants' services through these advertisements.

106. Defendants knew or should have known that the adoptions would not be able to be completed without licensing in the Nam Dinh province. Defendants' advertising of the adoption services was incorrect, false and was negligently offered to the public.

107. Defendants have damaged the Plaintiffs by inducing them into using their services and by negligently allowing Directors, Officers or employees to allow the advertising of false information that harmed the Plaintiffs ability to adopt.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants from the Court as follows:

1.    To award damages against the Defendants Feinberg, Fischer and Little Pearls, jointly and severally, for a sum of money equal to the amount of damages and/or losses the Plaintiffs have sustained or will sustain;

2.    To treble the amount of said damages pursuant to 18 U.S.C. §1964(c);

3.    To award prejudgment interest on the amount of damages and/or losses that

17

Plaintiffs have sustained;

4.    To award all costs of litigation incurred by Plaintiffs, including their reasonable attorney's fees, pursuant to 18 U.S.C. §1964(c);

5.    To award punitive damages in an amount in excess of $75,000 resulting from the Defendant's intentional and malicious actions;

6.    To award the such other and further relief as the Court deems just and equitable.

Dated: March 19, 2010            s/Sean C. Boynton

Sean C. Boynton
Bar No. 0728918
Plaintiff
Bush Ross, P.A.
1801 North Highland Avenue
Tampa, Florida 33602
Telephone: (813) 204-6494
Fax: (813) 223-9620
E-mail: sboynton@bushross.com