# EXHIBIT TWO

# LITTLE PEARLS ADOPTION AGENCY, Inc.
### 1135 Pasadena Avenue S., Suite #327F
### South Pasadena Florida 33707
### 866-396-6861 / 727-388-3311
### Fax: 727-388-9673
### www.aangelicchoice.org

## ADOPTION AGREEMENT

This Adoption Agreement ("Agreement") dated for reference the ___10___ day of __October__, 20_07_,

BETWEEN:

Little Pearls Adoption Agency, Inc. ("**Agency**"), having its principal place of business and records office at 1135 Pasadena Avenue S., Suite #327F, South Pasadena, Florida 33707;

AND

__Summer Elitando__,
individuals, residing at
__12335 Odell Rd, Linden MI 48451__
_____ (hereinafter referred to as "Applicant").

**WHEREAS**

The Agency provides adoption services to persons who wish to adopt in various international locations.

Applicant wishes to adopt a child internationally and bring the adopted child back to the United States as a permanent resident, and seeks the aid of the Agency in completing the adoption and post-adoption services. The Agency has agreed to provide the information and assistance necessary to aid Applicant in adopting a child internationally, and immigrating the child to the United States for permanent residence.

**NOW WITNESSETH** that in consideration of the mutual covenants the parties hereto agree as follows:

**A. NATURE OF SERVICES**

In consideration of the payments described in the adoption fee Schedule attached hereto as Addendum 1, and incorporated herein, the Agency agrees to:

- 1 -                                                Initial: _____

1. provide informational packets about the adoption program;
2. provide assistance in gathering information and preparing documents for Applicant's dossier;
3. review and check the documents submitted by Applicant, and advise of changes, if needed;
4. assemble documents into a dossier for presentation to adoption officials in the designated country;
5. transfer the dossier to the designated country;
6. translate the dossier and add the translation to the dossier, if needed;
7. present the completed dossier to the adoption officials;
8. receive and send referral from adoption officials to Applicant;
9. act as liaison between adoption officials and Applicant;
10. consult by telephone throughout the process;
11. help coordinate travel and accommodations from United States by our travel agent;
12. help arrange travel to the designated country and help provide a coordinator/escort throughout the trip within the country, and/or arrange for child to be escorted to the United States as more specifically set forth in the Fee Schedule attached hereto; and,
13. such other services as the Agency determines are appropriate and necessary.

## B. ASSUMPTION OF RISK

Applicant understands and agrees that:

14. the amount of time before a child is placed in Applicant's home is dependent on many circumstances beyond the control of the Agency;
15. in many instances the identity and location of the biological parents will be unknown and true information on the medical, genetic and health history of the child and his/her parents will not be available or may be inaccurate;
16. the information received by the Agency has been primarily provided by the orphanage in the designated country, who are often not experts in the fields of psychiatry, health or genetics. Even when medical records can be accessed, there may be differences in translations and terminology, or other reasons that may render a diagnosis inaccurate;
17. no person, agency or doctor can predict with total accuracy whether a child will develop a disability or medical condition as the child grows and matures. Applicant understands that the child may not show evidence of a condition even though the condition may exist. Applicant releases the Agency from all liability, so long as the Agency did not knowingly withhold relevant material information relating to the child's condition from Applicant;
18. because of the incubation period for AIDS and Hepatitis B, children can test false-negative for these diseases, but actually develop the disease later on. Applicant understands the risk exists, is willing to assume the risk, and releases the Agency from all liability should the child develop these diseases, so long as the Agency does not knowingly withhold such relevant material information from Applicant;
19. the adoption of an older child holds the risk of an attachment or bonding disorder, and that, while in most cases the children are able to bond, the Agency cannot guarantee a given child's ability to attach to a new parent; and,
20. in the event hospitalization and/or treatments above and beyond general medical checkups are required for the child during the

course of the adoption process, Applicant will cover these medical expenses and will receive a thorough explanation of and receipts for treatments provided.

## C. NO WARRANTIES OR GUARANTEES

The Agency works in full faith that every adoption will be completed, but does not and cannot guarantee that Applicant will be successful adopting a child or that Applicant will be successful in returning to the United States with that child.

The Agency does not warrant or guarantee, and shall not be responsible, for any of the following:

21. the health and safety or well being of the child before or after the adoption;
22. the information about the health and safety or well being of the child provided by adoption officials or orphanage staff;
23. changes or amendments to the regulations, statutes and policies of the country of adoption and/or the United States prior to the completion of the adoption;

- 3 -                                                    Initial: _____

24. that the fees, expenses and disbursements charged by the United States and country of adoption government will not be changed prior to the completion of adoption; or,
25. any medical, disability and travel insurance for Applicant or the adopted child.

