UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SUZANNE & ROBERT CRAIG, SEAN & LORI BOYNTON, SUMMER ELIZANDO, KEVIN & NICHOLE LUCAS, | ) ) ) ) |
| Plaintiffs, | ) ) Case No.: 8:10-cv-671-T30 TGW |
| vs. | ) ) ) |
| LITTLE PEARLS ADOPTION AGENCY, INC., a Florida for Profit Corporation, DEBBIE FISCHER and RICHARD FEINBERG, individuals, jointly and severally, | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT RICHARD FEINBERG'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

In accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Richard Feinberg ("Feinberg") moves to dismiss the Complaint as follows:

1. Plaintiffs assert claims against Feinberg and codefendants, Little Pearls Adoption Agency, Inc. ("Little Pearls") and Debbie Fischer ("Fisher"), arising out of the unsuccessful adoption of children from Vietnam. Plaintiffs and Little Pearls entered into four separate adoption contracts (the "Contracts"). Feinberg is not a party to the Contracts and is sued solely in his capacity as a former director of Little Pearls. The Defendants do not allege that they had any personal dealings with Feinberg.

2. The Plaintiffs assert nine claims for: (a) Count 1 for Breach of Contract Fraud in the Inducement, (b) Count 2 for Breach of Contract, (c) Count 3 for Innocent Misrepresentation,

(d) Count 4 for Intentional Infliction of Emotional Distress, (e) Count 5 for Acts Violating the Mail and Wire Statutes, (f) Counts 6 and 7 for Racketeer Influenced and Corrupt Organizations Act under both 18 U.S.C. §§ 1962(c) and 1962(d), (g) Count 8 for negligence, and (h) Count 9 for negligent misrepresentation.  Counts 1-5 and 7-9 are asserted against all three Defendants. Count 6 is asserted against Feinberg and Fischer.

3. As detailed in the supporting memorandum, the claims are substantively and procedurally deficient, deprive the Court of subject matter jurisdiction and should be dismissed. The claims for fraud in the inducement, mail fraud, RICO violations and negligent misrepresentation fail to satisfy the heightened pleading standard for fraud set forth in Rule 9(b) of the Federal Rules of Civil Procedure.  Because the Plaintiffs are unable to assert viable RICO claims, the Court lacks subject matter jurisdiction.

4. The Complaint is deficient in its entirety because each claim incorporates all of the allegations of subsequent claims.  Count 3 for innocent misrepresentation is not a viable cause of action under Florida law.  Finally, Count 4 for intentional infliction of emotional distress fails to make sufficient allegations to establish a sufficient level of outrageous conduct to state a cause of action.

## MEMORANDUM OF LAW

### A. Plaintiffs' Claims Should Be Dismissed Because They Fail to Satisfy Rule 9(b)'s Heightened Pleading Requirements.

Plaintiffs' claims for fraud in the inducement, mail fraud, RICO violations and negligent misrepresentation are subject to the heightened pleading standard for fraud set forth in Rule 9(b) of the Federal Rules of Civil Procedure.  *See Durden v. Citicorp Trust Bank, FSB,* No. 3:07-cv-974, 2008 WL 2098040, at *5 (M.D. Fla. May 16, 2008) (applying Rule 9(b) to claims for fraudulent and negligent misrepresentation) (unreported); *Ageloff v. Kiley*, 318 F. Supp. 2d 1157

(S.D. Fla. 2004) (applying rule 9(b) to civil RICO claims); *Plunkett v. Poyner*, No. 08-60953-CIV, 2009 WL 5176542 at *4 (S.D. Fla. Dec. 22, 2009) (holding that a RICO plaintiff must plead mail fraud and wire fraud with particularity under Rule 9(b)).  Because Plaintiffs' claims do not assert specific conduct by Feinberg, let alone with the particularity required by Rule 9(b), their claims against Feinberg should be dismissed.

To satisfy Rule 9(b), a plaintiff must set forth:  (1) precisely what written statements or oral representations were made; (2) the time and place of each such statement and the person responsible for making the statements; (3) the content of such statements and the manner in which the statements misled the plaintiff; and (7) what the defendants obtained as a consequence of the fraud.  *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1266 (M.D. Fla. 2008) *citing Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).  Moreover, in a case involving multiple defendants, like this case, "the complaint should inform *each defendant* of the nature of his alleged participation in the fraud."  *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) (emphasis added).

