## UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | | |
|---|---|---|
| **SUZANNE & ROBERT CRAIG,** | ) | Hon.: JAMES S. MOODY, JR. |
| **SEAN & LORI BOYNTON,** | ) | |
| **SUMMER ELIZANDO,** | ) | Case No.: 10-cv-671-T30 TGW |
| **KEVIN & NICHOLE LUCAS,** | ) | |
| Individuals, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LITTLE PEARLS ADOPTION** | ) | |
| **AGENCY, INC.** | ) | |
| a Florida For-Profit Corporation | ) | |
| **DEBBIE FISCHER,** | ) | |
| **and RICHARD FEINBERG,** | ) | |
| Individuals, | ) | |
| **Jointly and Severally** | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |

| | |
|---|---|
| Joni M. Fixel (P56712) | Jonathan B. Sbar (131016) |
| Fixel Law Offices, PLLC | Robert L. Rocke  (710342) |
| Admitted Pro Hac Vice | Rocke, Mclean & Sbar, PA |
| Attorney for Plaintiffs | Attorneys for Defendant Feinberg |
| 4084 Okemos Rd., Ste B | 2309 S. MacDille Avenue |
| Okemos, MI  48864 | Tampa, FL 33602 |
| (517) 332-3390 [Phone] | (813) 769-5600 (Phone) |
| (517) 853-0434 [Fax] | (813) 769-5601 (Fax) |
| Jfixel@fixellawoffices.com | jsbar@rmslegal.com |

## PLAINTIFFS' RESPONSE TO DEFENDANT FEINBERG'S MOTION TO DISMISS

The Plaintiffs, Suzanne and Robert Craig, Summer Elizando, Sean and Lori Boynton, and Kevin and Nichole Lucas collectively "Plaintiffs", by and through their attorneys, Fixel Law Offices, PLLC, state as follows:

1. Defendants are not entitled to dismissal of Plaintiff's RICO at this early stage in the litigation.  The proper remedy for a Fed.R.Civ.Pr. 9(b) challenge to an initial complaint is a Motion for More Definite Statement.  Further, Plaintiff is entitled to discovery prior to dismissal of their complaint due to the well known exception to Rule 9(b) for information necessary to state particularity which is within the exclusive control of the Defendant.

2. Contrary to Defendant's assertion, Plaintiff has stated claims sufficient to satisfy the RICO enterprise requirement.  Defendant's analysis of this count is, to say the least, markedly superficial.  As the RICO claim a key element of Plaintiffs' suit they will engage in a more thorough analysis of the requirements and explain why this claim is good, despite Defendant's failure to discuss this in any meaningful way.

3. Because dismissal of Plaintiffs' RICO claim is not proper at this time, the court may exercise jurisdiction over the federal RICO claim.  The court should exercise jurisdiction over the pendant state claims because they spring from the same nucleus of fact as the RICO claim.

4. Defendant's claim that Plaintiff's "Complaint Improperly Incorporates the Allegations of Each Prior Count" fails because (a) this is not a ground for dismissal (b) the argument improperly applies the precedent upon which it purports to rely.

5. Feinberg is not entitled to dismissal of Count II, pertaining to breach of contract. The contracts, and the Little Pearls Adoption Agency itself, were the instruments of a fraud which Feinberg himself designed and carried out against Plaintiffs for his own personal gain.  As such, Plaintiffs are entitled to pierce the corporate veil and recover their damages resulting from this fraudulent activity from him personally.

6. Defendant cites no authority stating that "Innocent Misrepresentation" is not recognized by Florida law.  It would seem that they intend to rely on their own ignorance of this charge as a defense.  Defendant will remember that "ignorance of the law does not excuse its breach" and, as such, this defense fails as well.

7. Plaintiffs are entitled to a jury determination of whether Defendant Feinberg's conduct was designed to, and in fact did, cause them severe mental suffering and hardship because this is a question of fact and not law.  As such, dismissal of this count is not warranted at this stage of the litigation.

THEREFORE, for the reasons above stated and more precisely described in the attached brief, Plaintiffs do hereby request that this Honorable Court DENY Defendant's Motion to Dismiss in its entirety and allow this matter to proceed to trial.

May 19, 2010                                      Respectfully submitted,

                                                 /s/ Joni M. Fixel_____

## UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | | |
|---|---|---|
| **SUZANNE & ROBERT CRAIG,** | ) | Hon.: JAMES S. MOODY, JR. |
| **SEAN & LORI BOYNTON,** | ) | |
| **SUMMER ELIZANDO,** | ) | Case No.: 10-cv-671-T30 TGW |
| **KEVIN & NICHOLE LUCAS,** | ) | |
| Individuals, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LITTLE PEARLS ADOPTION** | ) | |
| **AGENCY, INC.** | ) | |
| a Florida For-Profit Corporation | ) | |
| **DEBBIE FISCHER,** | ) | |
| **and RICHARD FEINBERG,** | ) | |
| Individuals, | ) | |
| **Jointly and Severally** | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |

Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Admitted Pro Hac Vice
Attorney for Plaintiffs
4084 Okemos Rd., Ste B
Okemos, MI  48864
(517) 332-3390 [Phone]
(517) 853-0434 [Fax]
Jfixel@fixellawoffices.com

