UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUZANNE CRAIG, et al.,

    Plaintiffs,

v.                                Case No.  8:10-cv-671-T-30TGW

LITTLE PEARLS ADOPTION AGENCY,
INC., et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Richard Feinberg's Motion to Dismiss Plaintiff's Complaint (Dkt. 4) and Plaintiff's response in opposition (Dkt. 9). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part.

## Background

During the fall of 2007, Plaintiffs entered into contracts with Defendant Little Pearls Adoption Agency, Inc. ("Little Pearls") to adopt children from Vietnam. Plaintiffs allege that they were induced into entering into these contracts, and paying substantial sums of money, based on false assertions by the defendants. The adoptions were ultimately unsuccessful and Plaintiffs have not received refunds. Plaintiffs assert nine counts for (1) Fraud in the Inducement, (2) Breach of Contract, (3) Innocent Misrepresentation, (4) Intentional Inflictions of Emotional Distress, (5) Violations of the Mail and Wire Fraud

Statues, (6) Violations of Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1692(c), (7) Conspiracy to Commit Violations of RICO, 18 U.S.C. § 1692(d), (8) Negligence, and (9) Negligent Misrepresentation. Defendant Feinberg moves to dismiss the complaint as to himself only. Defendants Fischer and Little Pearls have not appeared in this action.

## Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n. 43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by

which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## Discussion

### I. Plaintiffs' fraud based claims do not meet the heightened pleading standard of Rule 9(b)

Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The rule requires a Plaintiff to set forth: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. Fla. 2001) *(quoting Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). In addition, Plaintiffs' are required to "inform each defendant of the nature of his alleged participation in the fraud." *Brooks*, 116 F.3d at 1381 (*quoting Vicom, Inc. v. Harbridge Merchant Servs.*, Inc., 20 F.3d 771, 778 (7th Cir.1994)).

### A.     Claims for RICO Violations

To plead a RICO claim under § 1962(c), a plaintiff must plead facts supporting the following elements: "(1) conduct; (2) of a RICO enterprise; (3) through a pattern; (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). "To support the pattern element, a plaintiff must plead facts to support the following sub-elements: (1) commission of two or more predicate acts of racketeering activity within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature." *Lawrie v. Ginn Cos., LLC*, 2010 U.S. Dist. LEXIS 98693 (M.D. Fla. Sept. 21, 2010) (*citing Jackson v. BellSouth Telecom., Inc.*, 372 F.3d 1250, 1264 (11th Cir. 2004)).  Racketeering activity is defined as the violation of any of the criminal statutes delineated in § 1961(1)(B), which include mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343). *Id.*

Plaintiffs bring two claims for violations of the RICO statute, a violation of § 1962(c) (Count 6) and conspiracy to commit a violation of § 1962(c), in violation of § 1962(d) (Count 7).  In addition, Plaintiffs bring a separate claim for violations of the mail and wire fraud statutes (Count 5).  As an initial matter, Count 5 must be dismissed because there is no private right of action under these criminal statutes.  It appears that Plaintiffs assert the allegations in Count 5 to establish the predicate acts required to support their RICO claim. However, Count 5 cannot stand on its own as a separate claim.  Therefore, Count 5 is dismissed with prejudice.

Claims for RICO violations predicated on violations of the mail and wire fraud statutes must be pled with particularity under Federal Rule of Civil Procedure 9(b). Plaintiffs have failed to meet this standard. Plaintiffs fail to offer little more than conclusory allegations. They do not state with any particularity the content of the statements made. And they do not allege the time and place of the alleged fraudulent statements at all. In addition, Defendants are impermissibly "lumped together" throughout the complaint. This lumping together is grounds for dismissal, especially under Rule 9(b), because the complaint fails to notify each defendant of his or her alleged role in the fraud. Therefore, Counts 6 and 7 will be dismissed without prejudice.

**B.     Fraud in the Inducement (Count 1) and Negligent Misrepresentation (Count 9)**

Claims for fraud in the inducement and negligent misrepresentation must also meet the heightened pleading standards of Rule 9(b). Again, Plaintiffs' claims fail to allege fraud with particularity. In both Counts One and Nine, Plaintiffs allege only that they were "induced into using the services of [Little Pearls] and its employees by the advertisements purporting [Little Pearls] as being specialists in this area of adoptions of orphans from Vietnam." (Dkt. 1, ¶ 59). Nowhere in the complaint do the Plaintiffs provide any more information regarding the form of these advertisements or any other indication of the time and place that the advertisements were seen or heard.

