UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUZANNE & ROBERT CRAIG, SEAN & )
LORI BOYNTON, SUMMER ELIZANDO, )
KEVIN & NICHOLE LUCAS, )
                                           )
         Plaintiffs, )  Case No.:  8:10-cv-671-T30 TGW
                                           )
vs. )
                                           )
LITTLE PEARLS ADOPTION AGENCY, )
INC., a Florida for Profit Corporation, )
DEBBIE FISCHER and RICHARD )
FEINBERG, individuals, jointly and severally, )
                                           )
         Defendants. )
                                           )

**DEFENDANT RICHARD FEINBERG'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

In accordance with Federal Rule of Civil Procedure 12(b)(6), Defendant Richard Feinberg ("Feinberg") moves to dismiss the First Amended Complaint as follows:

1. Plaintiffs' First Amended Complaint suffers from the same pleading defects as its original Complaint.

2. Plaintiffs assert claims against Feinberg and codefendants, Little Pearls Adoption Agency, Inc. ("Little Pearls") and Debbie Fischer ("Fisher"), arising out of the unsuccessful adoption of children from Vietnam.  Plaintiffs and Little Pearls entered into four separate adoption contracts (the "Contracts").  The Contracts were attached to and incorporated in the initial Complaint, but they are not attached as exhibits to the First Amended Complaint.

3.   Feinberg is not a party to the adoption Contracts and is sued solely in his capacity as a former director of Little Pearls. (Am. Compl. ¶ 11). The Plaintiffs do not allege that they had any personal dealings with Feinberg, but instead allege that he "ratified and approved" or "knew or should have known" of misconduct by Fischer. Plaintiffs fail to allege any underlying facts in support of their claim that he had knowledge of, let alone, ratified and approved of her actions.

4.   The First Amended Complaint alleges seven claims: (a) Count 1 for Breach of Contract Fraud and Fraud in the Inducement, (b) Count 2 for Breach of Contract, (c) Count 3 for Innocent Misrepresentation, (d) Counts 4 and 5 were left blank because they were previously dismissed with prejudice, (e) Counts 6 and 7 for Racketeer Influenced and Corrupt Organizations Act under both 18 U.S.C. §§ 1962(c) and 1962(d), (f) Count 8 for negligence, and (g) Count 9 for Contract Negligent Misrepresentation. All counts are asserted against Feinberg.

5.   As detailed in the supporting memorandum below, the claims are substantively and procedurally deficient and should be dismissed. The claims for fraud in the inducement, RICO violations and negligent misrepresentation fail to satisfy the heightened pleading standard for fraud set forth in Federal Rule of Civil Procedure 9(b). Because Plaintiffs are unable to assert viable RICO claims, the Court lacks subject matter jurisdiction.

6.   Like the previous Complaint, the First Amended Complaint is deficient in its entirety because each claim improperly incorporates all of the allegations of subsequent claims.

## **MEMORANDUM OF LAW**

The First Amended Complaint suffers from the same pleading defects as the original Complaint. Although the amended complaint is 40 pages longer than the previous complaint and incorporates 152 pages of documents which include emails and letters, the additional words and documents still fail to identify any particular misconduct or wrongdoing on the part of Feinberg. The First Amended Complaint does nothing to cure the deficiencies the Court identified in its October 25, 2010 Order. Plaintiffs, again, have failed to identify and it is impossible to discern which facts support which counts.

### STATEMENT OF FACTS TAKEN AS TRUE FOR THIS MOTION TO DISMISS

Notwithstanding the length and redundancy of the First Amended Complaint, the factual allegations are simply stated. Accepting the allegations are true, Plaintiffs allege that they wanted to adopt children from Vietnam and that Little Pearls advertised that it was licensed to perform adoption services there. Plaintiffs contracted with and paid fees to Little Pearls for adoption services. When the adoptions were not forthcoming, they relied on Fischer's representations that all was well and that their adoptions would be processed. The adoptions were never consummated, and Little Pearls refused to refund the monies paid.

