# UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | |
|---|---|
| **SUZANNE & ROBERT CRAIG,** ) | |
| **SEAN & LORI BOYNTON,** ) | |
| **SUMMER ELIZANDO,** ) | Case No.:    10-cv-671-T30 TGW |
| **KEVIN & NICHOLE LUCAS,** ) | |
| Individuals, ) | Hon.:       James S. Moody, Jr. |
| ) | |
| Plaintiffs ) | |
| v. ) | |
| ) | |
| **LITTLE PEARLS ADOPTION** ) | |
| **AGENCY, INC.** ) | |
| a Florida For-Profit Corporation ) | |
| **DEBBIE FISCHER,** ) | |
| **and RICHARD FEINBERG,** ) | |
| Individuals, ) | |
| **Jointly and Severally,** ) | |
| Defendants. ) | |

Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs
Appearing *pro hac vice*
4084 Okemos Road, Suite B
Okemos, MI 48842
(517) 332-3390 (Phone)
(517) 853-0434 (Fax)
jfixel@fixellawoffices.com

Sean C. Boynton, Esquire
Bush Ross, PA
Local Counsel for Plaintiffs
1801 North Highland Ave.
Tampa, FL 33602
(813) 204-6494 (phone)
(813) 223-9620 (fax)

Jonathan B. Sbar (P131016)
Robert L. Rocke (P710342)
Rocke, McLean & Sbar, PA
Attorneys for Defendant Feinburg
2309 S. MacDill Ave.
Tampa, FL 33629
(813) 769-5600 (Phone)
(813) 769-5601 (Fax)
jsbar@rmslegal.com

## PLAINTIFFS' RESPONSE TO DEFENDANT FEINBURG'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

NOW COMES Plaintiffs, Suzanne and Robert Craig, Sean and Lori Boynton, Summer Elizando, and Kevin and Nicole Lucas who, by and through their duly appointed attorney, Joni M. Fixel of the Fixel Law Offices, and in response to the Defendant's Motion to Dismiss the First Amended Complaint against Richard Feinburg do hereby state as follows:

1. Plaintiffs have alleged that Defendant Feinburg, as a Director of a fraudulent enterprise, "ratified and approved" actions on the part of Deborah Fischer which he "knew or should have known" were taken with the intent to defraud hopeful adoptive couples from money by repeatedly lying and misrepresenting to them that the agency he directed was licensed to complete adoptions in a country in which they were not.

2. Defendant Feinburg now moves for summary disposition of the RICO conspiracy claim against him based on an alleged "failure to assert viable RICO claims."

3. Defendants would be hard pressed to argue that this complaint that is "40 pages longer than the previous complaint and incorporates 152 pages of documents which include emails and letters" do not prove a systematic pattern of wire fraud against Defendant Fischer.  Defendants do not, in fact, even attempt to argue that the allegations do not prove a pattern of wire fraud but, instead, argue that Defendant Feinburg is exempt from liability as a Director of the fraudulent enterprise because he did not himself make these representations.  This is a terrible reading of the RICO statute.

2

4. As the Supreme Court noted in a recent RICO decision, "[t]he RICO conspiracy provision, then, is even more comprehensive than the general conspiracy offense in § 371."[1]  Further, "a person may conspire for the commission of a crime by a third person" and "a person, moreover, may be liable for conspiracy even though he was incapable of committing the substantive offense."[2]

5. Wherefore, if Defendant Feinburg did, in fact, "ratify and approve" of Defendant Fischer's pattern of fraudulent representations to the Plaintiffs he is guilty of a RICO violation as a party complicit to the fraud.

6. Defendant Feinburg also asserts a right to dismissal because of failure to plead fraud with the particularity required by Fed.R.Civ.Pr. 9(b).  While it is true that 9(b) requires fraud to be plead with particularity, there is a recognized exception for information which is particularly within the control of the defendant.

7. Plaintiffs have not yet been allowed to conduct discovery of the internal communications and records of Little Pearls.  However, they are aware that Feinburg was the first person Fischer ran to when the Plaintiffs began to realize that she had been lying to them.  Plaintiffs are entitled, per the exception to Rule 9(b), to conduct discovery to determine the extent of Feinburg's involvement in the fraud.

