

FILED

11 JAN 27 AM 9:55

CLERK
MIDDLE...
TAMPA...

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SUZANNE & ROBERT CRAIG, SEAN & )
LORI BOYNTON, SUMMER ELIZANDO, )
KEVIN & NICHOLE LUCAS, )
                                                  )
        Plaintiffs,          )   Case No.: 8:10-cv-671-T30 TGW
                                                  )
vs.                                               )

LITTLE PEARLS ADOPTION AGENCY, )
INC., a Florida for Profit Corporation, )
DEBBIE FISCHER and RICHARD )
FEINBERG, individuals, jointly and severally, )
                                                  )
        Defendants.        )
_____ )

## DEFENDANT DEBBIE FISCHER'S
## MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
## AND SUPPORTING MEMORANDUM OF LAW

In accordance with Federal Rule of Civil Procedure 12(b)(6), Defendant Debbie Fischer ("Fischer") moves to dismiss the First Amended Complaint as follows:

1.     Plaintiffs' First Amended Complaint suffers from the same pleading defects as its original Complaint.

2.     Plaintiffs assert claims against Feinberg and codefendants, Little Pearls Adoption Agency, Inc. ("Little Pearls") and Debbie Fischer ("Fisher"), arising out of the unsuccessful adoption of children from Vietnam. Plaintiffs and Little Pearls entered into four separate adoption contracts (the "Contracts"). The Contracts were attached to and incorporated in the initial Complaint, but they are not attached as exhibits to the First Amended Complaint.

3. Fischer is sued solely in her capacity as a former director of Little Pearls. Feinberg started the agency and is the stockholder in Little Pearls. Fischer was a director in the agency, starting in June 2007 and acted solely in her capacity as a director of Little Pearls.

4. The First Amended Complaint alleges seven claims: (a) Count 1 for Breach of Contract Fraud and Fraud in the Inducement, (b) Count 2 for Breach of Contract, (c) Count 3 for Innocent Misrepresentation, (d) Count 4 for Intentional Infliction of Emotional Distress (e) Count 5 for Acts Violating the Mail and Wire Statutes (f) Counts 6 and 7 for Racketeer Influenced and Corrupt Organizations Act under both 18 U.S.C. §§ 1962(c) and 1962(d), (g)Count 8 for negligence, and (h) Count 9 for Contract Negligent Misrepresentation. All counts are asserted against Fischer.

5. As detailed in the supporting memorandum below, the claims are substantively and procedurally deficient and should be dismissed. The claims for fraud in the inducement, RICO violations and negligent misrepresentation fail to satisfy the heightened pleading standard for fraud set forth in Federal Rule of Civil Procedure 9(b). Because Plaintiffs are unable to assert viable RICO claims, the Court lacks subject matter jurisdiction.

6. Like the previous Complaint, the First Amended Complaint is deficient in its entirety because each claim improperly incorporates all of the allegations of subsequent claims.

## MEMORANDUM OF LAW

The First Amended Complaint suffers from the same pleading defects as the original Complaint. Although the amended complaint is 40 pages longer than the previous complaint and incorporates 152 pages of documents which include emails and letters, the additional words and documents still fail to identify any particular misconduct or wrongdoing on the part of Fischer. The First Amended Complaint does nothing to cure the deficiencies the Court identified in its October

25, 2010 Order. Plaintiffs, again, have failed to identify and it is impossible to discern which facts support which counts.

### STATEMENT OF FACTS TAKEN AS TRUE FOR THIS MOTION TO DISMISS

Notwithstanding the length and redundancy of the First Amended Complaint, the factual allegations are simply stated. Accepting the allegations are true, Plaintiffs allege that they wanted to adopt children from Vietnam and that Little Pearls advertised that it was licensed to perform adoption services there. Plaintiffs contracted with and paid fees to Little Pearls for adoption services. The adoptions were never consummated, and Little Pearls refused to refund the monies paid.

Plaintiffs allege two facts to establish her alleged culpability: (1) her position as a director of Little Pearls; and (2) the fact that she consulted with Feinberg after the licensing issues surfaced. (First Am. Compl. ¶¶ 148, 173, 219, 228). The First Amended Complaint should be dismissed with prejudice as to Fischer.

The First Amended Complaint should be dismissed with prejudice as to Fischer.

