## UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | | |
|---|---|---|
| **SUZANNE & ROBERT CRAIG,** | ) | |
| **SEAN & LORI BOYNTON,** | ) | |
| **SUMMER ELIZANDO,** | ) | **Case No.:**   10-cv-671-T30 TGW |
| **KEVIN & NICHOLE LUCAS,** | ) | |
| Individuals, | ) | **Hon.:**        James S. Moody, Jr. |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| **LITTLE PEARLS ADOPTION** | ) | |
| **AGENCY, INC.** | ) | |
| a Florida For-Profit Corporation | ) | |
| **DEBBIE FISCHER,** | ) | |
| **and RICHARD FEINBERG,** | ) | |
| Individuals, | ) | |
| **Jointly and Severally,** | ) | |
| Defendants. | ) | |

Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs
Appearing *pro hac vice*
4084 Okemos Road, Suite B
Okemos, MI 48842
(517) 332-3390 (Phone)
(517) 853-0434 (Fax)
jfixel@fixellawoffices.com

Sean C. Boynton, Esquire
Bush Ross, PA
Local Counsel for Plaintiffs
1801 North Highland Ave.
Tampa, FL 33602
(813) 204-6494 (phone)
(813) 223-9620 (fax)

Jonathan B. Sbar (P131016)
Robert L. Rocke (P710342)
Rocke, McLean & Sbar, PA
Attorneys for Defendant Feinburg
2309 S. MacDill Ave.
Tampa, FL 33629
(813) 769-5600 (Phone)
(813) 769-5601 (Fax)
jsbar@rmslegal.com

## PLAINTIFFS' RESPONSE TO DEFENDANT FISCHER'S SECOND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

NOW COMES Plaintiffs, Suzanne and Robert Craig, Sean and Lori Boynton, Summer Elizando, and Kevin and Nicole Lucas who, by and through their duly appointed attorney, Joni M. Fixel of the Fixel Law Offices, and in response to the Defendant's Motion to Dismiss the First Amended Complaint against Richard Feinburg do hereby state as follows:

1. Defendant Fischer has previously moved to dismiss the First Amended Complaint against her for the reason that she "has no liability" and she was "improperly served." The Court responded by denying her Motion to Dismiss and ordering her to answer the Complaint. She now attempts a second bite at this particular apple by bringing a second Motion to Dismiss based on Fed.R.Civ.Pr. 12(b)(6) alleging, inter alia, that the "claims in the First Amended Complaint are substantively and procedurally deficient and should be dismissed." Though more adequately briefed, this claim is identical to her previous assertion that she "bears no liability." The Court has already denied this motion and Plaintiffs should not have had to respond to this cumulative, identical motion on her part.

2. In addition, Defendant Fischer now claims that "The First Amended Complaint" contains Count 1 for Breach of Contract Fraud in the Inducement, Count 2 Breach of Contract, Count 3 Innocent Misrepresentation, *Count 4 Intentional Infliction of Emotional Distress, Count 5 for Acts Violating the Mail and Wire Statutes,* Counts 6 and

7 for RICO, Count 8 for negligence, and Count 9 for Contract Negligent Misrepresentation.

3. If Defendant Fischer would review the First Amended Complaint, she would discover that Counts 4 and 5, though alleged in the initial Complaint, were intentionally omitted from the First Amended Complaint, in conformance with the Court's order. And, she would discover that these Counts were intentionally left blank so as to create continuity with the previous document. Fischer's assertion that these "count[s] are asserted against [her]" is inaccurate for reason of her failure to read and comprehend the pleadings.

4. In addition, the Court has already ruled that the claims in counts 1, 2, 3, 8, and 9 are valid as plead. Plaintiffs should not be required to re-argue this same point and Defendant Fischer should be bound by the Court's previous decision.

5. Finally, Fischer parrots several of the same faulty arguments that Defendant Feinburg has raised in his Motions to Dismiss. Contrary to Fischer's assertions, the pleadings do not "improperly incorporate the claims," the business judgment rule does *not* prevent the negligence claims against her, and she *has* been given adequate notice of her individual involvement in the fraudulent operations of Little Pearls and thus there is *not* a Rule 9(b) problem with the claims against her.