### D. APPLICANT'S RISKS, RESPONSIBILITIES, AND INFORMED CONSENT

Applicant covenants and agrees to comply with all statutes, regulations and policies of the United States and the country of adoption and applicable states in the United States and regions and providences in the country of adoption and any other jurisdiction which Applicant and child may pass from the time of their departure from the United States to the return of Applicant and child to the United States.

Applicant agrees NOT to act in a manner that could be construed as discourteous, immoral or insulting towards the United States or adoption country authorities or the Agency staff or which may injure the interests or subsequent facilities of the Agency or any of its employees or consultants. Any such action will be cause for termination of Agreement pursuant to the terms of Section E.

Applicant is aware of the risk in international adoption and agrees to be honest, patient and flexible throughout the adoption process with the Agency and other authorities. Applicant further agrees to make a full and complete disclosure to the Agency of all matters relating to the adoption (marital relationship, health status, etc.) and inform the Agency immediately of any changes during the process.

Applicant is aware of the risk of delays that may occur through international adoption and is aware of the fact that extra costs may be involved if delays occur. Applicant is aware that the Agency is not responsible for extra costs incurred by the families if delays occur and that the Agency does not reimburse families for extra costs incurred, nor does it pay for any travel costs of the families.

Applicant agrees not to pursue another adoption or plan a pregnancy after applying to the Agency for adoption and before the adoption is completed. If an unplanned pregnancy should occur, Applicant will inform the Agency and the Agency will determine whether or not to continue the adoption process.

Applicant further understands that after a child is placed with Applicant, the Agency is not obligated for any replacement if the adoption disrupts at any time, but is willing to make suggestions for a prospective new adoptive family and assist in

- 4 -                                    Initial: _____

reporting all changes to the proper officials in the country of origin.

The Agency maintains a policy of non-discrimination. Applicant understands that final approval is made by adoption officials in the designated country and the Agency is not responsible if adoption officials ultimately reject Applicant. Applicant further understands the Agency will not refund fees for the services already provided if Applicant is rejected by officials in the adopting country.

Applicant understands and agrees all contacts with adoption officials and the orphanage will be made by/or through the Agency. This may be excepted if the Agency gives permission to Applicant in writing.

Applicant shall abide by the advice and process described in the Agency's Adoption Guide and other written materials, as well as the possible changes made by the adoptive country officials or the United States government.

The Agency and Applicant agree that all information provided with respect to the adoption process shall be held in the strictest confidence by both parties, and no information or document shall be released to a third party without the consent of the other. Third parties shall include newspapers, internet and other public media, as well as any other person or organization not authorized to have access to Applicant's information. Applicant understands that the staff of the Agency is mandated by state child abuse laws to report indicated cases of child abuse or neglect to state child welfare authorities.

Applicant agrees to meet all post placement requirements, including a legal re-adoption if necessary, and to fulfill all requirements of the Agency and the country of adoption. All costs relating to the post placement reports are the responsibility of Applicant.

### E. TERMINATION

Applicant may terminate this Agreement at any time, but shall compensate the Agency for all services provided to Applicant to that date. Applicant further understands that the Agency may not be able to recover the adoption dossier after it has been presented to the officials in the designated country of adoption.

- 5 -                              Initial: _____

The Agency may terminate this Agreement if Applicant's social worker/home study agency cannot recommend the family for a favorable home study. The Agency may also terminate this Agreement at any time if Applicant is found to be: (a) acting in bad faith and/or being non-compliant with the direction and instruction of personnel of the Agency; () presenting him/herself over a period time in an inappropriate manner that indicates placement of a child with Applicant would not be in the best interest of the child. In the unlikely event of termination, Applicant is responsible for payment to the Agency for all services provided to Applicant to that date.

**F. FEES**

The Agency's fees relative to each program are set forth in the Fee Schedule attached hereto and incorporated herein. The Agency charges only for services rendered. All fees are non-refundable, **all fees are transferable**.

**G. GENERAL COVENANTS**

This Agreement including these terms and conditions and the Addendums hereto contains the entire agreement of the parties hereto with respect to the subject matter hereof. This Agreement may not be changed except in a written document signed by the parties hereto.