Here, Plaintiffs fall woefully short of satisfying this heightened pleading standard.  The Plaintiffs do not identify a single specific act taken by Feinberg individually or any dealings between the Plaintiffs and Feinberg giving rise to their alleged claims.  Instead, the Complaint declares that a reference to any act of a Defendant "shall be deemed to mean the acts of each Defendant."  (Compl. ¶ 15).  The Complaint repeatedly refers to the Defendants collectively without any differentiation.  For example, the Complaint states:

> "Defendants deceptively induced the Plaintiffs.." (Compl. ¶ 19);
>
> "At the time, Defendants were aware…" (Compl. ¶ 26);
>
> "Defendants knew or should have known…" (Compl. ¶ 27);

> "Defendants intended for the Plaintiff to rely…" (Compl. ¶¶ 33, 39, 45, 53);
>
> "Defendants have engaged in a scheme to induce… (Compl. ¶ 57);
>
> "Defendants represented to the Plaintiffs…" (Compl. ¶ 77);

Courts have uniformly rejected this practice. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1381 (11th Cir. 1997) (affirming dismissal "for failure to plead fraud with the requisite specificity *as to each of the Defendants*") (emphasis added); *Cordova v. Lehman Bros., Inc.*, 526 F. Supp. 2d 1305, 1313 (S.D. Fla. 2007) (dismissing statutory fraud claims where "Plaintiffs refer to Defendants collectively" rather than "stating clearly how they are attributable"), *vacated in part*, *on other grounds*, Puterman v. Lehman Bros., Inc., No. 08-10189, 2009 WL 1492256 (11th Cir. May 29, 2009); *McAdams v. Greenberg Traurig, LLP,* No. 1:06-CV-1778, 2007 WL 2310112, at *6 (N.D. Ga. Aug. 9, 2007) (dismissing fraud claims because "Rule 9(b) does not allow a complaint to merely 'lump' multiple defendants together") (unreported). The Complaint fails to identify specific actions taken by Feinberg much less the time, place and content of such actions as required by Rule 9(b). Accordingly, the Plaintiffs' claims for fraud in the inducement, mail and wire fraud, RICO violations and negligent misrepresentation should be dismissed.

In addition, the RICO claims are deficient because they fail to allege "an enterprise that had a structure and goals separate from the predicate acts alleged." *Ageloff v. Kiley*, 318 F. Supp. 2d 1157, 1159 (S.D. Fla. 2004)  The Complaint does not allege an enterprise with goals or a structure separate from the alleged fraud constituting predicate acts; instead, it claims that defrauding the Plaintiffs was the purpose of the alleged enterprise. (Compl. ¶ 93).

B.      **The Court Lacks Subject Matter Jurisdiction.**

Because federal courts have limited jurisdiction, the presumption is that the court lacks jurisdiction until it is demonstrated otherwise. *Plunkett*, 2009 WL 5176542 at *4. The Plaintiffs claim jurisdiction based on diversity grounds and under 28 U.S.C. Sec. 1331 based on its RICO claims. (Compl. ¶ 1). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Durso*, 641 F. Supp. 2d at 1262. When a federal court's jurisdiction is based on diversity of citizenship, the plaintiff bears the burden of demonstrating complete diversity. *Plunkett v. Poyner* at *3. Contrary to Plaintiffs' position, there is no diversity between the parties as the Complaint alleges that (1) Feinberg and Fischer reside in Florida, (2) Little Pearls was a Florida entity with its principal place of business in Florida, and (3) Plaintiffs Sean and Lori Boynton reside in Florida. (Compl. ¶¶ 6, 9, 11 and 13).

Similarly, because the RICO claims are deficient as indicated above, the Plaintiffs cannot establish federal question jurisdiction. *See Plunkett* at *5 (holding that the RICO claims cannot support federal question jurisdiction if they fail to state a claim). The Court should decline to exercise supplemental jurisdiction over state law claims unless and until the Plaintiffs are able to assert "a substantial and non-frivolous federal claim." *Durso*, 641 F. Supp. 2d at 1268.

C.      **The Complaint Improperly Incorporates the Allegations of Each Prior Count.**

The Complaint is deficient to the extent that each count improperly incorporates the allegations of each prior count. For example, Count 9 for negligent misrepresentation incorporates the 102 prior allegations of the preceding eight counts. The Complaint is "framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts." *Cesnik v. Edgewood Baptist Church*, 88 F. 3d 902, 905 (11th Cir. 1996). The

Plaintiffs "improperly incorporate allegations into counts that have no relevance to the claims raised in those counts." *Benoit v. Ocwen Fin. Corp.*, 960 F. Supp. 287, 290 (S.D. Fla. 1997).

### D. Count II for Breach of Contract is Contradicted by the Contracts Attached and Incorporated Into the Complaint.

Count II for breach of contract is contradicted and rendered a nullity by the Contracts attached and incorporated by reference into the Complaint. The exhibits to a complaint are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion, and "when the exhibits contradict the general and conclusory allegations of the pleadings, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). If "allegations of a complaint are contradicted by specific facts revealed by an attached exhibit, the plain language of the exhibit will control and the conclusory allegations of complaint are not admitted as true." *Chastain v. N.S.S. Acquisition Corp.*, No. 08-81260-CIV, 2009 WL 1971621, *5 (S.D. Fla. July 8, 2009). *See Flint v. ABB, Inc.*, 229 F. Supp. 2d 1338, 1343 (S.D. Fla. 2002) (upholding dismissal of claim because the terms of a document attached to the complaint contradict the plaintiff's conclusory allegations).