Jonathan B. Sbar (131016)
Robert L. Rocke  (710342)
Rocke, Mclean & Sbar, PA
Attorneys for Defendant Feinberg
2309 S. MacDille Avenue
Tampa, FL 33602
(813) 769-5600 (Phone)
(813) 769-5601 (Fax)
jsbar@rmslegal.com

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESPONSE TO
## DEFENDANT FEINBERG'S MOTION TO DISMISS

i

# TABLE OF CONTENTS

Table of Contents……………………………………………………………………………ii

Table of Authorities………………………………………………………………………iii

Statement of the Case……………………………………………………………………...1

Argument……………………………………………………………………………………2

    I.       Standard of Review………………………………………………………2

    II.     A Note on this Brief's References to Defendant's Brief in the Absence of Page Numbering……………………………………………………………………….2

    III.   Plaintiffs Have Stated a Claim for Violation of the RICO Act………………………..3

    IV.   Defendants are NOT Entitled to Dismissal Pursuant to the Heightened Pleading Standard of Fed.R.Civ.Pr. 9(b)……………………………………………………..7

    V.    This Honorable Court has Subject Matter Jurisdiction………………………………..9

    VI.   Dismissal is NOT Warranted by any "Improper Incorporation" of Claims…………10

    VII.  Dismissal of the Breach of Contract Claim is Unwarranted at This Time…………..11

    VIII. Dismissal of the Innocent Misrepresentation Count is NOT Warranted……………14

    IX.   Dismissal of the Intentional Infliction of Emotional Distress Claim is NOT Warranted……………………………………………………………………….15

Conclusion………………………………………………………………………………..17

## TABLE OF AUTHORITIES

**Cases**

*Ageloff v. Kiley*, 318 F.Supp. 2d 1157 (S.D.Fla. 2004)................................................3

*AMC/Jeep of Vero Beach, Inc. v. Funston,* 403 So.2d 602 (Fla. 4th DCA, 1981).......................12

*Ames v. Kovacek*, 98 Fla. 161 (1929)....................................................................14

*Bridge v. Phoenix Bond & Indem. Co.*, 128 S.Ct. 2131 (2008)..................................................3,4

*Cesnik v. Edgewood Baptist Church,* 88 F.3d 902 (11th Cir. 1996)...................................6,7,10,11

*DeShiro v. Branch*, 1996 WL 663974 (M.C. Fla., 1996) (unpublished).....................................16

*DiVittorio v. Equidyne Extractive Industries, Inc.*  822 F.2d 1242 (C.A.2 N.Y., 1987)..............8

*EIG v. Insurance Co. of North America*, 447 So.2d 377 (Fla.App. 3 Dist., 1984)....................12

*Emery v. Am. Gen. Fin. Inc.*, 938 F. Supp. 495 (N.D. Ill. 1996).............................................4,5

*Jones v. Walter C. Hardesty, Inc.*, 100 Fla. 155 (1930).......................................................14

*JPMorgan Chase Bank N.A. v. Winget*, 510 F.3d 577 (6th Cir. 2007)..........................................2

*Kanov v. Bitz*, 660 So.2d 1165 (Fla.App. 3 Dist., 1995)..........................................................13

*Langley v. Irons Land & Development Co.*, 94 Fla. 1010 (1927)................................................13

*Perez v. Pavex Corp.*, 2007 WL 4105833 (M.D. Fla., 2007) (unpublished)..............................15

*Salinas v. U.S.*, 522 U.S. 52 (1997).................................................................................4,5

*Sonny Boy, L.L.C. v. Asnani*, 879 So.2d 25 (Fla.App. 5 Dist., 2004)...................................12,13

*United Auto. Ins. v. Salgado*, 22 So.3d. 594 (Fla.App.3d. Dist., 2009)....................................14

*United Mineworkers v. Gibbs*, 383 US 715 (1966).................................................................9

*United States v. Jamieson*, 427 F.3d 394 (6th Cir. 2005)..........................................................4

*Williams v. Worldwide Flight Serv., Inc.*, 877 So.2d 869 (Fla. 3d DCA, 2004)........................16

**Statutes**

18 USC § 1341.................................................................................................................4

18 USC § 1343.................................................................................................................4

18 USC § 1961..............................................................................................................4,9

18 USC § 1962...........................................................................................................3,4,5

28 USC § 1331.................................................................................................................9

**Rules**

Fed.R.Civ.Pr. 9(b)......................................................................................................7,17

Fed.R.Civ.Pr. 12(b)(6)...................................................................................................2

<u>STATEMENT OF THE CASE</u>

The Plaintiffs are victims of a scam designed to defraud hopeful adoptive parents of money. Defendants Fischer and Feinberg were the only directors of an organization whose agents repeatedly made false statements to Plaintiffs which were designed to make them think that they were a reputable adoption agency in order to get them to pay adoption fees. In fact, Defendants were not a reputable company and they knew, or should have known, that the adoptions they were promising and charging for were impossible. The Plaintiffs Lucas were incited to pay money to "hold" a child they thought they were adopting in Vietnam when the agency **<u>knew</u>** that they **<u>were not licensed to conduct adoptions in Vietnam</u>**. (Comp. at ¶¶ 24-28.) No adoption was performed and the Lucas's were never refunded their fees. *Id.* The Plaintiffs Craig spent $50,000 pursuing an adoption in the Nam Dimh province of Vietnam based on the false assertions of employees of Little Pearls that they could complete an adoption in a county in which they were not even licensed to operate. (Comp. at ¶¶ 31-36.) Again, the couple was not refunded a penny when the adoption proved impossible, despite the repeated assurances of Little Pearls' employees that it could be accomplished. *Id.* Similarly, the Plaintiff Elizando spent $28,000 based on the assertions of Little Pearls' employees that they were licensed and able to perform adoptions in Vietnam and was never refunded when it failed. (Comp. at ¶¶ 37-42.) The Plaintiffs Boynton paid $15,000 in pursuit of a child that Little Pearls convinced them they could adopt and they were never refunded when that adoption failed. (Comp. at ¶¶ 43-48.) The Plaintiffs Lucas were taken for $40,000 in similar fashion. (Comp. at ¶¶ 49-54.)