Courts have relaxed the Rule 9(b) standard where information is only available through discovery. *United States ex rel. Butler v. Magellan Health Servs.*, 74 F. Supp. 2d

1201, 1215 (M.D. Fla. 1999)  Plaintiffs argue that because "[m]ost of the false representations were made through emails and letters" and they have no way of knowing who actually wrote the letters and emails, the relaxed pleading standard should apply here. However, even where the relaxed standard applies, the complaint must allege that all the necessary information is within the defendant's control. *Id.* Plaintiffs did not do that here. Moreover, "the relaxed standard does not remove the plaintiff's duty to adequately plead the content of the alleged fraudulent representations and the places where the activity was to have occurred." *Id.* at 1216. Plaintiffs vague and conclusory allegations are not acceptable under Rule 9(b). Therefore, Counts One and Nine are dismissed without prejudice.

## II.    Remaining Claims[1]

### A.    Breach of Contract (Count Two)

Plaintiffs bring a breach of contract claim against all Defendants. Defendant Feinberg moves to dismiss the breach of contract claim because he is not a party to the contracts nor is he referenced in the contracts. The contracts are between the plaintiffs and Little Pearls. However, under Florida law, a corporate officer can be held personally liable on a contract only when he signed the contract in his individual capacity or when the corporation was established or used for fraudulent purposes. *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. Dist. Court. App. 1st Dist. 1992). The complaint sufficiently alleges that Little Pearls was

---

[1] There is no challenge to the sufficiency of Plaintiffs negligence claim at Count Eight.

used for fraudulent purposes, which opens the door for Feinberg to be held personally liable for a breach of the contracts. Feinberg's motion is denied as to Count Two.

### B. Innocent Misrepresentation (Count Three)

Feinberg argues that a claim for innocent misrepresentation is not recognized under Florida law and must be dismissed. Though not commonly asserted, innocent misrepresentation is a valid claim in Florida and constitutes a ground for recision of the contract at issue. *Langley v. Irons Land & Dev. Co.*, 94 Fla. 1010, 1017 (Fla. 1927) (quoting 9 Corpus Juris §23 at 1169.) Feinberg's motion to dismiss Count Three is denied.

### C. Intentional Infliction of Emotional Distress (Count Four)

"Under applicable Florida law, in order to state a cause of action for intentional infliction of emotional distress ("IIED"), the Plaintiff must show: (1) deliberate or reckless infliction of mental suffering by defendant; (2) by outrageous conduct; (3) which conduct of the defendant must have caused the suffering; and (4) the suffering must have been severe." *Merrick v. Radisson Hotels Int'l, Inc.*, 2007 U.S. Dist. LEXIS 39021 (M.D. Fla. May 30, 2007) (*citing Ball v. Heilig-Meyers Furniture Co.*, 35 F. Supp. 2d 1371, 1376 (M.D. Fla. 1999)). For a claim of this type to proceed, the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-279 (Fla. 1985).

The parties disagree about whether the alleged conduct here, committing fraud in the adoption context, is sufficiently outrageous or severe. Florida courts recognize only a very

limited set of cases in which the conduct has been found to be sufficiently egregious to support a claim for IIED. (See *United States ex rel. Crenshaw v. Degayner*, 622 F. Supp. 2d 1258, 1282 (M.D. Fla. 2008) for an overview of Florida state cases on the subject of IIED claims.) "Some level of physical contact or severely threatening behavior is typically required to state a claim for intentional infliction of emotional distress." *Id.* at 1283. Plaintiffs' allegations here are not sufficiently extreme to support a cause of action for IIED. Count Four is dismissed with prejudice.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Richard Feinberg's Motion to Dismiss Plaintiff's Complaint (Dkt. 4) is **GRANTED in part** as set out above.

2. Plaintiffs may amend their Complaint in compliance with this Order within twenty (20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-671.mtd 4 (3).wpd