There are no specific allegations of actual conduct or misconduct by Feinberg. There are no facts alleged in support of their claim that Feinberg "ratified and approved" or "should have known" of Fischer's alleged wrongdoing. Without supporting facts, the conclusory allegations add nothing to the complaint. None of the eleven exhibits attached to the complaint totaling 152 pages were authored by or even alleged to have been directed to or received by Feinberg. Indeed, Plaintiffs affirmatively allege that they

3

had no direct communications with Feinberg, but make the unsupported claim that he acted "behind the scenes." (First Am. Compl. ¶ 49). In all of the 152 pages of documents, his name is mentioned only as someone with whom Fischer consulted *after* the licensing issue arose. (First Am. Compl. ¶¶ 49, 102, 104). There are no further facts alleged to indicate his involvement or actual knowledge of alleged wrongdoing.

Plaintiffs allege two facts to establish his alleged culpability: (1) his position as a director of Little Pearls; and (2) the fact that Fischer consulted with him after the licensing issues surfaced. (First Am. Compl. ¶¶ 148, 173, 219, 228). The First Amended Complaint should be dismissed with prejudice as to Feinberg.

## I.   STANDARD ON A MOTION TO DISMISS.

The Court measures the sufficiency of the allegations against the standard outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In *Twombly*, the Supreme Court held that a complaint's allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Twombly*, 550 U.S. at 555-56; *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007). The *Twombly* Court explained this "does not impose a probability requirement at the pleading stage," but "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" misconduct required for relief." *Twombly,* 550 U.S. at 556. The Court held that a complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," and that that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 555. A "bare assertion" of the elements required to make a claim is not enough, but a claim

4

needs "some further factual enhancement" to get it from "possibility" to the requisite "plausibility" required for relief. *Id*. at 556-57.

The plausibility test "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 U.S. at 1949. Mere "naked assertions devoid of further factual enhancement" do not suffice. *Iqbal*, 129 S. Ct. at 1949. Where the alleged facts only permit the court to infer a "mere possibility of misconduct," the complaint has not shown "that the pleader is entitled to relief." *Iqbal*, 129 U.S. at 1950.

Even when viewed in the light most favorable to Plaintiffs, the First Amended Complaint fails to meet the plausibility requirement. When making the determination of plausibility, a court may rely upon judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1940. Through the prism of common sense, as to Feinberg, Plaintiffs' allegations must fail. Other than mirroring the words of the statutes, and naked assertions that Feinberg ratified or knew of Fischer's misconduct, Plaintiffs offer nothing in terms of "further factual enhancement" of these claims. Instead, as in *Iqbal*, the Court is provided with "a 'formulaic recitation of the elements' of a ... claim" where the allegations are "conclusory" and therefore "not entitled to be assumed true." 129 S. Ct. at 1951 (*quoting Twombly*, 550 U.S. at 555). There are simply no allegations of actual conduct by Feinberg. There are no facts alleged to support the conclusory allegation that he knew of or should have known or ratified Fischer's alleged wrongdoing. This Court should dismiss the First Amended Complaint.

## II. LEGAL ARGUMENT

### A. Plaintiffs' Claims Again Fail to Satisfy Rule 9(b)'s Heightened Pleading Requirements.

As this Court has previously noted, Plaintiffs' claims for fraud in the inducement, RICO violations and negligent misrepresentation are subject to the heightened pleading standard for fraud set forth in Federal Rule of Civil Procedure 9(b).  *See Durden v. Citicorp Trust Bank, FSB,* No. 3:07-cv-974, 2008 WL 2098040, at *5 (M.D. Fla. May 16, 2008) (applying Rule 9(b) to claims for fraudulent and negligent misrepresentation) (unreported); *Ageloff v. Kiley*, 318 F. Supp. 2d 1157 (S.D. Fla. 2004) (applying rule 9(b) to civil RICO claims).