8. Finally, the predicate act for the RICO claim, Wire Fraud, explicitly allows liability for one who "transmits or *causes to be transmitted*" false and misleading information. As a Director of Little Pearls, Defendant Feinburg may be guilty of the fraudulent act

---

[1] *Salinas v. US*, 522 US 52, 63 (1997)
[2] *Id.* (quoting, with deference, Justice Holmes' observation in *US v. Holte*, 236 US 140, 144 (1915) and also quoting *US v. Rabinowich*, 238 US 78, 86 (1915)).

if he "ratified and approved" Defendant Fischer's transmission of information he "knew or should have known" was false.

9. Defendant's argument pertaining to "improper incorporation of the allegations" is as inept and nonsensical as it was the last time they raised it and should be again ignored.

10. Defendants arguments pertaining to dismissal of the ancillary state claims based on their mistaken belief that the federal claim is deficient, should likewise be ignored.

WHEREFORE the Plaintiffs humbly request that this honorable court

1. DENY Defendant Feinburg's motion to dismiss the instant complaint; or, in the alternative,

2. Hold the dismissal in ABEYANCE until such time as Plaintiffs have had an opportunity to investigate, through discovery, precisely which of Defendant Fischer's many fraudulent actions he was aware of, directed, ratified, or approved in his capacity as a Director of the instrumentality of the fraud.

Respectfully Submitted,

Dated: December 22, 2010                            /s/ Joni M. Fixel
                                                    Joni M. Fixel (P56712)
                                                    Attorney for the Plaintiffs

## UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | | |
|---|---|---|
| **SUZANNE & ROBERT CRAIG,** | ) | |
| **SEAN & LORI BOYNTON,** | ) | |
| **SUMMER ELIZANDO,** | ) | Case No.:   10-cv-671-T30 TGW |
| **KEVIN & NICHOLE LUCAS,** | ) | |
| Individuals, | ) | Hon.:       James S. Moody, Jr. |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| **LITTLE PEARLS ADOPTION** | ) | |
| **AGENCY, INC.** | ) | |
| a Florida For-Profit Corporation | ) | |
| **DEBBIE FISCHER,** | ) | |
| **and RICHARD FEINBERG,** | ) | |
| Individuals, | ) | |
| **Jointly and Severally,** | ) | |
| Defendants. | ) | |

Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs
Appearing *pro hac vice*
4084 Okemos Road, Suite B
Okemos, MI 48842
(517) 332-3390 (Phone)
(517) 853-0434 (Fax)
jfixel@fixellawoffices.com

Sean C. Boynton, Esquire
Bush Ross, PA
Local Counsel for Plaintiffs
1801 North Highland Ave.
Tampa, FL 33602
(813) 204-6494 (phone)
(813) 223-9620 (fax)

Jonathan B. Sbar (P131016)
Robert L. Rocke (P710342)
Rocke, McLean & Sbar, PA
Attorneys for Defendant Feinburg
2309 S. MacDill Ave.
Tampa, FL 33629
(813) 769-5600 (Phone)
(813) 769-5601 (Fax)
jsbar@rmslegal.com

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESPONSE TO DEFENDANT
FEINBURG'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

Table of Contents..................................................................................................i

Table of Authority...............................................................................................ii

Facts.....................................................................................................................1

Argument.............................................................................................................2

   I.     Standard of Review.................................................................................2

   II.    Plaintiffs' Allegations Satisfy the *Iqbal* Standard................................3

   III.   Plaintiffs Have Stated a Claim for Violation of the RICO Act Against Feinburg – RICO Does <u>NOT</u> Require Each Conspirator to Commit Over Acts in Furtherance of the Conspiracy; Behind-the-Scenes Direction, Which Feinburg is Accused of, is Enough to Violate the Act.............................................................4

   IV.   Defendant Feinburg May be Guilty of Substantive Violations of the Wire Fraud Statute if he Directed Another to Transmit Inaccurate Information. Because the Allegations Show that he did so, Plaintiffs' Complaint States a Valid RICO Claim Against Him....................................................................................5