### I.   STANDARD ON A MOTION TO DISMISS.

The Court measures the sufficiency of the allegations against the standard outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In *Twombly*, the Supreme Court held that a complaint's allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Twombly*, 550 U.S. at 555-56; *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007). The *Twombly* Court explained this "does not impose a probability requirement at the pleading stage," but "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" misconduct required for relief." *Twombly*, 550 U.S. at 556. The Court held that a complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements

of a cause of action," and that that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555. A "bare assertion" of the elements required to make a claim is not enough, but a claim needs "some further factual enhancement" to get it from "possibility" to the requisite "plausibility" required for relief. *Id.* at 556-57.

The plausibility test "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 U.S. at 1949. Mere "naked assertions devoid of further factual enhancement" do not suffice. *Iqbal*, 129 S. Ct. at 1949. Where the alleged facts only permit the court to infer a "mere possibility of misconduct," the complaint has not shown "that the pleader is entitled to relief." *Iqbal*, 129 U.S. at 1950.

Even when viewed in the light most favorable to Plaintiffs, the First Amended Complaint fails to meet the plausibility requirement. When making the determination of plausibility, a court may rely upon judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1940. Through the prism of common sense, as to Fischer, Plaintiffs' allegations must fail. Other than mirroring the words of the statutes, and naked assertions of Fischer's conduct, Plaintiffs offer nothing in terms of "further factual enhancement" of these claims. Instead, as in *Iqbal*, the Court is provided with "a 'formulaic recitation of the elements' of a ... claim" where the allegations are "conclusory" and therefore "not entitled to be assumed true." 129 S. Ct. at 1951 (*quoting Twombly*, 550 U.S. at 555). There are no facts alleged to support the conclusory allegation Fischer's alleged wrongdoing. This Court should dismiss the First Amended Complaint.

## II.   LEGAL ARGUMENT

### A.   Plaintiffs' Claims Again Fail to Satisfy Rule 9(b)'s Heightened Pleading Requirements.

As this Court has previously noted, Plaintiffs' claims for fraud in the inducement, RICO violations and negligent misrepresentation are subject to the heightened pleading standard for

fraud set forth in Federal Rule of Civil Procedure 9(b). *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974, 2008 WL 2098040, at *5 (M.D. Fla. May 16, 2008) (applying Rule 9(b) to claims for fraudulent and negligent misrepresentation) (unreported); *Ageloff v. Kiley*, 318 F. Supp. 2d 1157 (S.D. Fla. 2004) (applying rule 9(b) to civil RICO claims).

Restating what this Court has already found, under Rule 9(b), Plaintiffs must allege: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001), *quoting Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). In addition, as this Court previously stated, the Plaintiffs are required to inform "*each defendant* of the nature of his alleged participation in the fraud." *Brooks*, 116 F.3d at 1381 (emphasis added), *quoting, Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994); *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007).

Here, even though Plaintiffs added 40 pages of new allegations, and 152 pages of new documents to the previous pleading, the First Amended Complaint again falls short of satisfying the heightened pleading standard. While Plaintiffs allege that they will "vigorously oppose" a Rule 9(b) challenge, they do not include the detailed allegations required. Although Plaintiffs claim that there are "detailed" factual allegations, the voluminous complaint alleges no details as to misconduct by Fischer.

Even under the more relaxed pleading standard recognized in *United States ex. rel. Butler v. Magellan Health Services, Inc.*, 74 F. Supp. 2d 1201 (M.D. Fla. 1999), Plaintiffs' allegations are insufficient. In that case, the court explained that the "clear intent of Rule 9(b) is to

eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." *Id.* at 1215, *quoting, United States ex. rel. Stinson v. Blue Cross Blue Shield of Georgia*, 755 F. Supp. 1040, 1052 (S.D. Ga 1990) ("Stinson I"). If an alleged fraud "occurred over an extended period of time and consisted of numerous acts, the specificity requirements are applied less stringently." *Butler*, 74 F. Supp. 2d at 1215. Even in that instance, the complaint still needs to "adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." *Id. quoting, Stinson I*, 755 F. Supp. at 1052. Just like the previous complaint, the First Amended Complaint fails to meet the Rule 9(b) standard and more closely resembles the type of case the rule was intended to preclude -- a fraud case where all facts are learned through discovery after the complaint is filed.

In this case, Plaintiffs allege repeatedly that Little Pearls did not have a license to perform adoption services in the Nam Dinh province of Vietnam when they began the adoption process by hiring Little Pearls. There are also allegations and documents purporting to demonstrate that the entire adoption process in Vietnam was corrupt.