6. The Court has already ruled on several of the issues that Fischer has raised in this latest Motion to Dismiss. Further, she advances no arguments of merit for dismissal apart from parroting the arguments which Feinburg has previously raised. This filing was nothing but a bald attempt to hinder and delay the proceedings against her. And,

worse yet, in filing this frivolous motion she ignored the Court's clear order to file a response to the First Amended Complaint. For these reasons, she should be sanctioned for this frivolous and meritless filing.

WHEREFORE the Plaintiffs humbly request that this honorable court

1. DENY Defendant Fischer's newest Motion to Dismiss the First Amended Complaint;

2. AWARD them their attorney's fees as a sanction for having to answer this frivolous and cumulative motion, or, in the alternative, WARN Defendant Fischer that such sanctions will be imposed for any further dilatory tactics such as this; and

3. AWARD whatever other relief the Court may deem just and proper in law or equity.

Respectfully Submitted,

Dated: February 1, 2011

/s/  Joni M. Fixel
Joni M. Fixel (P56712)
Attorney for the Plaintiffs
Admitted Pro Hac Vice
4084 Okemos Rd, Ste B
Okemos, MI  48864
(517) 332-3390
jfixel@fixellawoffices.com

# UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | |
|---|---|
| **SUZANNE & ROBERT CRAIG,** ) | |
| **SEAN & LORI BOYNTON,** ) | |
| **SUMMER ELIZANDO,** ) | Case No.:    10-cv-671-T30 TGW |
| **KEVIN & NICHOLE LUCAS,** ) | |
| Individuals, ) | Hon.:        James S. Moody, Jr. |
| ) | |
| Plaintiffs ) | |
| v. ) | |
| ) | |
| **LITTLE PEARLS ADOPTION** ) | |
| **AGENCY, INC.** ) | |
| a Florida For-Profit Corporation ) | |
| **DEBBIE FISCHER,** ) | |
| **and RICHARD FEINBERG,** ) | |
| Individuals, ) | |
| **Jointly and Severally,** ) | |
| Defendants. ) | |

Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs
Appearing *pro hac vice*
4084 Okemos Road, Suite B
Okemos, MI 48842
(517) 332-3390 (Phone)
(517) 853-0434 (Fax)
jfixel@fixellawoffices.com

Sean C. Boynton, Esquire
Bush Ross, PA
Local Counsel for Plaintiffs
1801 North Highland Ave.
Tampa, FL 33602
(813) 204-6494 (phone)
(813) 223-9620 (fax)

Jonathan B. Sbar (P131016)
Robert L. Rocke (P710342)
Rocke, McLean & Sbar, PA
Attorneys for Defendant Feinburg
2309 S. MacDill Ave.
Tampa, FL 33629
(813) 769-5600 (Phone)
(813) 769-5601 (Fax)
jsbar@rmslegal.com

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESPONSE TO DEFENDANT
FISCHER'S SECOND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

Table of Contents..................................................................................................i

Table of Authorities...........................................................................................ii

Statement of the Case........................................................................................1

Argument.............................................................................................................4

I.     Standard of Review.....................................................................4

II.    It is Evident That Defendant Fischer has Failed to Read and Comprehend the Amended Complaint...........................................................................4

III.   Plaintiffs' Allegations Satisfy the *Iqbal* Standard....................................5

IV.   Plaintiffs' Allegations Satisfy the Rule 9(b) Standard.............................7

V.    Dismissal is Still Not Warranted by any "Improper Incorporation" of Allegations and Each Prior Count.......................................................................8

VI.   Defendant Fischer's Reliance on the Economic Loss Rule is Just as Misplaced as Defendant Feinburg's............................................................................10

VII.  Defendant Fischer Deserves Sanctions for Using Dilatory Tactics and Ignoring the Court's Previous Order.....................................................................11