All notices permitted or required to be made under this Agreement (with the exception of those notices specifically mentioned heretofore) shall be in writing, signed by the party giving the notice and shall be delivered personally or sent by registered or certified mail to the other party. The date of delivery (or in the event a party refuses acceptance, the date of such refusal) shall be the effective date of such notice. Unless a different address is provided by a party to the other in writing, all notices shall be addressed to the parties at the addresses on the front of this Agreement.

The failure of any party to insist upon strict performance of a covenant hereunder shall not be a waiver of such party's right to demand strict compliance therewith in the future.

This Agreement may be executed in counterparts, each of which for all purposes constitutes one agreement, binding by the parties.

Any dispute, controversy or claim between the parties hereto arising out of or relating to this Agreement, or the violation

of any term or condition herein, which cannot be settled through negotiation, shall be subject to arbitration to be administered by a single arbitrator chosen at the sole agreement of the parties and following the Commercial Arbitration Rules of the American Arbitration Association. The judgment of the arbitrator may be entered in any court having jurisdiction thereof. The place of such arbitration shall be in such place as may be determined by the Agency.

This Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

## H. RIGHT TO ACCESS PERSONAL INFORMATION

Information contained within Applicant's file may be requested by Applicant in writing to the Agency on its own behalf.

*LITTLE PEARLS ADOPTION AGENCY, INC.:*

_____     Date:

Little Pearls Adoption Agency, Inc. Authorized Signature

**APPLICANT:**

_____     Date: 10/10/07

Applicant Authorized Signature

_____     Date:

Applicant Authorized Signature

- 7 -                                             Initial:

**Summer Elizando**
12335 O'Dell Road
Linden, MI 48451
313.549.8969


February 29, 2008


**Lynne L England Pa**                                    Fax 813.661.7754
1463 Oakfield Drive
Suite 125
Brandon, FL 33511-0802

Re:   **Little Pearls Adoption Agency**

Dear Mrs. England,

I would like to forward a cost breakdown of my adoption expenses.

All expenses are lost due to the fact the agency was not licensed in Vietnam or the province I accepted my referral in. I can not use any of the documents and will have to start back from the beginning. I would like Little Pearls Adoption Agency to refund all expenses paid to date.

It is my understanding that Little Pearls deadline to Mr. Thoa is February 29, 2007 for the license. If the license is not available on this date I would like a plan for repayment by Monday, March 3, 2007.

| | |
|---|---|
| Home-study | $    948.00 |
| INS Clearance | $    750.00 |
| Vietnam Consulate Authentication | $    600.00 |
| Shipping (care package / Dossier) | $    246.99 |
| Adoption deposit | $13,500.00 |
| **Total** | **$16,044.99** |

Should you have any questions or require additional information, please do not hesitate to contact me at 313.549.8969.

Sincerely,
Summer Elizando

```
* * *  Communication Result Report ( Feb. 29. 2008 10:50AM ) * * *
                                                              Fax Header)

Date/Time: Feb. 29. 2008 10:49AM

File                                                                    Page
No. Mode           Destination                Pg(s)      Result         Not Sent
----------------------------------------------------------------------------
3358 Memory TX     18136617754                P.  1     OK


         Reason for error
            E. 1) Hang up or line fail           E. 2) Busy
            E. 3) No answer                      E. 4) No facsimile connection
            E. 5) Exceeded max. E-mail size
```

Summer Elizando
12335 O'Dell Road
Linden, MI 48451
313.549.8969

February 29, 2008

Lynne L England Pa                              Fax 813.661.7754
1463 Oakfield Drive
Suite 125
Brandon, FL 33511-0802

Re:   Little Pearls Adoption Agency

Dear Mrs. England,

I would like to forward a cost breakdown of my adoption expenses.

All expenses are lost due to the fact the agency was not licensed in Vietnam or the province I accepted my referral in. I can not use any of the documents and will have to start back from the beginning. I would like Little Pearls Adoption Agency to refund all expenses paid to date.

It is my understanding that Little Pearls deadline to Mr. Thoa is February 29, 2007 for the license. If the license is not available on this date I would like a plan for repayment by Monday, March 3, 2007.

| | |
|---|---|
| Home-study | $ 948.00 |
| INS Clearance | $ 750.00 |
| Vietnam Consulate Authentication | $ 600.00 |
| Shipping (care package / Dossier) | $ 246.99 |
| Adoption deposit | $13,500.00 |
| **Total** | **$16,044.99** |

Should you have any questions or require additional information, please do not hesitate to contact me at 313.549.8969.

Sincerely,
Summer Elizando