In Count II for breach of contract, the Plaintiffs claim that Feinberg and the other Defendants entered into contracts with the Defendants to facilitate adoptions. (Compl. ¶ 65). The alleged Contracts are attached to the Complaint as exhibits 1-4. However, the Contracts are between one or more Plaintiffs and Little Pearls or a predecessor entity. Feinberg is not a signatory to the Contracts and is not referenced in the Contracts. Accordingly, Count II is subject to dismissal.

### E. Count III for Innocent Misrepresentation is Not Recognized Under Florida Law.

Plaintiffs assert that with the exception of the RICO claims, the action is brought under "Florida statutes and common law doctrines." (Compl. ¶ 1). However, Count III for "Innocent Misrepresentation" is not a viable cause of action under Florida law.

### F. Count IV for Intentional Infliction of Emotional Distress is Insufficient as a Matter of Law.

Plaintiffs' claim intentional infliction of emotional distress on the grounds that the Defendants allegedly induced them to use their adoption services even though the Defendants allegedly should have known that false statements and failure to be licensed in the Nam Dinh province of Viet Nam would prevent the adoptions. (Compl. ¶¶ 82, 83). Such allegations are insufficient as a matter of law.

To establish intentional infliction of emotional distress, the Plaintiff must establish (1) deliberate or reckless infliction of mental suffering, (2) outrageous conduct, (3) the complained of conduct caused the suffering, and (4) the suffering was severe. *Perez v. Pavex Corp.*, No. 08:01-CV-69-T-27MSS, 2007 WL 4105833, *8 (M.D. Fla. Nov. 15, 2007) (unreported). Conduct is considered "outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id., quoting, Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985).

The question is whether a description of the conduct in question to an average member of the community would arouse resentment and cause him to exclaim, "outrageous!" *Id.* at *8. (citations omitted). Liability is not created for "mere insults, indignities, threats or false accusations." *Williams v. Worldwide Flight Serv., Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004). Whether the conduct in question is sufficiently extreme and outrageous to permit a claim

is a legal question for the court to decide as a matter of law. *Perez*, 2007 WL 4105833 at *8 (citations omitted). The Florida standard for determining what constitutes outrageous behavior sufficient to sustain a claim for intentional infliction of emotional distress "is a high standard" and requires that the plaintiff allege "both relentless physical abuse *and* verbal abuse." *DeShiro v. Branch*, No. 96-800-CIV-T-17E, 1996 WL 663974 *4 (M.D. Fla. Nov. 4, 1996).

In *Deshiro*, the court dismissed former employees' claims of intentional infliction of emotional distress based on inappropriate touching and requests for sex by their supervisors. *Id.* The court held that the described conduct because the plaintiffs failed to allege a "pervasive pattern of relentless physical and verbal abuse." *Id.*

Similarly, in *Williams*, a plaintiff asserted a claim for intentional infliction of emotional distress based on the repeated use of racial slurs and racially motivated conduct. For example, the plaintiff's supervisor told the plaintiff that he did not want the plaintiff's "black ass" there and instructed another supervisor to create a false record of disciplinary incidents involving the plaintiff in order to justify his subsequent termination. *Williams*, 877 So. 2d at 870. The plaintiff was falsely accused of stealing, repeatedly threatened with job termination without justification, directed to load an unload aircraft in inclement weather, and ordered to work extra flights. *Id.* Although it noted that the identified conduct was reprehensible and offensive, the court dismissed the claim on the grounds it was insufficient to establish a claim for intentional infliction of emotional distress. *Id. See Shedeke v. Gomez*, 837 So. 2d 1122 (Fla. 4th DCA 2003) (dismissing a claim for intentional infliction of emotional distress arising out of a will dispute that included allegations of forgery).

In the present case, the Plaintiffs do not allege physical or verbal abuse or any other conduct arising that would cause sufficient outrage to sustain a claim for intentional infliction of

emotional distress.  To the contrary, the Plaintiffs are simply attempting to cast a deficient negligent misrepresentation claim as one for intentional infliction of emotional distress.

For the foregoing reasons, Feinberg respectfully requests that the Court enter an Order granting its motion and dismissing Plaintiffs' Complaint.

                                                         Respectfully submitted,

                                                         /s/ Jonathan B. Sbar
                                                         Jonathan B. Sbar, FBN 131016
                                                         Robert L. Rocke, FBN 710342
                                                         ROCKE, MCLEAN & SBAR, PA
                                                         2309 S. MacDill Avenue
                                                         Tampa, FL 33602
                                                         Email:  jsbar@rmslegal.com
                                                         Tel:  (813) 769-5600
                                                         Fax:  (813) 769-5601

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by the **CM/ECF filing system,** on the 13th day of April, 2010, to the following:

Sean C. Boynton, Esquire
Bush Ross, P.A.
1801 North Highland Avenue
Tampa, FL  33602
(813) 204-6494
(813) 223-9620 – FAX
Attorneys for Plaintiff


                                                         /s/ Jonathan B. Sbar
                                                          Attorney