The Plaintiffs' allegations reveal that the Little Pearls Adoption Agency business practice was this: first, they would promise hopeful adoptive couples that they could complete an adoption. Then, they would then collect large sums of money from them, all the while assuring them that they were expert and adept at completing adoptions in Vietnam. They would never mention to the couples that they were not even licensed to conduct adoptions in Vietnam and, therefore, were incapable of completing the adoptions they promised. Finally, when they could not convince the couples to pay them another cent, they would tell them that they could not complete the adoptions.

Defendants never told Plaintiffs that they were unable to complete the adoptions they promised and charged for. As such, Plaintiffs have filed suit to recover to be made whole for their losses resulting from these false statements.

## ARGUMENT

### I.   Standard of Review

Defendant does not discuss the review standard for a motion to dismiss under 12(b)(6) such as theirs. A motion for dismissal under Fed.R.Civ.Pr. 12(b)(6) seeks a judgment on the pleadings for failure to state a claim upon which relief may be granted. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted). Defendant, therefore, is only entitled to summary judgment if Plaintiff is clearly not entitled to relief

## II.   A Note on This Brief's References to Defendant's Brief in the Absence of Page Numbering

For whatever reason, Defendant Feinberg has failed to number the pages of his "Motion to Dismiss Plaintiffs' Complaint and Supporting Memorandum of Law." In order to reference to the document, Plaintiffs propose the following numbering system. Plaintiffs consider "Page 1" to be the page with the caption reading "Defendant Richard Feinberg's Motion to Dismiss Plaintiffs' Complaint and Supporting Memorandum of Law" and have numbered the pages sequentially afterwards. Plaintiff considers "Page 2" to be the page including the bolded section reading "**Memorandum of Law**" followed by "**A. Plaintiff's Claims should be Dismissed....**" "Page 5," then, is considered to be the page upon which the subject headings "**B. The Court Lacks...**" and "**C. The Complaint Improperly...**" "Page 6" is the page on which the subject heading "**D.   Count II for Breach...**" appears. "Page 7" contains "**E. Count III for Innocent...**" and "**F. Count IV for Intentional...**" "Page 9," per this system, is the page containing the Certificate of Service. These page numbers correspond to the page numbers found in the .pdf form of the document submitted to the Court.

As this is quite cumbersome, and begging for error and confusion, Plaintiffs would request that the Court instruct Defendant to properly number his pages in future filings.

## III.   Plaintiffs Have Stated a Claim for Violation of the RICO Act

Defendants have done little to challenge the substantive elements of Plaintiff's RICO claims, except to state that "the RICO claims are deficient because they fail to allege 'an enterprise that had a structure and goals separate from the predicate acts alleged.'" *Def's Mtn. to Dis.*, at "Page 4," citing *Ageloff v. Kiley*, 318 F.Supp. 2d 1157, 1159 (S.D.Fla. 2004). RICO

jurisprudence is quite a complex area of law with much supporting caselaw to be considered.

Defendant's clumsy reference to the "enterprise" requirement only scratches the surface of the

elements of a RICO claim.   And besides, they are wrong.   An enterprise is quite apparent

from Defendant's activities, as are the other elements of a RICO claim.

A private individual may maintain a claim for violations of the RICO Act by showing

(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.   *See, eg Bridge*

*v. Phoenix Bond & Indem. Co.*, 128 S.Ct. 2131 (2008); 18 USC §§ 1962(a) – (d).   A RICO claim

must assert a "pattern of Racketeering Activity" by showing at least two "predicate acts."

*Emery v. Am. Gen. Fin. Inc.*, 938 F. Supp. 495, 499 (N.D. Ill. 1996); 18 USC § 1961(5).

Predicate acts for a RICO claim may consist of mail fraud and wire fraud.   *See Bridge*, 128 S.

Ct. at 2133-34 (2008); 18 USC § 1961(1)(b).   As the Supreme Court noted in *Bridge,*

> RICO provides a private right of action for treble damages to "[a]ny person injured in
> his business or property by reason of a violation," as pertinent here, of § 1962(c),
> which makes it "unlawful for any person employed by or associated with" a qualifying
> enterprise "to conduct or participate ... in the conduct of such enterprise's affairs
> through a pattern of racketeering activity[.]"

*Id.,* at 2133-34.

18 USC § 1961(1)(b) lists the criminal behaviors that my constitute racketeering

activity for the purposes of the RICO act.   Included in that list are mail fraud, as defined by 18

USC § 1341, and wire fraud, as defined by 18 USC § 1343.   As the present claim alleges mail

and wire fraud for the predicate acts, a discussion of enterprise based on repeated use of mail

fraud and wire fraud is necessary.