Restating what this Court has already found, under Rule 9(b), Plaintiffs must allege:  "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001), *quoting Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).  In addition, as this Court previously stated, the Plaintiffs are required to inform "*each defendant* of the nature of his alleged participation in the fraud."  *Brooks*, 116 F.3d at 1381 (emphasis added), *quoting, Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994); *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007).

Here, even though Plaintiffs added 40 pages of new allegations, and 152 pages of new documents to the previous pleading, the First Amended Complaint again falls short of satisfying the heightened pleading standard. While Plaintiffs allege that they will "vigorously oppose" a Rule 9(b) challenge, they do not include the detailed allegations required. Again, the Plaintiffs fail to identify a *single specific act* taken by Feinberg individually or any dealings between the Plaintiffs and Feinberg giving rise to their alleged claims. They fail to allege the time or place of any oral statements that he made. They do not identify or attach any documents showing that he made any written representations. Although Plaintiffs claim that there are "detailed" factual allegations, the voluminous complaint alleges no details as to misconduct by Feinberg.

On the contrary, most of the allegations against Feinberg center on the fact that he was a director of Little Pearls and as such is allegedly liable for fraudulent acts of others. (First Am. Compl. ¶¶ 148, 173, 219, 227). Beyond the allegation that Feinberg started Little Pearls and transferred it to Fischer (First Am. Compl. ¶¶ 27, 28), the only allegations related to Feinberg consist of general conclusory statements that "he knew or should have known," or that he "ratified and approved" of Fischer's wrongdoing. See, e.g., First Am. Compl. at ¶¶ 20, 21, 66, 105, 149, 150, 174, 220, 227-30, 240, 264, 280-81, 283, 285, 304, 312, 314-15, 318. Plaintiffs fail to allege a single fact to support the conclusory claim that Feinberg had knowledge of or ratified Fischer's alleged wrongdoing at the time of the wrongdoing. Indeed, Plaintiffs allege that he acted "behind the scenes." (First Am. Compl. ¶ 49). The only "specific" allegation as to Feinberg, is the allegation that Fischer consulted with him *after* licensing issues arose. (First Am.

Compl. ¶¶ 102, 104, 297). There are no further allegations concerning his alleged consultation. Plaintiffs fail to allege any facts in support of these conclusory allegations.

Even under the more relaxed pleading standard recognized in *United States ex. rel. Butler v. Magellan Health Services, Inc.*, 74 F. Supp. 2d 1201 (M.D. Fla. 1999), Plaintiffs' allegations are insufficient. In that case, the court explained that the "clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." *Id*. at 1215, *quoting*, *United States ex. rel. Stinson v. Blue Cross Blue Shield of Georgia*, 755 F. Supp. 1040, 1052 (S.D. Ga 1990) ("*Stinson I*"). If an alleged fraud "occurred over an extended period of time and consisted of numerous acts, the specificity requirements are applied less stringently." *Butler*, 74 F. Supp. 2d at 1215. Even in that instance, the complaint still needs to "adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." *Id*. *quoting*, *Stinson I*, 755 F. Supp. at 1052. Just like the previous complaint, the First Amended Complaint fails to meet the Rule 9(b) standard and more closely resembles the type of case the rule was intended to preclude -- a fraud case where all facts are learned through discovery after the complaint is filed.

In this case, Plaintiffs allege repeatedly that Little Pearls did not have a license to perform adoption services in the Nam Dinh province of Vietnam when they began the adoption process by hiring Little Pearls. There are also allegations and documents purporting to demonstrate that the entire adoption process in Vietnam was corrupt. (First Am. Compl. at Exs. A & B). As to Feinberg, they do not allege any specific facts to support an inference of fraud on his part. Plaintiffs claim that information linking him to the fraud is only available through discovery. (First Am. Compl. ¶ 49). However,