   V.    With the Specific Allegations Pertaining to Fischer's False Statements, Plaintiffs are Now Entitled to Use Discovery to Determine the Extent to Which Defendant Feinburg Was Involved in Her Decisions to Defraud Adoptive Families, Pursuant to the Exception to 9(b) for Information Which is Particularly in the Possession of the Defendant.........................................................................................7

   VI.   Defendant's Argument that the Federal RICO Claims are "Insubstantial and Frivolous" is Still Contraverted by Their Own Precedent...................................................................................8

   VII.  Dismissal is <u>Still</u> Not Warranted by any "Improper Incorporation" of Claims.......................................................................................8

   VIII. Defendant Feinburg's Reliance on the Economic Loss Rule is Misplaced...................................................................................9

Conclusion.........................................................................................................11

i

## <u>TABLE OF AUTHORITY</u>

**Federal Cases**

*Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009)........................................................................2,3

*Bridge v. Phoenix Bond & Indem. Co.,* 128 S.Ct. 2131 (2008)......................................5

*Cesnik v. Edgewood Baptist Church,* 88 F.3d 905 (11th Cir. 1996)................................9

*DiVittorio v. Equidyne Extractive Industries, Inc.* 822 F.2d 1242 (C.A.2 N.Y., 1987)..............7

*Emery v. Am. Gen. Fin. Inc.,* 938 F. Supp. 495 (N.D. Ill. 1996)................................6

*JPMorgan Chase Bank N.A. v. Winget,* 510 F.3d 577 (6th Cir. 2007)..........................2

*Pinkerton v. United States,* 328 U.S. 640 (1946)......................................................5

*Salinas v. U.S.,* 522 U.S. 52 (1997)..........................................................................4,5

*United States v. Rabinowich,* 238 U.S. 78 (1915)......................................................5

*United States v. Holte,* 236 U.S. 140 (1915)..............................................................5

*United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150 (1940).................................5


**Florida Cases**

*Indemnity Ins. Co. of North Am. v. Am. Aviation, Inc.,* 891 So.2d 532 (Fla. 2004).................10

*Vest Const. and Design, L.L.C. v. Lotspeich & Ass., Inc.,*
    974 So.2d 1176 (Fla. 5th DCA 2008).....................................................10


**Statutes & Court Rules**

Fed.R.Civ.Pr. 9(b)........................................................................................................7

18 USC § 1343...............................................................................................................6

18 USC § 1961...............................................................................................................6

18 USC § 1962.............................................................................................................4,5

## FACTS

This claim stems from the activities of the Little Pearls Adoption agency. As the Complaint and First Amended Complaint to the instant matter detail, the employees of Little Pearls made repeated false statements to hopeful adoptive parents in order to secure wrongful payment of adoptive fees to them. As Defendant Feinburg has presently expressed confusion as to the allegations against him, this brief shall concentrate on his involvement in the scam.

Defendant Feinburg started the Little Pearls Adoption Agency, but sold it to Defendant Fischer in approximately 2005. *First Am. Comp.*, Doc. 25 at ¶ 27. Defendant Feinburg discovered that, according to Vietnamese law, a license to conduct foreign adoptions could not be sold outright. For this reason, he continued to serve as a Director of the organization. *Id.* at ¶ 28. Defendant Feinburg would later lie to the hopeful adoptive families of the agency and claim that he had "nothing to do with it" when, in fact, he continued to take an active role in the organization. *Id.* at ¶¶ 29, 30. Feinburg was, in fact, the Director of Little Pearls Adoptions, Inc. all through the fraud in question. Despite his assurance that he had "nothing to do with" the agency, Defendant Feinburg was the first person Defendant Fischer contacted when the Plaintiffs discovered that she had been lying to them about the licensing status of the agency. *Id.* at ¶¶ 31, 102-105, 297. She admitted to having met with him and discussed how to handle the situation. After she met with him, she continued to make false representations which were designed to get the Plaintiffs to refrain from immediately demanding refunds of the fees they had paid and placated them with false hope that the adoptions which were promised were possible.

While Little Pearls was under the direction of Feinburg, the agency engaged in a series

and pattern of fraudulent behavior directed at hopeful adoptive families.  The agency lied that fees were being collected to pay Vietnamese adoptive officials, while the agency was actually pocketing the cash.  *Id.* at ¶¶ 42, 141, 191, 226, 244.  Little Pearls advertised on a website that they were licensed to conduct adoptions in Vietnam and Nam Dinh.  This assertion was false.  *Id.* at ¶¶ 66, 210, 228, 236, 264, 265.  Fischer represented to adoptive families in direct communications that the agency was licensed when, in fact, it was not.  *Id.* at ¶¶ 172, 184.