### B. Plaintiffs' Claims for RICO Violations Should be Dismissed as Against Fischer.

In the First Amended Complaint, Plaintiffs allege claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under § 1962(c) (Count 6) and § 1962(d) (Count 7). A violation of § 1962(c) "requires: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). Plaintiffs' claims under § 1962(d) allege a conspiracy to commit a violation of § 1962(c). A "pattern" of "racketeering activity" requires at least two acts of racketeering activity, which must be related and demonstrate criminal conduct. *Sedima*, 473 U.S. at n.14. Racketeering

activity itself is defined as any violation of any of the enumerated criminal statutes, which include mail (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343).

As noted previously, the heightened pleading requirements of Rule 9(b) apply to civil RICO claims. *Ageloff v. Kiley*, 318 F. Supp. 2d 1157 (S.D. Fla. 2004); *Plunkett v. Poyner*, No. 08-60953-CIV, 2009 WL 5176542 at *4 (S.D. Fla. Dec. 22, 2009) (holding that a RICO plaintiff must plead mail fraud and wire fraud with particularity under Rule 9(b)). Just as in all garden-variety fraud claims, the particularity requirement requires the pleader to distinguish among and between defendants. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (affirming dismissal "for failure to plead fraud with the requisite specificity *as to each of the Defendants*") (emphasis added); *Cordova v. Lehman Bros., Inc.*, 526 F. Supp. 2d 1305, 1313 (S.D. Fla. 2007) (dismissing statutory fraud claims where "Plaintiffs refer to Defendants collectively" rather than "stating clearly how they are attributable"), *vacated in part, on other grounds, Puterman v. Lehman Bros., Inc.*, No. 08-10189, 2009 WL 1492256 (11th Cir. May 29, 2009); *McAdams v. Greenberg Traurig, LLP*, No. 1:06-CV-1778, 2007 WL 2310112, at *6 (N.D. Ga. Aug. 9, 2007) (dismissing fraud claims because "Rule 9(b) does not allow a complaint to merely 'lump' multiple defendants together") (unreported).

In this case, just as in the prior complaint, the First Amended Complaint continues to improperly "lump" the defendants together. First, Plaintiffs allege that Little Pearls is an enterprise within the meaning of RICO. (First Am. Compl. ¶ 272). Next, Plaintiffs allege that both Feinberg and Fischer are persons who "associated with and/or participated in the conduct of said enterprise's affairs." (First Am. Compl. ¶ 273). Then, in conclusory fashion, Plaintiffs allege that "the previous allegations to the complaint have chronicled multiple fraudulent representations made to the Plaintiffs *by the Defendants*." (First Am. Compl. ¶ 274) (emphasis added). Within the RICO claims, Plaintiffs also use the vague allegation that Fischer "and/or" Feinberg did

certain things, which makes it impossible to determine who has actually done what.[1] (First Am. Compl. ¶¶ 288, 289, 293, 299). Specifically concerning Count 7, the conspiracy to commit RICO violations, Plaintiffs fail to allege any underlying facts to support the general claims that Feinberg conspired with Fischer.

The allegations do not meet the pleading requirements of Rule 9(b). This Court should dismiss the RICO claims in Counts 6 and 7.

### C. Count 2 for Breach of Contract Should be Dismissed Because Plaintiff Has Not and Cannot Allege that Little Pearls was Established or Used for Fraudulent Purposes.

Plaintiffs' claims for breach of contract against Fischer should be dismissed. Little Pearls is the party with whom Plaintiffs contracted. Fischer was only a corporate director.

Under Florida law, a director of a corporation may be held personally liable on a corporate contract if the corporate entity was "established or used for fraudulent purposes." *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992), *quoting*, *Charter Air Center, Inc. v. Miller*, 348 So. 2d 614, 616-17 (Fla. 2d DCA 1977).

However, personal liability does not attach unless the person to be held liable participated in the wrongful conduct leading to damage. *Home Loan Corp. v. Aza*, 930 So. 2d 814 (Fla. 3d DCA 2006). In *Aza*, the Third District explained that a corporate director is not personally liable for a corporation's torts simply because of her capacity. To incur personal liability, she must have "participated in the wrong." *Id.* at 815. Thus, a director who commits no wrongdoing is not

---

[1] Although not a federal case, the Florida Supreme Court disdains the use of "and/or" in pleading. "[T]he use of the alternative, conjunctive phrase "and/or" it is sufficient to say. . . [i]t is one of those inexcusable barbarisms which was sired by indolence and dammed by indifference and [has no place in legal terminology]. *Cochrane v. Florida East Coast Railway Co.*, 107 Fla. 431, 145 So. 217, 219 (Fla. 1932).

liable for the wrongful acts of other directors. *Id.* Only a director who "participates in the commission of a tort... is liable to third persons injured thereby. *Id.* at 815-16. As a director, Fischer owes a fiduciary duty to the corporation, not its creditors. *Connolly v. Agostino's Ristorante, Inc.*, 775 So. 2d 387, 388 (Fla. 2d DCA 2000). Therefore, even if Plaintiffs can successfully pierce the corporate veil, Fischer is not personally liable to them unless she participated in the wrongful conduct.