Conclusion.........................................................................................................13

## TABLE OF AUTHORITIES

**Supreme Court Cases**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)................................................................4-6

**Federal Cases**

*Cesnik v. Edgewood Baptist Church*, 88 F.3d 905 (11th Cir. 1996)............................................8,9

*Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692 (11th Cir. 1995)................................................11

*JPMorgan Chase Bank N.A. v. Winget*, 510 F.3d 577 (6th Cir. 2007)............................................4

*Patterson v. Aiken*, 841 F.2d 386 (11th Cir. 1988)..................................................12

*Spolter v. Suntrust Bank*, 2010 WL 4608772 (11th Cir. 2010) (unpublished)............................11

**Federal Law**

28 USC § 1927....................................................................................................11

**Court Rules**

Fed.R.Civ.Pr. 9(b)...................................................................................................7

Fed.R.Civ.Pr. 12(b)(6)..........................................................................................4

## STATEMENT OF THE CASE

This claim stems from the activities of the Little Pearls Adoption agency.  As the Complaint and First Amended Complaint to the instant matter detail, Defendant Fischer made numerous false statements to adoptive parents in order to trick them into paying her adoptive fees.  The First Amended Complaint details how Fischer, acting on behalf of Feinburg, repeatedly lied that the agency was properly licensed to conduct adoptions in Vietnam.  Plaintiffs have produced copies of numerous emails from Fischer to the Plaintiffs where she represented to them that Little Pearls was licensed in Vietnam and they have chronicled these statements in their First Amended Complaint.  The Plaintiffs, and each of them, paid adoption fees to Little Pearls based on Fischer's lies.  Both Fischer and Feinburg, as Directors of the organization, reaped profit from Fischer's lies.  And, there are facts on the record to show that Feinburg was aware and ratified Fischer's decision to continue lying about the licensing status of the agency.  Plaintiffs lost money when it turned out that Fischer had been lying the whole time and Little Pearls really wasn't licensed in Vietnam and Defendants Fischer and Feinburg have never reimbursed them for their ill-begotten gains.

On March 19, 2010 Plaintiffs filed the initial Complaint against Defendant Feinburg and Fischer.  *Craig v. Little Pearls,* Case 10-cv-00671, March 19, 2010, Doc. #1.  This document alleged 9 counts, including Count 1 for Breach of Contract Fraud in the Inducement, Count 2 for Breach of Contract, Count 3 for Innocent Misrepresentation, Count 4 for Intentional Infliction of Emotional Distress, Count 5 for Acts Violating the Mail and Wire Fraud Statutes, Counts 6 and 7 for violations of the RICO Act, Count 8 for Negligence, and Count 9 for Negligent Misrepresentation.  On April 13, 2010 Defendant Feinburg filed a Motion to

1

Dismiss the Complaint.  Doc. #4.  Feinburg's Motion alleged legal insufficiency of all claims and sought dismissal on that basis.  *Id.*

On October 25, 2010 Hon. James S. Moody entered an Order on Defendant Feinburg's Motion to Dismiss.  The Court found that Plaintiff's fraud based claims lacked the particularity required by Rule 9(b) in that the allegations in the Complaint did not state (1) precisely what statements were made in what documents or oral representations were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions not making) same, and (3) the contents of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a result." *Id.* at *3 (citations omitted).  For this reason, the Court dismissed Counts 1, 6, 7 and 9 without prejudice and gave Plaintiff leave to file an Amended Complaint which satisfied the particularity requirements of Fed.R.Civ.Pr. 9(b) as it applies to those counts.

In ruling that Count 2 stated a claim as plead, the Court noted that "under Florida law, a corporate officer can be held personally liable on a contract ... when the corporation was established or used for fraudulent purposes."  *Id.* at *6.  And, the Court noted that "[t]he Complaint sufficiently alleges that Little Pearls was used for fraudulent purposes, which opens the door for Feinburg to be held personally liable for a breach of the contracts."  *Id.* at *7. Thus, the Court declined to dismiss Count 2.  Fischer admits that she herself was a Director of Little Pearls.  Thus, there is absolutely no reason for her to bring a fresh challenge to the sufficiency of County 2 as it applies to her.  Her challenge is wholly frivolous in light of the Court's previous decision.