With respect to the enterprise element, a scheme to defraud includes "any plan or

course of action by which someone uses false, deceptive, or fraudulent pretenses,

4

representations, or promises to deprive someone else of money." *United States v. Jamieson*, 427 F.3d 394, 402 (6th Cir. 2005). A plaintiff asserting a civil RICO claim predicated on mail fraud need not show as an element of its claim that it relied on the defendant's alleged misrepresentations. *Bridge, supra.*

The RICO Conspiracy statute provides that "it shall be unlawful for any person to conspire to violate any provisions of subsection (a), (b) or (c) of this section." *Salinas v. U.S.*, 522 U.S. 52, 63 (1997) (quoting 18 USC § 1962(d)). Further,

> There is no requirement of some overt act or specific act in the [RICO] statute before us, unlike the general conspiracy provision applicable to federal crimes, which requires that at least one of the conspirators have committed an "act to effect the object of the conspiracy." § 371. The RICO conspiracy provision, then, is even more comprehensive than the general conspiracy offense in § 371."

*Id.*

The *Salinas* court provided a recitation of RICO conspiracy law that is instructive to the present case.

> A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. See United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 253-254 (1940). The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other. See Pinkerton v. United States, 328 U.S. 640, 646 (1946) ("And so long as the partnership in crime continues, the partners act for each other in carrying it forward"). If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators. As Justice Holmes observed: "[P]lainly a person may conspire for the commission of a crime by a third person." United States v. Holte, 236 U.S. 140, 144 (1915). A person, moreover, may be liable for conspiracy even though he was incapable of committing the substantive offense. United States v. Rabinowich, 238 U.S. 78, 86 (1915).

5

*Id.*, at 63-64 (internal quotations Court's).

The Supreme Court was very clear: in order to be charged with conspiracy in a RICO suit, one does not have to have committed the fraudulent act herself. It is enough that she facilitated the illegal acts by providing support for the conspiracy. The court also specifically stated that "It makes no difference that the substantive offense under § 1962(c) requires two or more predicate acts. The interplay between subsections (c) and (d) does not permit us to excuse from the reach of the conspiracy provision an actor who does not himself commit or agree to commit the two or more predicate acts requisite to the underlying offense." *Id.*, at 65.

The standards for finding a fraudulent enterprise based on violation of the mail fraud statute are notoriously low. In 1995, the 7th Circuit found a RICO conspiracy where a woman was incited by mail solicitation to refinance a $1,900 loan for an additional $200 without mentioning that doing so would cost much more in interest and fees than simply taking out an additional $200 loan. This was found to be a fraud perpetuated upon working class people, who the court did not view as being sophisticated enough to figure out the financial consequences of what they were doing. The fraud used the mail to solicit clients. RICO, said the court, was implicated, despite the petty amount. *Emery v. American General Finance, Inc.*, 71 F.3d 1343 (7th Cir. 1995).

In the instant case, the Little Pearls Adoption Agency satisfied the elements of a RICO enterprise. It was common practice for the agency to make false statements as to the availability of children for adoption. These statements were made in order to get adoptive parents to pay adoptive fees because they thought they would be able to adopt a child. The

6

adoptive families did, in fact, pay adoptive fees based on these statements. Therefore, fraud was a regular part of the business of Little Pearls. The defendants used the postal system and the internet to make these false representations. As such, mail and wire fraud are satisfied as predicate acts. Defendants Fischer and Feinberg were named directors of the agency and, as such, are liable for the actions of the agency. They would be hard pressed to argue that they were not aware of the fraudulent behavior of the agency and, as *Salinas* instructs, it is enough that they were aware even if they themselves were not making the false statements.

Further, this would not be the first time an adoptive agency that made false representations was found to be a potential violator of the RICO Act. In *Cesnik v. Edgewood Baptist Church,* 88 F.3d 902 (11th Cir. 1996) (curiously, relied upon in Defendant's brief at "Page 5") a federal court found that allegations of fraud in the operation of an adoption agency were sufficient to satisfy RICO, for reasons very similar to those discussed above. In that case, an adoption agency was accused of using mail and wire fraud to make false representations to adoptive parents. The court held that the factual allegations precluded summary dismissal of a RICO claim. *Id.* Based on this precedent alone, dismissal of the RICO count should be denied.

As a whole, Defendant's argument that "the enterprise requirement of RICO is not satisfied" fails both for want of adequate analysis in their brief, and for want of support in the caselaw as a whole.

IV.   **Defendants are NOT Entitled to Dismissal Pursuant to the Heightened Pleading Standard of Fed.R.Civ.Pr. 9(b).**

Defendants argue that the "Plaintiffs' claims should be dismissed because they fail to satisfy Rule 9(b)'s heightened pleading standard." This claim fails for two important reasons: (1) at this early stage of the litigation the proper remedy is a Motion for a More Definite Statement, not dismissal. (2) Fed.R.Civ.Pr. 9(b) has a noted exception where information is within the exclusive control of defendant. Plaintiffs require a review of Defendant's records to determine precisely who initiated the fraudulent communications by which they were induced.