Plaintiffs made the same allegation in the previous complaint, contending that they had no way of knowing who wrote the letters and emails they received. Unlike the earlier complaint, the amended pleading attaches nine exhibits, including 126 pages of emails, letters and other documents. (First Am. Compl. Exs. C-K). Not one of those documents was authored by Feinberg. From the face of the documents, there is no indication that the documents were directed to him or received by him. The factual allegations repeatedly allege that "Defendant Fischer emailed…[this or that]." In fact, paragraph 284 specifically alleges that "Fischer was the party at Little Pearls who actually sent the emails . . . with the false assertions and representations." Not once is there an allegation that Feinberg emailed or contacted any of the Plaintiffs. The only mention of Feinberg is that Fischer consulted with him concerning the licensing issues "*after* the licensing scandal broke." (First Am. Compl. ¶ 297)(emphasis added). Plaintiffs should not be permitted to circumvent the requirements of Rule 9(b) simply by painting broad allegations of fraud that somehow must have included Feinberg. Counts 1, 3, 6, 7, and 9 all fail to meet the heightened pleading requirements of Rule 9(b). Accordingly, this Court should dismiss counts 1, 3, 6, 7, and 9.

### B. Plaintiffs' Claims for RICO Violations Should be Dismissed as Against Feinberg.

In the First Amended Complaint, Plaintiffs allege claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under § 1962(c) (Count 6) and § 1962(d) (Count 7). A violation of § 1962(c) "requires: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). Plaintiffs' claims under § 1962(d) allege a conspiracy to commit a violation of § 1962(c). A "pattern" of "racketeering activity"

9

requires at least two acts of racketeering activity, which must be related and demonstrate criminal conduct. *Sedima*, 473 U.S. at n.14. Racketeering activity itself is defined as any violation of any of the enumerated criminal statutes, which include mail (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343).

As noted previously, the heightened pleading requirements of Rule 9(b) apply to civil RICO claims. *Ageloff v. Kiley*, 318 F. Supp. 2d 1157 (S.D. Fla. 2004); *Plunkett v. Poyner*, No. 08-60953-CIV, 2009 WL 5176542 at *4 (S.D. Fla. Dec. 22, 2009) (holding that a RICO plaintiff must plead mail fraud and wire fraud with particularity under Rule 9(b)). Just as in all garden-variety fraud claims, the particularity requirement requires the pleader to distinguish among and between defendants. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1381 (11th Cir. 1997) (affirming dismissal "for failure to plead fraud with the requisite specificity *as to each of the Defendants*") (emphasis added); *Cordova v. Lehman Bros., Inc.*, 526 F. Supp. 2d 1305, 1313 (S.D. Fla. 2007) (dismissing statutory fraud claims where "Plaintiffs refer to Defendants collectively" rather than "stating clearly how they are attributable"), *vacated in part*, *on other grounds*, *Puterman v. Lehman Bros., Inc.*, No. 08-10189, 2009 WL 1492256 (11th Cir. May 29, 2009); *McAdams v. Greenberg Traurig, LLP,* No. 1:06-CV-1778, 2007 WL 2310112, at *6 (N.D. Ga. Aug. 9, 2007) (dismissing fraud claims because "Rule 9(b) does not allow a complaint to merely 'lump' multiple defendants together") (unreported).

In this case, just as in the prior complaint, the First Amended Complaint continues to improperly "lump" the defendants together. First, Plaintiffs allege that Little Pearls is an enterprise within the meaning of RICO. (First Am. Compl. ¶ 272). Next, Plaintiffs allege that both Feinberg and Fischer are persons who "associated with and/or