The full extent of Feinburg's involvement in the Little Pearls fraud cannot be ascertained without conducting discovery.  But, the allegations show (1) that he was a director of Little Pearls while agency personnel were performing fraudulent acts, (2) when the Plaintiffs learned that they had been lied to about the licensing status of the agency, Defendant Fischer immediately consulted Feinburg, which goes to show that he was involved in the agency right along, (3) Fischer sent the Plaintiffs an email indicating "I am meeting with Ric" in response to their concerns.  The allegations also suggest that Fischer conspired with Feinburg to conduct in a pattern of racketeering activity in violation of 18 USC § 1962, *Id.* at ¶¶ 16-54, 298.


## ARGUMENT

### I.    Standard of Review

A motion for dismissal under Fed.R.Civ.Pr. 12(b)(6) seeks a judgment on the pleadings for failure to state a claim upon which relief may be granted.  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving

party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted). Plaintiff concedes that, as Defendant asserts, *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) is the most current authority on the standards a pleading must satisfy in order to avoid dismissal for failure to state a claim. However, Plaintiff does not assent that the out-of-context mishmash of quotations from the case that Defendant relies upon adequately represents the current state of the law.

## II. Plaintiffs' Allegations Satisfy the *Iqbal* Standard.

In *Iqbal*, the Plaintiff, a Muslim man, was arrested on criminal charges after the September 11 attacks. He filed a *Bivens* action against numerous federal officials, including then US Attorney General John Ashcroft and then Director of the FBI Robert Mueller, alleging a policy of invidious discrimination towards Muslims. The Complaint alleged only that Ashcroft was the "principle architect" of an invidious policy towards Muslim Americans, and that Mueller was "instrumental" in adopting and executing it. *Id.* at 1951. In dismissing the claims against Ashcroft and Mueller, the Court noted that

> [t]hese bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, namely, that petitioners adopted a policy " 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." As such, the allegations are conclusory and not entitled to be assumed true. To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical.

*Id.*

The more salient portion of the *Iqbal* analysis was when the Court noted that

3

[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly* **the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.** A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Iqbal,* 129 S.Ct. at 1949 (2009) (internal citations omitted, emphasis added).

The situation in *Ashcroft* was that the plaintiff did not allege any specific acts, other than to say, essentially, "the elements of this legal claim are satisfied." The court noted that this bald, formulaic recitation of the elements was insufficient and conclusory under the standard. In the instant case, Plaintiffs have alleged that Julie Fischer made a series of false and misleading statements to them in order to con them into paying adoptive fees for an adoptive process which was impossible in light of the regulatory climate and the fact that the agency **was not licensed**. The Plaintiffs have alleged that Defendant Feinburg, as a director of the agency which was the instrumentality of this fraudulent activity, ratified and approved all of the action which Fischer took on the agency's behalf which were fraudulent. Further, they have alleged that Feinburg was counseled after the news that the agency was not licensed got to the adoptive families which goes to show that he was aware of the fraudulent activity and was involved in the agency during all of its fraudulent acts. As shall be shown, this behavior is enough to support a claim of RICO conspiracy against him.

**III.   Plaintiffs Have Stated a Claim for Violation of the RICO Act Against Feinburg – RICO Does <u>NOT</u> Require Each Conspirator to Commit Over Acts in Furtherance of the Conspiracy; Behind-the-Scenes Direction, Which Feinburg is Accused of, is Enough to Violate the Act.**

4

Defendant Feinburg acknowledges that Plaintiffs have attached documentation of the numerous false and fraudulent emails which they were sent by Defendant Fischer as a representative of the Little Pearls Adoptive agency. *See, eg, Def's "Memorandum of Law,"* Doc. 26 at *9. They contend, however, that because Feinburg was not the author of the fraudulent emails he cannot be liable for violation of the RICO Act. This, simply, is not an accurate read of the RICO conspiracy statute.