Even if true, under Florida law Plaintiffs' allegations are insufficient to hold a director like Fischer personally liable. *Derrick v. Clemons*, 576 So. 2d 939 (Fla. 5th DCA 1991).

Moreover, Count 2 is defective because it does not specify which defendant engaged in what conduct. Count 2 alleges that "Defendants" collectively engaged in acts. For example, the First Amended Complaint alleges that:

> "Defendants" received the Plaintiffs' money; (First Am. Compl. ¶ 255) "Defendants" breached the contract by offering adoptions that "they" could not complete; (First Am. Compl. ¶ 256).
> Plaintiffs contracted with "the Defendants" to facilitate the adoptions; (First Am. compl. ¶ 257) As a result of the "Defendants' conduct; (First Am. Compl. ¶ 259). "Defendants" have damaged the Plaintiffs (First Am. Compl. ¶ 260). These allegations are insufficient to subject a corporate director to personal liability. This Court should dismiss Count 2.

D.  Count 8 for Negligence is Barred by the Economic Loss Rule.

Plaintiffs assert a claim for negligence on the grounds that adoptions were offered in Vietnamese provinces without proper licenses. (First Am. Compl. ¶ 303). The claim duplicates the contract claim which alleges that the Defendants breached the contract by offering adoptions they could not complete. (First Am. Compl. ¶ 256).

In sum, the negligence claim is based on the same conduct that forms the basis for the breach of contract claim, and, therefore, is barred by the economic loss rule. *See HW Aviation LLC v. Royal sons, LLC*, 2008 WL 4327296 at *3 (M.D. Fla. Sept. 17, 2008). Under Florida law, "the economic loss rule prevents a party from bringing a separate action in tort to recover for economic losses resulting from a breach of contract." *Id.* at *4. This Court should dismiss Count 8.

### E.  This Court Lacks Subject Matter Jurisdiction.

Fischer is raising the issue in his first Motion to Dismiss because "[s]ubject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Iqbal*, 129 S. Ct. at 1945.

As previously set forth, Plaintiffs can establish federal jurisdiction only if there is a complete diversity of citizenship, or if a federal question is involved. In this case, the affirmative allegations of the First Amended Complaint demonstrate that there is not complete diversity of citizenship because all three defendants are Florida residents and two of the Plaintiffs (Sean and Lori Boynton) also reside in Florida. (First Am. Compl. ¶¶ 7, 9, 11, & 12). Thus, there is no federal jurisdiction based on diversity of citizenship. To the extent that Plaintiffs rely on federal question jurisdiction because they have asserted RICO claims (First Am. Compl. ¶ 1), the RICO claims cannot support federal jurisdiction because they fail to state a claim for relief. *Plunkett*, 2009 WL 5176542 at *4. The Court should decline to exercise supplemental jurisdiction over state law claims unless and until the Plaintiffs are able to assert "a substantial and non-frivolous federal claim." *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1268 (M.D. Fla. 2008). Thus, this Court should dismiss this case because the Court lacks

subject matter jurisdiction.

### F. The First Amended Complaint Improperly Incorporates the Allegations of Each Prior Count.

The First Amended Complaint is "framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts." *Cesnik v. Edgewood Baptist Church*, 88 F. 3d 902, 905 (11th Cir. 1996). The Plaintiffs "improperly incorporate allegations into counts that have no relevance to the claims raised in those counts." *Benoit v. Ocwen Fin. Corp.*, 960 F. Supp. 287, 290 (S.D. Fla. 1997). At the least, the Court should order Plaintiffs to amend their pleading to plead their separate causes of action separately by specifying which of the factual allegations apply in each count.

## II. CONCLUSION

Based on the foregoing, Fischer respectfully requests that the Court enter an Order granting its motion and dismissing Plaintiffs' First Amended Complaint.

Respectfully submitted,

*/s/ Debbie Fischer*

__Debbie Fischer__
**8047 Stimle Avenue North**
**St. Petersburg, Fl 33710**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been funished by mail, on the 27th day of January, 2011, to the following:

> Sean C. Boynton, Esquire
>
> Bush Ross , Pa.
>
> 1801 North Highland Avenue
>
> Tampa, Fl 33602

*Debbie Fischer*

Debbie Fischer

8047 Stimie Avenue North

St. Petersburg, FL 33710