In ruling that Count 3 stated a claim as plead, the Court noted that "[t]hough not

commonly asserted, innocent misrepresentation is a valid claim in Florida and constitutes ground for recision of the contract at issue." *Id.* at *8. Thus, the court found that the Complaint's Count 3 was valid. Once again, Defendant Fischer should be bound by the Court's previous decision and should not be able to take a second bite at the apple by now claiming legal insufficiency of the claim.

The Court, however, found that Count 4 was invalid because the allegations did not state a claim of IIED and noted that Count 5 was invalid because violations of the Wire and Mail Fraud statutes are not standalone violations and dismissed those counts with prejudice.

In response, Plaintiffs filed the First Amended Complaint on November 15, 2010. This document corrected the 9(b) pleading deficiencies by providing detailed information of all of the various emails that Defendant Fischer had sent to the Plaintiffs, pointed out the many falsehoods that Fischer had presented in the emails, and explained that the Plaintiffs paid adoption fees to Fischer's Little Pearls adoption agency based on those false representations. In addition to the detailed allegations, the First Amended Complaint also included summary statements of the detailed allegations so that the document would make sense as a whole.

On January 6, 2011 Defendant Fischer filed a Motion to Dismiss the Complaint, for the stated reasons that (1) she had been "improperly served" and (2) she "had no liability." Doc. #30. On January 7, 2011 the Court summarily DENIED Fischer's Motion and ORDERED her to file an answer to the Amended Complaint within 20 days (January 27, 2011).

Incomprehensibly, and despite the Court's previous denial of her Motion to Dismiss,

Defendant Fischer proceeded to file a *second* Motion to Dismiss on January 27, 2011.  Doc. #32.  Further, and in violation of the Court's explicit instruction that she should file an Answer to the Complaint by January 27th, she failed to do so.  Her latest Motion to Dismiss relied on many of the same arguments that the Court had already rejected when Defendant Feinburg brought his Motion to Dismiss.  It contains inaccurate statements of the pleadings to date.  And, it contains grossly inaccurate assertions of the law with respect to the facts of the case.  As a whole, the Court should ignore this amateurish second bite at the apple, direct Fischer to comply with its previous Order to Answer the First Amended Complaint, and award appropriate sanctions for forcing them to draft a response to this mess.

**ARGUMENT**

**I.    Standard of Review**

A motion for dismissal under Fed.R.Civ.Pr. 12(b)(6) seeks a judgment on the pleadings for failure to state a claim upon which relief may be granted.  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *JPMorgan Chase Bank N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted).  Plaintiff concedes that, as Defendant asserts, *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) is the most current authority on the standards a pleading must satisfy in order to avoid dismissal for failure to state a claim.  However, Plaintiff does not assent that the out-of-context mishmash of

quotations from the case that Defendant Feinburg relied upon, and Defendant Fischer parroted, adequately represents the current state of the law.

## II. It is Evident That Defendant Fischer has Failed to Read and Comprehend the Amended Complaint.

It is readily apparent from Defendant Fischer's comments that she has given Plaintiff's First Amended Complaint only a cursory and uncritical read. She misstates the claims which are pending against her and frequently presents inaccurate characterizations of the evidence and arguments presented against her in the Complaint. Her assertions as to the insufficiency of the claims against her must be evaluated in the light of her insufficient read of the pleadings.

At the very start of her brief, Defendant Fischer states that "The First Amended Complaint alleges seven claims: ... (d) Count 4 for Intentional Infliction of Emotional Distress (e) Count 5 for Acts Violating the Mail and Wire Statutes." Doc. #32 at *2, ¶ 4. The Complaint did, in fact, allege these two counts as to Counts 4 and 5. However, the *First Amended Complaint* intentionally left these counts *blank* because of the Court's order dismissing these two counts with prejudice. The First Amended Complaint also recited that these counts were intentionally left blank so as to give effect to the Court's previous Order dismissing the counts, and to provide cohesion with the previous Complaint.