Defendants are not entitled to dismissal of the initial complaint for want of specificity as they claim. The proper remedy to which they are entitled is a Motion for a More Definite Statement. In *Cesnik*, 88 F.3d at 910 (1996) (relied upon by Defendant on "Page 5" of their brief), a claim was made by several adoptive parents that an adoption company had defrauded them. The court noted that "[a]s we have pointed out, the pleading of the Cesnik's federal and state RICO claims [...] is woefully deficient. Count three does not cite the crimes [...] that the defendants allegedly conspired to commit. Nor does the pleading describe the "enterprise" involved in the conspiracy. *If ever there was a need for a more definite statement*, it was with respect to [this count]." *Id.* The court went on to find that, despite these "woefully deficient" pleadings, a reasonable jury could still find that a RICO claim had been plead and, as such, remanded for further proceedings on the RICO count. *Id.*

It should be noted that this case is readily distinguishable from *Cesnik* in several respects. Cesnik did not cite the particularly crimes defendants conspired to commit, the instant complaint does. Plaintiffs allege that Fischer and Feinberg conspired to commit mail

and wire fraud.  The *Cesnik* claim did not describe the enterprise, the instant case does.  The Little Pearls Adoption Agency is alleged to be a fraudulent enterprise designed to deprive adoptive parents of money.  The instant claim is a better plead RICO claim than the one that survived summary disposition in *Cesnik*.  As such, there should be no question that Plaintiff's RICO claims are not subject to dismissal at this time.  At the very least, they are subject to an order for a more definite statement.

Further, even if the claims are not plead with the sufficiency required of Fed.R.Civ.Pr. 9(b), there is a recognized exception to the rule which applies in the instant case.

> Rule 9(b) is designed to further three goals: (1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits. Further, Rule 9(b) pleadings cannot be based upon information and belief. *There is a recognized exception to this rule, however, that fraud allegations may be so alleged as to facts peculiarly within the opposing party's knowledge, in which event the allegations must be accompanied by a statement of the facts upon which the belief is based*.

*DiVittorio v. Equidyne Extractive Industries, Inc.*  822 F.2d 1242, 1247 (C.A.2 N.Y., 1987) (citing authorities) (emphasis added).

The instant case is a perfect situation for application of that rule.  Defendants communicated remotely with Plaintiffs.  Most of the false representations were made through emails and letters.  Discovery is required, then, to state with particularity who made those communications.  Was it Defendant Feinberg who wrote the email stating "we're licensed to conduct adoptions in Vietnam" when, in fact, they were not?  Was it Defendant Fischer who wrote the letter stating "we complete adoptions in 4-6 months" when, in fact, the agency was not capable of completing any adoptions?  Was it some office staffer who sent these communications, but at the direction of Fischer and Feinberg?  Discovery is required to

9

answer these questions with particularity.  Plaintiffs are entitled to review the corporate documents of Little Pearls agency to determine precisely who prepared the documents.  And, they are entitled to conduct depositions to answer these questions.  Summary disposition of this claim is wholly premature at this time for this reason.

As a whole, Defendant's argument requiring dismissal at this time fails because it is premature without having first brought a Motion for a More Definite Statement.  And, it fails because it does not account for a noted exception to 9(b) which applies in this case.

## V. This Honorable Court Has Subject Matter Jurisdiction

Defendant claims that the Court is without subject matter jurisdiction.  *D's Brief* at "Page 5."  Defendant devotes some time to establishing that the Court does not have subject matter jurisdiction over the controversy by reason of the diversity of the parties.  Plaintiffs stipulate that diversity jurisdiction is not satisfied in this situation because of common citizenship of the corporate Defendant and some of the Plaintiffs.  This is precisely why Plaintiff did not rely on Diversity jurisdiction in bringing the suit in the district court.

Plaintiff has, however, invoked the jurisdiction of the Court by reason of 28 USC § 1331, which allows a federal court to exercise jurisdiction over any claim with a federal element.  *Pl's Comp.*, ¶ 1.  Because Plaintiffs have alleged a claim under the federal RICO Act, 18 USC §§ 1961, 1962 *et seq.*, the Court may properly exercise jurisdiction over the instant controversy.  The court may exercise jurisdiction over the pendant state claims because they spring from the same nucleus of operative fact, Plaintiffs' business dealings with Little Pearls Adoption Agency, pursuant to 28 USC § 1367 and *United Mineworkers v. Gibbs,* 383 US 715

(1966).  Dismissal of the pendant state claims is not warranted at this time because Defendant has not stated an adequate grounds for dismissal of the federal RICO claims.

## VI. Dismissal is NOT Warranted by any "Improper Incorporation" of Claims.

Defendants contend that "[t]he Complaint is 'framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts'" because it "improperly incorporates allegations into counts that have no relevance to the claims raised in those counts." *D's Brief* at "Pages 5-6."  They do not explicitly state that this is a basis they are relying upon for their Motion to Dismiss.  However, one can only assume that this was their intent because this is a Motion to Dismiss and a consummate professional would not, presumably, waste the Court's time with unnecessary filler in their brief.  Plaintiffs will assume, then, that Defendant's aim in writing this was to see the claim dismissed for "improper incorporation" of claims.