participated in the conduct of said enterprise's affairs." (First Am. Compl. ¶ 273). Then, in conclusory fashion, Plaintiffs allege that "the previous allegations to the complaint have chronicled multiple fraudulent representations made to the Plaintiffs *by the Defendants*." (First Am. Compl. ¶ 274) (emphasis added). Again, Plaintiffs fail to identify any specific fraudulent representation made by Feinberg and basically lumps him in with Fischer. Plaintiffs also allege – without any supporting facts - that Fischer and Feinberg were both involved in the day to day operations of Little Pearls. (First Am. Compl. ¶ 276). Within the RICO claims, Plaintiffs also use the vague allegation that Fischer "and/or" Feinberg did certain things, which makes it impossible to determine who has actually done what.[1] (First Am. Compl. ¶¶ 288, 289, 293, 299). Specifically concerning Count 7, the conspiracy to commit RICO violations, Plaintiffs fail to allege any underlying facts to support the general claims that Feinberg conspired with Fischer. The allegations do not meet the pleading requirements of Rule 9(b). This Court should dismiss the RICO claims in Counts 6 and 7.

  **C.** **Count 2 for Breach of Contract Should be Dismissed Because Plaintiff Has Not and Cannot Allege that Little Pearls was Established or Used for Fraudulent Purposes.**

Plaintiffs' claims for breach of contract against Feinberg should be dismissed. First, it is undisputed that Feinberg is not a party to any of the contracts. Defendant,

---

[1] Although not a federal case, the Florida Supreme Court disdains the use of "and/or" in pleading. "[T]he use of the alternative, conjunctive phrase "and/or" it is sufficient to say. . . [i]t is one of those inexcusable barbarisms which was sired by indolence and dammed by indifference and [has no place in legal terminology]. *Cochrane v. Florida East Coast Railway Co.*, 107 Fla. 431, 145 So. 217, 219 (Fla. 1932).

11

Little Pearls is the party with whom Plaintiffs contracted. Feinberg was only a corporate director.

Under Florida law, a director of a corporation may be held personally liable on a corporate contract if the corporate entity was "established or used for fraudulent purposes." *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992), *quoting*, *Charter Air Center, Inc. v. Miller*, 348 So. 2d 614, 616-17 (Fla. 2d DCA 1977).

However, personal liability does not attach unless the person to be held liable participated in the wrongful conduct leading to damage. *Home Loan Corp. v. Aza*, 930 So. 2d 814 (Fla. 3d DCA 2006). In *Aza*, the Third District explained that a corporate director is not personally liable for a corporation's torts simply because of his capacity. To incur personal liability, he must have "participated in the wrong." *Id*. at 815. Thus, a director who commits no wrongdoing is not liable for the wrongful acts of other directors. *Id*. Only a director who "participates in the commission of a tort. . . is liable to third persons injured thereby. *Id*. at 815-16. In this case, Plaintiffs have not alleged that Feinberg engaged in any wrongful conduct. Even if Little Pearls, or Fischer committed fraud, there are no allegations that Feinberg participated. As a director, Feinberg owes a fiduciary duty to the corporation, not its creditors. *Connolly v. Agostino's Ristorante, Inc.*, 775 So. 2d 387, 388 (Fla. 2d DCA 2000). Therefore, even if Plaintiffs can successfully pierce the corporate veil, Feinberg is not personally liable to them unless he participated in the wrongful conduct.

Here, the Plaintiffs fail to allege that Feinberg had any control over the assets of Little Pearls. They also fail to allege that Feinberg participated in any fraudulent conduct. Even if true, under Florida law Plaintiffs' allegations are insufficient to hold a

director like Feinberg personally liable. *Derrick v. Clemons*, 576 So. 2d 939 (Fla. 5th DCA 1991). The only allegations directly against Feinberg are that he "ratified and approved" the misconduct of others. This blanket allegation is wholly unsupported by any underlying facts. Such allegations are insufficient.

Moreover, Count 2 is defective because it does not specify which defendant engaged in what conduct. Count 2 alleges that "Defendants" collectively engaged in acts. For example, the First Amended Complaint alleges that:

"Defendants" received the Plaintiffs' money; (First Am. Compl. ¶ 255)

"Defendants" breached the contract by offering adoptions that "they" could not complete; (First Am. Compl. ¶ 256).