The RICO Conspiracy statute provides that "it shall be unlawful for any person to conspire to violate any provisions of subsection (a), (b) or (c) of this section." *Salinas v. U.S.,* 522 U.S. 52, 63 (1997) (quoting 18 USC § 1962(d)). Further,

> **There is no requirement of some overt act or specific act in the [RICO] statute before us,** unlike the general conspiracy provision applicable to federal crimes, which requires that at least one of the conspirators have committed an "act to effect the object of the conspiracy." § 371. The RICO conspiracy provision, then, is even more comprehensive than the general conspiracy offense in § 371."

*Id, emphasis added.*

The *Salinas* court provided a recitation of RICO conspiracy law that is instructive to the present case.

> **A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense.** See *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 253-254 (1940). The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other. *See Pinkerton v. United States,* 328 U.S. 640, 646 (1946) ("And so long as the partnership in crime continues, the partners act for each other in carrying it forward"). **If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators.** As Justice Holmes observed: "[P]lainly a person may conspire for the commission of a crime by a third person." *United States v. Holte,* 236 U.S. 140, 144 (1915). A person, moreover, may be liable for conspiracy even though

he was incapable of committing the substantive offense. *United States v. Rabinowich,* 238 U.S. 78, 86 (1915).

*Id.*, at *63-64, internal quotations Court's, emphasis added.

The Supreme Court was very clear:  in order to be charged with conspiracy in a RICO suit, one does **not** have to have committed the fraudulent act herself.  It is enough that she facilitated the illegal acts by providing support for the conspiracy.  The court also specifically stated that "It makes no difference that the substantive offense under § 1962(c) requires two or more predicate acts. **The interplay between subsections (c) and (d) does not permit us to excuse from the reach of the conspiracy provision an actor who does not himself commit or agree to commit the two or more predicate acts requisite to the underlying offense.**"

*Id.*, at *65, emphasis added.

### IV.   Defendant Feinburg May be Guilty of Substantive Violations of the Wire Fraud Statute if he Directed Another to Transmit Inaccurate Information.  Because the Allegations Show that he did so, Plaintiffs' Complaint States a Valid RICO Claim Against Him.

As Defendant Feinburg correctly notes a civil plaintiff may prevail on a RICO claim by showing (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See, eg Bridge v. Phoenix Bond & Indem. Co.,* 128 S.Ct. 2131 (2008); 18 USC §§ 1962(a) – (d).  A RICO claim must assert a *pattern of Racketeering Activity* by showing at least two predicate acts.  *Emery v. Am. Gen. Fin. Inc.,* 938 F. Supp. 495, 499 (N.D. Ill. 1996); 18 USC § 1961(5). Wire fraud, as defined by 18 USC § 1343, may constitute the predicate act.  18 USC § 1961(1)(b).

18 USC § 1341, the federal Wire Fraud statute, provides that

6

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, *transmits or **causes to be transmitted*** by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 USC § 1343

Anyone who transmits fraudulent information, or *causes it to be transmitted*, has committed wire fraud. A reasonable person could conclude that Feinburg, as the Director of Little Pearls Adoption Agency, had the authority to direct the activities of other persons in the agency. Other persons in the agency made false representations over the wires. Defendant Fischer repeatedly made false representations to hopeful adoptive clients of AIP that the agency was properly licensed to conduct adoptions in Vietnam, and the Nam Dinh and Vinh Ha provinces. The agency, in fact, was not so licensed and Fischer knew or should have known it. And, Defendant Fischer repeatedly represented to hopeful adoptive parents that they were being charged monies to be paid to Vietnamese adoptive officials when, in fact, Little Pearls pocketed the cash. The allegations show that Defendant Feinburg directed her to do so because he was, after all, Director of the Little Pearls Agency. If he did direct, encourage, or ratify her decision to perform these crimes, he 'caused false information to be transmitted' in pursuit of a 'scheme to defraud' and he is liable for a violation of the wire fraud statute.