The dismissal of these two counts was not an incidental matter and the Court, Defendant Feinburg, and the Plaintiffs all spent much ink discussing these matters. It is not surprising, given her imperfect understanding of the pleadings, that Fischer stated that "the First Amended Complaint suffers from the same pleading defects as the original Complaint." Had she read the pleadings critically, she would have discovered that the statements she cited

5

which "improperly lumped the defendants together" were summary statements of the detailed allegations contained in the First Amended Complaint. The First Amended Complaint provides a myriad of details pertaining to the false statements she made to the Plaintiffs at various times to get them to pay her adoption fees. And, it even includes copies of the email messages she sent where she made the false statements.

### III. Plaintiffs' Allegations Satisfy the *Iqbal* Standard.

Defendant Fischer argues, much the same as Defendant Feinburg, that *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) requires dismissal of Plaintiff's claims. A discussion of *Iqbal*, then, is warranted to dispel this contention.

In *Iqbal*, the Plaintiff, a Muslim man, was arrested on criminal charges after the September 11 attacks. He filed a *Bivens* action against numerous federal officials, including then US Attorney General John Ashcroft and then Director of the FBI Robert Mueller, alleging a policy of invidious discrimination towards Muslims. The Complaint alleged only that Ashcroft was the "principle architect" of an invidious policy towards Muslim Americans, and that Mueller was "instrumental" in adopting and executing it. *Id.* at 1951. In dismissing the claims against Ashcroft and Mueller, the Court noted that

> [t]hese bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, namely, that petitioners adopted a policy " 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." As such, the allegations are conclusory and not entitled to be assumed true. To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical.

*Id.*

The more salient portion of the *Iqbal* analysis was when the Court noted that

> [u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly* **the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.** A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Iqbal,* 129 S.Ct. at 1949 (2009) (internal citations omitted, emphasis added).

The situation in *Ashcroft* was that the plaintiff did not allege any specific acts, other than to say, essentially, 'the elements of this legal claim are satisfied.' In the instant case, Plaintiffs have alleged that Defendant Fischer made a series of false and misleading statements to them in order to con them into paying adoptive fees for an adoptive process which was impossible in light of the regulatory climate and the fact that the agency **was not licensed**. As required by *Iqbal*, Plaintiffs have provided details of the time, place, and manner of these false statements by providing copies of the very emails Defendant Fischer sent when she made them. Based on Fischer's false statements that the agency was licensed, when it was not, Plaintiffs paid her adoption agency exorbitant adoptive fees. These fees were lost when it was discovered that Fischer had been lying all along. As such, the allegations in the Complaint satisfy the *Iqbal* standard.

### IV.   Plaintiffs' Allegations Satisfy the Rule 9(b) Standard

Defendant Fischer claims that the Plaintiffs "do not include the detailed allegations required" to withstand a Rule 9(b) challenge. Doc. #32 at p.5. And, in a redundant argument

section, she claims that the RICO claims of the Complaint should be dismissed for this "failure" to satisfy the 9(b) requirements. *Id.* at p.6. Fischer claims that this is because the allegations against her fail to inform "each defendant of the nature of [her] alleged participation in the fraud." *Id.*, citation omitted. In so doing, she ignores an additional 40 pages of particularized allegations and 152 pages of additional documents which show, in detail, every false statement Defendant Fischer made to the prospective parents. Time and again, Defendant Fischer lied to the adoptive families that Little Pearls was licensed to perform adoptions in Vietnam knowing that it was false. Time and again, hopeful adoptive parents paid money to Defendant Fischer, through her Little Pearls adoption agency, based on these false representations. Each Plaintiff lost money paying for an adoption that Defendant Fischer promised she could perform, knowing that she could not. If Defendant Fischer has not been given notice of the nature of her participation in the fraud by all of this documentation of her false statements, it is through sheer willful ignorance on her part. A defendant's refusal to read and comprehend the allegations against them is no defense to Rule 9(b).