Defendant relies on *Cesnik v. Edgewood Baptist Church*, 88 F.3d at 905 (11th Cir. 1996) for their contention that Plaintiff's complaint is "framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts." Defendant has accurately parroted the language from this decision, but they have failed to comprehend its meaning.  The *Cesnik* court said this of the Complaint in the matter:

> "Count one, for example, which is labeled 'Wrongful Placement and Adoption,' purports to plead at least nine discrete theories of recovery.  After alleging that the Cesniks were induced by the appellees' misrepresentations to adopt [the children], the count states as following:  This count of the Complaint encompassed by the claim of 'Wrongful placement and Adoption' and sounding in tort law, includes but is not limited to the common law torts of negligent breach of duty; negligent hiring, training, supervision, discipline and retention of personel; negligence per se; breach of fiduciary

relationship; misrepresentation; fraud in the inducement of said act; undue influence; duress; and intentional infliction of emotional distress."

*Id.*

Further, the *Cesnik* court was concerned that "count three may be alleging five discrete causes of action: three federal and two state claims." *Id* at *906.

*Cesnik* was concerned that several of its counts alleged multiple distinct causes of action, not that each count incorporated by reference the allegations from the prior counts. The instant claim is distinguishable from *Cesnik* in that it does not come even close to the level of muddled pleadings found in *Cesnik*. As Defendant notes, Count 1 seeks damages for Fraud in the Inducement, Count 2 seeks recompense for Breach of Contract, Count 3 seeks damages for Innocent Misrepresentation, Count 4 seeks damages for Intentional Infliction of Emotional Distress, Count 5 pleads violations of the Mail and Wire Fraud Statutes, Counts 6 and 7 allege violations of the RICO Act Count 8 alleges negligence, and Count 9 alleges negligent misrepresentation. *D's Brief,* "Pages 1-2." Defendant in no way alleges that any of these counts allege multiple "discrete causes of action" as was the case in *Cesnik*. They cannot do so, because there are no compound counts the like of which were plead in *Cesnik*.

Further, Defendant fails to cite any caselaw which suggests that the Complaint should be dismissed for these alleged deficiencies. Had they read the *Cesnik* decision, they would have been aware that the 'pleading deficiencies' in that case did not result in dismissal. Rather, the Court remanded for more definite statements. *Id.*

Defendant's grasp of their own precedent is woefully inadequate. The complaint in the instant case does not display anywhere near the pleading deficiencies the court encountered in the *Cesnik* case. Further, contrary to Defendant's assertion, *Cesnik* did not

12

dismiss the claim for these alleged deficiencies, it merely gave Plaintiffs leave to amend.  As a whole, Defendant's argument fails for want of even a cursory grasp of their own precedent.

## VII.   Dismissal of the Breach of Contract Claim is Unwarranted at This Time.

Defendants claim, essentially, that Count II alleging Breach of Contract should be dismissed because Defendants Feinberg and Fischer were not themselves parties to the agreement between Plaintiffs and Little Pearls Adoption Agency.   Because the contract between Plaintiffs and the Defendant Corporation, Little Pearls Adoption Agency, the argument seems to go, it is improper to sue all three Defendants for breach of contract and the claim should be dismissed.  This argument fails for two reasons:  (1) if this were so, dismissal of the entire count would not be proper, only dismissal of Defendants Feinberg and Fischer from the count.   The defendant corporation would not be entitled to a dismissal for this reason.  (2) Defendants Feinberg and Fischer may be held personally liable for the contract formed by the defendant corporation if, as the complaint alleges, they were using the corporation and contract as a vehicle for fraud.

The instant motion is captioned as "**Defendant Richard Feinberg's** Motion to Dismiss Plaintiffs' Complaint and Supporting Memorandum of Law." *D's Motion* at "Page 1." For whatever reason, Defendant Feinberg has only answered on behalf of himself, not on behalf of his co-defendant Debbie Fischer nor on behalf of the Defendant corporation, the Little Pearls Adoption Agency, Inc.  Defendant Feinberg claims that he is not in privity to the contract between the Corporation and the Plaintiffs and, therefore, the Breach of Contract count should be dismissed.  Even if this argument were valid, it would not warrant dismissal

13

of the entire count, it would only warrant excusing Defendant Feinberg from it.  Little Pearls Adoption agency does have privity of contract with the Plaintiffs and, therefore, dismissal of the Plaintiffs' breach of contract claims against Little Angels Adoptions is not proper for reasons of privity.

Further, Defendants Feinberg and Fischer are not entitled to dismissal of the breach of contract claims.  Normally, a corporate officer is not personally liable for legal claims against their corporation.  However,

> In Florida, personal liability can only be imposed upon a corporate officer who has signed a contract in his personal capacity **or who has used the corporate entity for fraudulent purposes** or where the corporation was merely the alter ego of the shareholders.

*EIG v. Insurance Co. of North America,* 447 So.2d 377 (Fla.App. 3 Dist., 1984) (quoting *AMC/Jeep of Vero Beach, Inc. v. Funston,* 403 So.2d 602 (Fla. 4th DCA, 1981)) (emphasis added).

It is well settled law in Florida that when a corporate officer uses the corporate form to commit a fraud, they may be personally liable for the debts of the corporation.  *See, eg Sonny Boy, L.L.C. v. Asnani,* 879 So.2d 25, 32 (Fla.App. 5 Dist., 2004) (listing "fraud, self-dealing, unjust enrichment, betrayal of trust" as bases to "pierce the corporate veil"); *Kanov v. Bitz,* 660 So.2d 1165, 1166 (Fla.App. 3 Dist., 1995) ("A critical issue in the determination of whether the corporate veil will be pierced for the imposition of personal liability is whether the corporate entity was organized or operated for an improper or fraudulent purpose.")