Plaintiffs contracted with "the Defendants" to facilitate the adoptions; (First Am. Compl. ¶ 257)

As a result of the "Defendants' conduct; (First Am. Compl. ¶ 259).

"Defendants" have damaged the Plaintiffs (First Am. Compl. ¶ 260).

These allegations are insufficient to subject a corporate director to personal liability. This Court should dismiss Count 2.

### D. Count 8 for Negligence is Barred by the Economic Loss Rule.

Plaintiffs assert a claim for negligence on the grounds that adoptions were offered in Vietnamese provinces without proper licenses. (First Am. Compl. ¶ 303). The claim duplicates the contract claim which alleges that the Defendants breached the contract by offering adoptions they could not complete. (First Am. Compl. ¶ 256).

In sum, the negligence claim is based on the same conduct that forms the basis for the breach of contract claim, and, therefore, is barred by the economic loss rule. *See HW*

*Aviation LLC v. Royal sons, LLC*, 2008 WL 4327296 at *3 (M.D. Fla. Sept. 17, 2008). Under Florida law, "the economic loss rule prevents a party from bringing a separate action in tort to recover for economic losses resulting from a breach of contract." *Id.* at *4. This Court should dismiss Count 8.

### E.     This Court Lacks Subject Matter Jurisdiction.

Feinberg raised this issue in his first Motion to Dismiss, and raises it again because "[s]ubject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Iqbal*, 129 S. Ct. at 1945.

As previously set forth, Plaintiffs can establish federal jurisdiction only if there is a complete diversity of citizenship, or if a federal question is involved. In this case, the affirmative allegations of the First Amended Complaint demonstrate that there is not complete diversity of citizenship because all three defendants are Florida residents and two of the Plaintiffs (Sean and Lori Boynton) also reside in Florida. (First Am. Compl. ¶¶ 7, 9, 11, & 12). Thus, there is no federal jurisdiction based on diversity of citizenship. To the extent that Plaintiffs rely on federal question jurisdiction because they have asserted RICO claims (First Am. Compl. ¶ 1), the RICO claims cannot support federal jurisdiction because they fail to state a claim for relief. *Plunkett*, 2009 WL 5176542 at *4. The Court should decline to exercise supplemental jurisdiction over state law claims unless and until the Plaintiffs are able to assert "a substantial and non-frivolous federal claim." *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1268 (M.D. Fla. 2008). Thus, this Court should dismiss this case because the Court lacks subject-matter jurisdiction.

### F. The First Amended Complaint Again Improperly Incorporates the Allegations of Each Prior Count.

Like the previous complaint, the First Amended Complaint is "framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts." *Cesnik v. Edgewood Baptist Church*, 88 F. 3d 902, 905 (11th Cir. 1996). The Plaintiffs "improperly incorporate allegations into counts that have no relevance to the claims raised in those counts." *Benoit v. Ocwen Fin. Corp.*, 960 F. Supp. 287, 290 (S.D. Fla. 1997). At the least, the Court should order Plaintiffs to amend their pleading to plead their separate causes of action separately by specifying which of the factual allegations apply in each count.

## II. CONCLUSION

Based on the foregoing, Feinberg respectfully requests that the Court enter an Order granting its motion and dismissing Plaintiffs' First Amended Complaint.

Respectfully submitted,

/s/ Jonathan B. Sbar
Jonathan B. Sbar, FBN 131016
Robert L. Rocke, FBN 710342
ROCKE, MCLEAN & SBAR, PA
2309 S. MacDill Avenue
Tampa, FL 33629
Email:  jsbar@rmslegal.com
Tel:  (813) 769-5600
Fax:  (813) 769-5601

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by the **CM/ECF filing system,** on the 13th day of December, 2010, to the following:

Sean C. Boynton, Esquire
Bush Ross, P.A.
1801 North Highland Avenue
Tampa, FL  33602
(813) 204-6494
(813) 223-9620 – FAX
Attorneys for Plaintiff

                                        /s/ Jonathan B. Sbar_____
                                         Attorney