**V.      With the Specific Allegations Pertaining to Fischer's False Statements, Plaintiffs are Now Entitled to Use Discovery to Determine the Extent to Which Defendant Feinburg Was Involved in Her Decisions to Defraud**

**Adoptive Families, Pursuant to the Exception to 9(b) for Information Which
is Particularly in the Possession of the Defendant.**

The allegations pertaining to the false statements made by Defendant Fischer have

been plead with the particularity necessary to evade a Fed.R.Civ.Pr. 9(b) challenge.   As

Defendant Feinburg repeatedly complains, the First Amended Complaint includes "152 pages

of documents" and 319 paragraphs detailing the particular false statements that Fischer made

on behalf of AIP.   As previously established, Feinburg is equally responsible for violations of

the wire fraud statute and for violation of RICO's prohibition on conspiracy to commit a

fraudulent enterprise if he directed, ratified, or approved of these statements.   Because his

involvement was limited to directing Fischer's activities behind the scenes, however, Plaintiffs

do not and cannot yet possess any direct evidence of his involvement in the fraud. This is

precisely the sort of situation which a recognized exception to 9(b) was designed to prevent.

> Rule 9(b) is designed to further three goals: (1) providing a defendant fair notice
> of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant
> from harm to his reputation or goodwill; and (3) reducing the number of strike
> suits. Further, Rule 9(b) pleadings cannot be based upon information and belief.
> *There is a recognized exception to this rule, however, that fraud allegations may be
> so alleged as to facts peculiarly within the opposing party's knowledge, in which
> event the allegations must be accompanied by a statement of the facts upon which
> the belief is based.*

*DiVittorio v. Equidyne Extractive Industries, Inc*. 822 F.2d 1242, 1247 (C.A.2 N.Y., 1987)
(citing authorities) (emphasis added).

Plaintiffs have been given no chance to conduct discovery against Defendant Feinburg,

because he has refused to answer the Complaint and submit to discovery.   Plaintiffs are

entitled to determine what, precisely, his role as "Director" of Little Pearls entailed.   Fischer

made repeated false statements on behalf of an organization which he was in charge of,

8

responsible for, and positioned to profit from.  Plaintiffs have an absolute right to subject him

to Discovery to determine his role in the scam before letting him off the hook.

### VI.  Defendant's Argument that the Federal RICO Claims are "Insubstantial and Frivolous" is Still Contraverted by Their Own Precedent.

As in his previous Motion to Dismiss, Defendant Feinburg argues that this Honorable

Court lacks subject matter jurisdiction because "the Court should decline to exercise

supplemental jurisdiction over state law claims unless and until the Plaintiffs are able to assert

a substantial and non-frivolous federal claim."  *Def's Brief*, Doc. 26 at *14.  This argument

would make sense only if the RICO claims against the adoptive agency were, in fact,

insubstantial and frivolous.  In *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902 (11th Cir. 1996)

a case which **defendant Feinburg relies upon** (Doc. 26 at *15), a federal court found that

allegations of fraud in the operation of an adoption agency were sufficient to satisfy RICO,

for reasons very similar to those discussed above.  In *Cesnik*, an adoption agency was accused

of using mail and wire fraud to make false representations to adoptive parents.  The court held

that the factual allegations precluded summary dismissal of a RICO claim.  *Id.*  Because the

RICO claims are, in light of **defendant Feinburg's own precedent**, "substantial and non-

frivolous" the Court should ignore this entire line of reasoning on Defendant Feinburg's part.

### VII.  Dismissal is Still Not Warranted by any "Improper Incorporation" of Claims.

Defendant Feinburg once again regales us with his argument that "[t]he Complaint is

'framed in complete disregard of the principle that separate, discrete causes of action should be

plead in separate counts'" because it "improperly incorporates allegations into counts that have no relevance to the claims raised in those counts." *D's Brief* at "Pages 5-6." This argument is based on the same inadequate reading of their own precedent as the last time they raised this argument and should again be ignored.

Defendant once again relies on *Cesnik v. Edgewood Baptist Church*, 88 F.3d at 905 (11th Cir. 1996) for their contention that Plaintiff's complaint is "framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts." As described in more detail in Plaintiff's Response to Defendant's First Motion to Dismiss, *Cesnik* dealt with a situation where each of the alleged counts listed multiple causes of action. For instance, *Cesnik's* "count three may be alleging five discrete causes of action: three federal and two state claims." *Id* at *906. The instant claim is distinguishable from *Cesnik* in that it does not come even close to the level of muddled pleadings found in *Cesnik*. Each of the 9 counts has only one cause of action contained therein. Defendant in no way alleges that any of these counts allege multiple "discrete causes of action" as was the case in *Cesnik*. They cannot do so, because there are no compound counts the like of which were plead in *Cesnik*.