Defendant Fischer also suggests that Rule 9(b) is not satisfied because of "improper lumping together of the defendants." Doc. #32 at *7. In so doing, she cites two lines from Plaintiffs' Complaint which provide summary statements of the Complaint and completely *ignores* the remained of the particularized allegations. This argument would not be so obnoxious if the Plaintiffs did not state, at several times in the First Amended Complaint, that they were providing summary statements of the detailed allegations so as to give context to the allegations.

8

While it is true that the initial Complaint frequently said 'defendants did this' or 'defendants said that' the First Amended Complaint does not suffer from this same defect. Plaintiffs have alleged, with particularity, every false statement which Fischer made which they were able to prove through her email chains. Then, after relaying those particularized statements, Plaintiffs provided additional language summarizing the detailed statements and explaining what all of the allegations mean. Defendant Fischer's attempt to gainsay on the summary statements, and ignore the detailed statements, does not accurately state a 9(b) failure. For the reasons stated, Defendant Fischer's 9(b) challenges fail and should be ignored.

## V. Dismissal is <u>Still</u> Not Warranted by any "Improper Incorporation" of Allegations and Each Prior Count.

Defendant Fischer has parroted Defendant Feinburg's error and claimed that "[t]he Complaint is 'framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts'" because it "improperly incorporates allegations into counts that have no relevance to the claims raised in those counts." *D's Brief* at "Pages 5-6." This argument is based on the same inadequate reading of *Cesnik v. Edgewood Baptist Church*, 88 F.3d at 905 (11th Cir. 1996) that Feinburg relied upon. As described in more detail in Plaintiff's Response to Defendant Feinburg's First Motion to Dismiss, *Cesnik* dealt with a situation where each of the alleged counts listed multiple causes of action. For instance, *Cesnik's* "count three may be alleging five discrete causes of action: three federal and two state claims." *Id* at *906. The instant claim is distinguishable from *Cesnik* in that it does not come even close to the level of muddled pleadings found in *Cesnik*. Each of the 9 counts has only one cause of action contained therein. Defendant in no way alleges that any of these counts

allege multiple "discrete causes of action" as was the case in *Cesnik*.  They cannot do so, because there are no compound counts the like of which were plead in *Cesnik*.

Defendant Fischer's grasp of precedent is just as deficient as Defendant Feinburg's. The First Amended Complaint does not display anywhere near the pleading deficiencies the court encountered in the *Cesnik* case.  Further, contrary to Defendant's assertion, *Cesnik* did not dismiss the claim for these alleged deficiencies, it merely gave Plaintiffs leave to amend. As a whole, Defendant's argument fails for want of even a cursory grasp of her own precedent.

It is not clear what Fischer expects the Court to do in response to her statement that "[a]t the least, the Court should order Plaintiffs to amend their pleading to plead their separate causes of action separately by specifying which of the factual allegations apply in each count." Every time Plaintiff makes a summary statement pertaining to the detailed allegations in the facts section, they complain that it is an "improper lumping" in "violation of Rule 9(b)." Does Defendant want Plaintiff to re-state each and every factual allegation verbatim in each count of the Complaint?   If Plaintiffs had to restate all of the facts in each count the Complaint would be literally 9 times the length.  If the purpose of this suggestion is to reduce confusion, the effect would be quite the opposite as the complaint would burgeon in size with a wash of redundantly stated information.

The standard practice, taught at laws chools around the country, used in virtually every complaint in existence, and recognized universally by state and federal courts alike, is to state the facts of the Complaint in a separate section and then state individual Counts for each legal theory of recovery based on the facts in the facts section and incorporate by reference

the previous factual assertions.  Defendant's assertion of impropriety based on this universally accepted practice is absolutely absurd and should be dismissed.

Plaintiffs request a firm and final statement from the court in opposition to this ridiculous argument that the Defendants continue to raise.  In the alternative, Plaintiffs would request some direction from the Court as to how a Complaint should be constructed to satisfy standard pleading practice.