In the instant case, the Plaintiffs contend that Defendants Fischer and Feinberg decided to steal money from hopeful adoptive families by telling them that they could conduct adoptions when in fact there were not even licensed to do so.  In order to facilitate this fraud, they formed the Little Pearls Adoption Agency.  They then had hopeful adoptive families sign

contracts with the adoptive families to perform adoptions. They then breached these agreements by failing to perform the adoptions and pocketing the cash anyway. Taken as true, Plaintiffs' allegations would provide a basis for "piercing the corporate veil" and holding Defendants Fischer and Feinberg personally liable for the "adoption contracts" they formed with the Plaintiffs. As such, their dismissal from this count would be premature without a determination as to whether the Little Pearls Adoption Agency was a fraudulent enterprise. This is a determination which should be left for a jury.

Defendant's Motion for Dismissal of this count in its entirety fails for two important reasons. Dismissal of Little Pearls Adoption Agency for want of privity of contract with itself would be an absurd result and should not be considered by the court. Further, as to Defendant Fischer and Feinberg, factual questions still exist as to whether they were using the Corporation as a vehicle for fraud. If they were then they, as directors, may be personally liable for the fraudulent contracts. Defendant's Motion to Dismiss the Breach of Contract count should be denied.

### VIII.  Dismissal of the Innocent Misrepresentation Count is Not Warranted

Defendant cites no authority for their proposition that "Innocent Misrepresentation" is not a viable cause of action under Florida Law. In fact, they are wrong. *Langley v. Irons Land & Development Co.*, 94 Fla. 1010 (1927) provided that

> innocent misrepresentation of material facts, acted on by other party to detriment, is ground for rescission and cancellation of contract in equity; in determining whether innocent misrepresentation of fact justifies rescission of contract, real inquiry is whether party believed misrepresentation true and was misled; whether misrepresentation of fact is made innocently or knowingly, effect in causing rescission of contract is same; misrepresentation of fact inducing execution of contract, whether

> innocent or fraudulent, is as conclusive as ground of relief in equity as willful and false assertion.

*Id.* (lack of syntax Court's.)   *See also Jones v. Walter C. Hardesty, Inc.*, 100 Fla. 155 (1930) (innocent misrepresentation of facts may justify rescission); *Ames v. Kovacek*, 98 Fla. 161 (1929) (whether misrepresentation of fact is made innocently or knowingly, effect in causing rescission of contract is the same.)

Where a contracting party has made an innocent misrepresentation of material fact, and another party has relied upon it to their detriment, a court of law may order rescission of the contract. In rescission, the parties to a contract are placed in the position in which they were before the contract was made. *See United Auto. Ins. v. Salgado*, 22 So.3d. 594 (Fla.App.3d. Dist., 2009). This would include eliminating all remaining obligations under the contract and refunding any funds paid in anticipation of the contract. Therefore, if a party mistakenly makes a misrepresentation of fact which another party relies, the other party may sue to reverse the contract and get their money back.

In the instant case, even if Defendants did not act with intentional scienter, they still made false statements upon which the Plaintiffs relied in deciding to sign adoption contracts. Defendants claimed that they were licensed to conduct adoptions in Vietnam and, in fact, they were not. Defendants claimed that they were able to perform an adoption in 4-6 weeks when, in fact, they could not complete adoptions at all. It is entirely possible, though highly unlikely, that they could prove to a jury that these were good faith mistakes and not intentional scienter. Even so, these were inaccurate factual statements upon which Plaintiffs relied in making their decision to adopt. Now that those factual assertions have proven inaccurate, even if they were made in good faith, Plaintiffs are entitled to rescission of their

contracts. The court, then, would order a full refund of the monies they paid towards performance of the contracts.

Defendants are not entitled to dismissal of the Innocent Misrepresentation counts because this claim is quite viable under Florida law. Defendant's assertions to the contrary do not find any support whatsoever in the law.

## IX. Dismissal of the Intentional Infliction of Emotional Distress Claim is not Warranted.

Defendant claims that Plaintiffs' claim for Intentional Infliction of Emotional Distress (hereafter "IIED") should be dismissed because it is "insufficient as a matter of law." *D's Brief* at "Page 7." Plaintiffs concede to Defendant's recitation of the elements of an IIED charge, that the Plaintiff must establish (1) deliberate or **reckless** infliction of mental suffering, (2) outrageous conduct, (3) that the complained of conduct caused the suffering, and (4) the suffering was severe. *Id.*, citing *Perez v. Pavex Corp.,* 2007 WL 4105833, *8 (M.D. Fla., 2007) (unpublished). Plaintiffs also accede to the notion that the conduct must make a person of reasonable sensibilities exclaim "outrageous!" *Id.* Plaintiffs, however, do contest Defendant's assertions that the conduct complained of *cannot* amount to the sort of outrageous conduct which would give rise to an IIED claim.

In the instant case Defendants represented to Plaintiffs that they could help them complete adoption of a child. In many cases, Defendant would show pictures of the child to Plaintiffs, even allow the parents to meet the child and bond with them emotionally. Defendants would repeatedly tell the Plaintiffs "keep paying us money, and you can take this child home." All the while, Defendants knew, or should have known, that their promises

17

were false.  Defendants told the Plaintiffs Lucas that they could help them adopt a child in Vietnam, even though **they were not even licensed in Vietnam**.  The emotional toll of a failed adoption cannot be underestimated or overstated.  Many hopeful adoptive parents who have lost adoptions describe the experience as being similar to losing a child.  Defendant's dishonesty in encouraging Plaintiffs to bond emotionally with children, only to take the child away because they misrepresented their ability to complete the adoptions, was the cause of untold emotional distress.