Defendant Feinburg's grasp of his own precedent remains woefully inadequate. The First Amended Complaint does not display anywhere near the pleading deficiencies the court encountered in the *Cesnik* case. Further, contrary to Defendant's assertion, *Cesnik* did not dismiss the claim for these alleged deficiencies, it merely gave Plaintiffs leave to amend. As a whole, Defendant's argument fails for want of even a cursory grasp of their own precedent.

## VIII.   Defendant Feinburg's Reliance on the Economic Loss Rule is Misplaced

Defendants seem to argue that, because Plaintiffs were in contractual privity with the Little Pearls Adoption agency, they are prevented from seeking tort damages against Defendant Feinburg.  This represents the common misconception of the rule, promulgated by many defense attorneys, that one cannot pursue tort claims against one to whom they have entered into a contract.  In reality, the rule represents only a prohibition on piling on damages in tort when one's economic expectations have been defeated through breach of contract. The rule does **not**, however, prevent one who has been damaged by both a breach of contract and tortious behavior from the same party to seek full recompense.

In *Vest Const. and Design, L.L.C. v. Lotspeich & Ass., Inc.,* 974 So.2d 1176, 1181 (Fla. 5th DCA 2008) it was noted that "[t]he economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic."  *Id.,* at 1179 (*quoting Indemnity Ins. Co. of North Am. v. Am. Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004)).  The same case explained that "[e]conomic losses are, simply put, disappointed economic expectations."  *Id.*  The *Vest* court noted that the Florida Supreme Court discussed the purpose of the rule, reciting that "[a] party to a contract who attempts to circumvent the contractual agreement my making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than originally made.  Thus, when the parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed through their contractual agreement.  Accordingly, courts have held that a tort action is barred when a

11

defendant has not committed a breach of duty apart from a breach of contract." *Id*, at 1179 (*quoting Indemity Ins., supra.*)

Read accurately, the Economic Loss Rule is a doctrine which prevents parties subject to a breach of contract from bringing tort actions in place of the breach actions to pile on their damages and get a "better bargain than originally made." This has nothing to do with a situation, as in the instant situation, where a party to a contract has elected to commit a tort against the person to whom they have contracted. Plaintiffs contracted to have an adoption completed. It was not completed and they are entitled to rescission and their money back. The contract was an instrumentality of a RICO fraud perpetrated against them. They are entitled to damages under that statute as well. And, Defendants were negligent in representing that an adoption was possible when, in fact, it was not. Plaintiffs were injured when, relying on this negligent misrepresentation, they paid moneys to third parties to complete an adoption which was impossible. Plaintiffs are entitled to negligence damages as well.

Once again, Defendants have ignored the meaning of the legal terms which they are applying. The Economic Loss Rule is in no way applicable to the instant case because the Plaintiffs are not alleging a tort to pile on damages for an economic loss.

## CONCLUSION

For the reasons stated above, Plaintiffs request that Defendant Feinburg's Motion to Dismiss Plaintiffs' First Amended Complaint be DENIED in its entirety. Or, in the alternative, Plaintiffs request that dismissal be STAYED until such time as they are allowed to

conduct Discovery to determine the extent of Feinburg's involvement and ratification of Fischer's fraudulent misrepresentations.

Respectfully Submitted,

Dated:  December 22, 1010

/s/ Joni M/. Fixel_____

Joni M. Fixel (P56712)

Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint was furnished by the Court's CM/ECF filing system on **December 22, 2010** to the following:

Jonathan B. Sbar (P131016)
Rocke, McLean & Sbar, PA
Attorneys for Defendant Feinburg
2309 S. MacDill Ave.
Tampa, FL 33629
(813) 769-5600 (Phone)
(813) 769-5601 (Fax)
jsbar@rmslegal.com

Dated:  December 22, 1010

/s/ Joni M/. Fixel_____

Joni M. Fixel (P56712)

Attorney for the Plaintiffs