## VI. Defendant Fischer's Reliance on the Economic Loss Rule is Just as Misplaced as Defendant Feinburg's

Defendant Fischer seems to parrot Defendant Feinburg's argument that, because Plaintiffs were in contractual privity with the Little Pearls Adoption agency, they are prevented from seeking tort damages against Defendant Feinburg.  Doc. #32 at *9.  This represents the common misconception of the rule, promulgated by many defense attorneys, that one cannot pursue tort claims against one to whom they have entered into a contract.  In reality, the rule represents only a prohibition on piling on damages in tort when one's economic expectations have been defeated through breach of contract.  The rule does **not**, however, prevent one who has been damaged by both a breach of contract and tortious behavior from the same party to seek full recompense.

Read accurately, and as was more precisely laid out in Plaintiff's Response to Defendant Feinburg's Motion to Dismiss the First Amended Complaint, Doc. #29, the Economic Loss Rule is a doctrine which prevents parties subject to a breach of contract from bringing tort actions in place of the breach actions to pile on their damages and get a "better bargain than originally made."  This has nothing to do with a situation, as in the instant situation, where a party to a contract has elected to commit a tort against the person to whom

they have contracted. Plaintiffs contracted to have an adoption completed. It was not completed and they are entitled to rescission and their money back. The contract was an instrumentality of a RICO fraud perpetrated against them. They are entitled to damages under that statute as well. And, Defendants were negligent in representing that an adoption was possible when, in fact, it was not. Plaintiffs were injured when, relying on this negligent misrepresentation, they paid moneys to third parties to complete an adoption which was impossible. Plaintiffs are entitled to negligence damages as well.

Defendant Fischer falls into the same error as Defendant Feinburg and has ignored the meaning of the legal terms which she is applying. The Economic Loss Rule is in no way applicable to the instant case because the Plaintiffs are not alleging a tort to pile on damages for an economic loss.

**VII.  Defendant Fischer Deserves Sanctions for Using Dilatory Tactics and Ignoring the Court's Previous Order.**

Defendant Fischer has ignored the Court's order that she should file an answer to the First Amended Complaint by January 27, 2011. Further, in refusing to file the answer, she has instead filed a Motion to Dismiss which raises arguments identical to the ones upon which the Court has previously ruled, misstates the arguments made against her, and even misstates the counts of the First Amended Complaint. She has made a frivolous filing as a dilatory tactic and ignored the Court's explicit order in doing so. For this reason, Plaintiffs are entitled to sanction.

As the Court noted in *Spolter v. Suntrust Bank*, 2010 WL 4608772 (11th Cir. 2010) (unpublished) a district court has several different sources of authority for granting sanctions. Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual

basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance success and that cannot be advances as a reasonable argument to change existing law; and (3) when a party files a pleading in bad faith or for an improper purpose." *Id.*, citing *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995). Plaintiffs concede, however, that for the purposes of this Motion the notice requirements for Rule 11 have not yet been met and must be brought through an independent motion. Plaintiffs reserve the right to do so at a later date.

Even absent a present Rule 11 basis for incurring sanctions, there are other bases the Court may use to sanction Fischer's conduct. The *Spolter* court also noted that under 28 USC § 1927 "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred of such conduct." And, the *Spolter* court also noted that "[f]ederal courts have the inherent power to impose sanctions on parties and lawyers. To impose sanctions under the court's inherent power, the court must find bad faith. Further, the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Id.* at *2 (citations omitted).

It could be argued that Defendant Fischer, as a *pro per* litigant is entitled to leniency on a request for sanctions for her inappropriate conduct. However, this position is not supported by case law. In *Patterson v. Aiken*, 841 F.2d 386 (11th Cir. 1988) a *pro per* Plaintiff brought a claim which was identical to a previous claim he had brought which was already dismissed. The court found that this duplicative filing was frivolous in light of the previous determination. Even though the Plaintiff was *pro per*, the *Patterson* court found that sanctions

13

were proper for the reason that the complaint was frivolous.  Therefore, where a *pro per* litigant makes a court filing which is frivolous for the reason that it is duplicative of previous rulings against them, they may be sanctioned for frivolous filing.