In support of their assertion that Plaintiffs' IIED claim should be dismissed for "legal insufficiency" Defendants cite two cases.  They cite *Williams v. Worldwide Flight Serv., Inc.*, 877 So.2d 869, 870 (Fla. 3d DCA, 2004) in which a claim for IIED based on racist comments was dismissed.  And, they cite *DeShiro v. Branch*, 1996 WL 663974, *4 (M.C. Fla., 1996) (unpublished) in which inappropriate touching and requests for sex by supervisors was held legally insufficient to constitute IIED.  What they do not provide, however, is any explanation why racist comments and requests for sexual favors have anything to do with lying about adoptions.  The fact is, there are no IIED cases in the adoption context.  As such, the court is left to make a determination of first impression whether dangling a child in front of a potential parent, only to snatch them away later is the sort of "outrageous" conduct which this tort contemplates.  Plaintiffs would urge the court to answer "yes" to that question.

Defendants accurately state the standard for an IIED claim, but inaccurately apply it.  Defendants cite cases for their proposition that IIED is not satisfied. However, those cases have nothing to do with the present situation.  The court is left free, then, to decide whether

18

the complaint alleges the sort of conduct which the claim requires.  Defendants encouraged Plaintiffs to bond emotionally with children and claimed that they could facilitate adoptions of the children.  As it turned out, they were lying.  Plaintiffs suffered emotional distress identical to losing a child because, in fact, they had.  As a result, Plaintiffs are entitled to a jury determination of the extent of the emotional distress caused by Defendants' actions.  Dismissal of this claim is improper at this time for that reason.


## CONCLUSION

Defendants have failed to state a sensible reason for dismissal of this claim.  They have made a superficial challenge to the RICO Act claims of the suit which should be ignored because it is in conflict with the statute itself and the vast body of RICO caselaw.  Further, Defendants have inaccurately stated that dismissal is warranted under Fed.R.Civ.Pr. 9(b)'s particularity requirements.  If anything, remand for a more definite statement is the appropriate remedy.  And, it is improper at this point because Plaintiffs are entitled to discovery to flesh out the fraud allegations under the known exception to 9(b) for information is Defendants' sole possession.  Dismissal of the individual defendants from the breach of contract claim would be improper without a determination of whether they were, as Plaintiffs allege, involved in a fraudulent enterprise that would expose them to personal liability for the actions of the corporation.  Defendant is wrong that Innocent Misrepresentation is not recognized under Florida law.  And, Plaintiffs contend that, as a matter of first impression for the Court, encouraging a person to bond with a child through false promises, only to take it

19

away, should constituted Intentional Infliction of Emotional Distress sufficient to survive a motion for summary disposition.

For these reasons, Defendant Feinberg's Motion for Summary Disposition should be dismissed in its entirety.


Respectfully submitted,


May 19, 2010                                    /s/ Joni M. Fixel
                                               Joni M. Fixel (P56712)
                                               Fixel Law Offices, PLLC
                                               Admitted Pro Hac Vice
                                               Attorney for Plaintiffs
                                               4084 Okemos Rd., Ste B
                                               Okemos, MI  48864
                                               (517) 332-3390 [Phone]
                                               (517) 853-0434 [Fax]
                                               Jfixel@fixellawoffices.com

## UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | | |
|---|---|---|
| **SUZANNE & ROBERT CRAIG,** | ) | Hon.: JAMES S. MOODY, JR. |
| **SEAN & LORI BOYNTON,** | ) | |
| **SUMMER ELIZANDO,** | ) | Case No.: 10-cv-671-T30 TGW |
| **KEVIN & NICHOLE LUCAS,** | ) | |
| Individuals, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LITTLE PEARLS ADOPTION** | ) | |
| **AGENCY, INC.** | ) | |
| a Florida For-Profit Corporation | ) | |
| **DEBBIE FISCHER,** | ) | |
| **and RICHARD FEINBERG,** | ) | |
| Individuals, | ) | |
| **Jointly and Severally** | ) | |
| Defendants | ) | |

Sean C. Boynton Esq.
1801 North Highland Avenue
Tampa, Florida 33602
Attorney for Plaintiffs
(813) 204-6494 [Phone]
(813) 223-9620 [Fax]
sboynton@bushross.com

Jonathan B. Sbar (131016)
Robert L. Rocke  (710342)
Rocke, Mclean & Sbar, PA
Attorneys for Defendant Feinberg
2309 S. MacDille Avenue
Tampa, FL 33602
(813) 769-5600 (Phone)
(813) 769-5601 (Fax)
jsbar@rmslegal.com

## CERTIFICATE **OF SERVICE**

I, the undersigned, do hereby certify that the above "Plaintiff's Response to Defendant Feinberg's Motion to Dismiss" and Brief in Support of same were served upon the above captioned parties by way of the court's ECF system on today's date.

Respectfully submitted,

May 11, 2010

/s/ Sean C. Boynton
Sean C. Boynton Esq.
1801 North Highland Avenue
Tampa, Florida 33602
(813) 204-6494 [Phone]
(813) 223-9620 [Fax]
sboynton@bushross.com