Further, Defendant Fischer should not be able to claim any defense based on her *pro per* filing of this Motion because it is quite apparent that she retained an attorney to "ghost write" this document for her.  Defendant Fischer's first Motion to Dismiss was two pages long and stated that she should be dismissed from the action because she "has no liability" and was "not properly served."  Her second bite at this apple raises an identical argument, but this time supports the argument with a twelve page Memorandum of Law.  Though it strains credulity to suggest that a professional attorney would have misstated the counts pending against her, it is very apparent that Fischer did not produce this document on her own.  A *pro per* litigant should not be allowed to hire an attorney to ghost write a legal filing for her, and then avoid sanctions based on being a *pro per.*  The necessity of imposing additional sanctions for failing to disclose that she has hired a ghost writer is reserved for later discussions.

In the instant case, Defendant Fischer, a *pro per* litigant, has made a court filing which brings identical arguments that the Court has already ruled on and misstates key elements of the claims against her.  And, her frivolous filing fundamentally misstates key elements of the claims against her.  And, most damning of all, this filing was in violation of an order of this Court to file an Answer to the First Amended Complaint.  For these reasons, she should be sanctioned for this filing.  At the very least, the Court should sternly warn her of the possibility of these sanctions should she continue in such dilatory tactics.

## CONCLUSION

For the reasons stated above, Plaintiffs request that Defendant Fischer's Motion to Dismiss Plaintiffs' First Amended Complaint be DENIED in its entirety.  Further, because the Court has already ruled that Fischer is not entitled to dismissal and Fischer has raised many of the same arguments upon which the Court has already ruled, Plaintiffs request an award of costs in responding to this frivolous and cumulative Motion.  Further, Plaintiffs request that this court appropriately discipline Fischer, under its inherent powers, for her failure to abide by its order to file an Answer to the Complaint by January 27, 2011. In the alternative, Plaintiffs would request that the Court give Defendant Fischer stern warning that such sanctions may result from further such dilatory tactics.  And, Plaintiffs request a ruling that Defendant's "improper incorporation" argument is without merit as Plaintiff's Complaint conforms to the conventions of standard practice and Fed.R.Civ.Pr. 8's "short plain statement" standard.

Respectfully Submitted,

Dated: February 1, 2011

/s/  Joni M. Fixel
Joni M. Fixel (P56712)
Attorney for the Plaintiffs
Admitted Pro Hac Vice
4084 Okemos Rd, Ste B
Okemos, MI  48864
(517) 332-3390
jfixel@fixellawoffices.com

15

## UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | |
|---|---|
| **SUZANNE & ROBERT CRAIG,** ) | |
| **SEAN & LORI BOYNTON,** ) | |
| **SUMMER ELIZANDO,** ) | Case No.:    10-cv-671-T30 TGW |
| **KEVIN & NICHOLE LUCAS,** ) | |
| Individuals, ) | Hon.:        James S. Moody, Jr. |
| ) | |
| Plaintiffs ) | |
| v. ) | |
| ) | |
| **LITTLE PEARLS ADOPTION** ) | |
| **AGENCY, INC.** ) | |
| a Florida For-Profit Corporation ) | |
| **DEBBIE FISCHER,** ) | |
| **and RICHARD FEINBERG,** ) | |
| Individuals, ) | |
| **Jointly and Severally,** ) | |
| Defendants. ) | |

I certify that I have served the foregoing document to all Counsel of record via the ECF Case Management system and Debra Fischer by mailing first class mail, post prepaid, at the following address:

8407 Stimie Ave, North

St. Petersburg, FL   33710

Respectfully Submitted,

Dated: February 1, 2011

/s/  Joni M. Fixel
Joni M. Fixel (P56712)
Attorney for the Plaintiffs
Admitted Pro Hac Vice

16