**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SUZANNE CRAIG, et. al.,

    Plaintiffs,

v.                                                          CASE NO: 8:10-cv-671-T-30TGW

LITTLE PEARLS ADOPTIONS
AGENCY, INC., et al.,

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Richard Feinberg ("Feinberg") and Debbie Fischer's ("Fischer") Motions to Dismiss Plaintiffs' First Amended Complaint (Dkts. # 26, 32), and Plaintiffs' responses in Opposition (Dkts. # 29, 33.) The Court, having considered the motions, the responses, and being otherwise advised in the premises, concludes that the motions should be granted in part.

### **Background**

During the fall of 2007, Plaintiffs entered into contracts with Defendant Little Pearls Adoption Agency, Inc. ("Little Pearls") to adopt children from Vietnam. Plaintiffs allege that they were induced into entering into these contracts, and paying substantial sums of money, based on false assertions by Defendants. The adoptions were ultimately unsuccessful and Plaintiffs have not received refunds. Initially, Plaintiffs asserted nine counts for (1)

Fraud in the Inducement, (2) Breach of Contract, (3) Innocent Misrepresentation, (4) Intentional Inflictions of Emotional Distress, (5) Violations of the Mail and Wire Fraud Statutes, (6) Violations of Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1692(c), (7) Conspiracy to Commit Violations of RICO, 18 U.S.C. § 1692(d), (8) Negligence, and (9) Negligent Misrepresentation. On April 13, 2010, Feinberg moved to dismiss the complaint as to himself only. On October 25, 2010, this Court issued an Order granting Feinberg's motion in part. On November 15, 2010, Plaintiffs filed their First Amended Complaint (Dkt. # 23), which alleges seven claims: (a) Count 1 for Fraud in the Inducement, (b) Count 2 for Breach of Contract, (c) Count 3 for Innocent Misrepresentation, (d) Counts 4 and 5 were left blank because they were previously dismissed with prejudice, (e) Counts 6 and 7 for Racketeer Influenced and Corrupt Organizations Act under both 18 U.S.C. §§ 1962(c) and 1962(d), (f) Count 8 for negligence, and (g) Count 9 for Contract Negligent Misrepresentation. Both Defendants Feinberg and Fischer move to dismiss the complaint. Defendant Little Pearls has not appeared in this action.

### Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to

dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## Discussion

**I.    The heightened pleading standard of Rule 9(b)**

Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The rule requires a Plaintiff to set forth: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the

plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. Fla. 2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). In addition, Plaintiffs' are required to "inform each defendant of the nature of his alleged participation in the fraud." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir.1994)).

### A.     Claims for RICO Violations

To plead a RICO claim under § 1962(c), a plaintiff must plead facts supporting the following elements: "(1) conduct; (2) of a RICO enterprise; (3) through a pattern; (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). "To support the pattern element, a plaintiff must plead facts to support the following sub-elements: (1) commission of two or more predicate acts of racketeering activity within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature." *Lawrie v. Ginn Cos., LLC*, 2010 U.S. Dist. LEXIS 98693 (M.D. Fla. Sept. 21, 2010) (citing *Jackson v. BellSouth Telecom., Inc.*, 372 F.3d 1250, 1264 (11th Cir. 2004)). Section 1962(d) of the RICO statutes makes it illegal for anyone to conspire to violate one of the substantive provisions of RICO, including § 1962(c). 18 U.S.C. § 1962(d). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts."

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.1997) (quoting *United States v. Church*, 955 F.2d 688, 694 (11th Cir.1992)). A plaintiff need not offer direct evidence of a RICO agreement; the existence of conspiracy "may be inferred from the conduct of the participants." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.1997) (quoting *United States v. Church*, 955 F.2d 688, 695 (11th Cir.1992)). Racketeering activity is defined as the violation of any of the criminal statutes delineated in § 1961(1)(B), which include mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343). *Lawrie v. Ginn Cos., LLC*, 2010 U.S. Dist. LEXIS 98693, at *5 (M.D. Fla. Sept. 21, 2010).

Plaintiffs bring two claims for violations of the RICO statute, a violation of § 1962(c) (Count Six) and conspiracy to commit a violation of § 1962(c), in violation of § 1962(d) (Count Seven). Claims for RICO violations predicated on violations of the mail and wire fraud statutes must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-82 (11th Cir.1997). As to Feinberg, Plaintiffs' First Amended Complaint fails to meet this standard. Plaintiffs argue that their amended complaint chronicles multiple fraudulent representations in sufficient detail. (Dkt. # 23, ¶ 274.) However, Plaintiffs fail to offer little more than conclusory allegations. Plaintiffs allege that as a Director of Little Pearls, Feinberg must have ratified Fischer's fraudulent representations, or he "either knew or should have known" of such representations. *See, e.g.*, Dkt. # 23 at ¶¶ 280, 281, 283, 285. Plaintiffs do not state with any particularity the content of the statements made. Plaintiffs fail to identify a single

specific fraudulent representation made by Feinberg. In fact, Plaintiffs allege that "Fischer was the party at Little Pearls who actually sent the emails to the various Plaintiffs with false assertions and representations." (Dkt. # 23, ¶ 284.) Therefore, as to Feinberg, Count Six is dismissed without prejudice.

As to Fischer, Plaintiffs' First Amended Complaint properly alleges a violation of § 1962(c) with the particularity required by Rule 9(b). Plaintiffs allege that Fischer charged them "country fees" which she claimed were used to pay expenses in Vietnam relevant to the adoption, however Plaintiffs discovered, after paying, that no fees were paid in Vietnam. (Dkt. # 23, ¶ 280.) Plaintiffs allege with specificity multiple occasions where Fischer represented to the Plaintiffs that Little Pearls was licensed to perform adoptions in Vietnam's Nam Dinh province, when they were not so licensed. *See, e.g.*, Dkt. # 23 at ¶¶ 36, 37, 48, 57, 58 283, 285. Plaintiffs have incorporated emails and letters that document Fischer's representations. *See, e.g.*, Dkt. # 23 Ex. C, D, F, G, J. Thus, Fischer's motion is denied as to Count Six.

Plaintiffs argue that Fischer and Feinberg conspired "to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity (as described in paragraphs 16-54) in violation of 18 U.S.C. § 1962(d)." (Dkt. # 23, ¶ 296-98.) However, Plaintiffs' First Amended Complaint fails to allege any underlying facts to support the general claims that Feinberg conspired with Fisher. Consequently, as to both Feinberg and Fischer, Count Seven is dismissed without prejudice.

## B. Fraud in the Inducement (Count One), Innocent Misrepresentation (Count Three), and Negligent Misrepresentation (Count Nine)

Claims for fraud in the inducement, innocent misrepresentation, and negligent misrepresentation, must also meet the heightened pleading standards of Rule 9(b). As to Feinberg, Plaintiffs' First Amended Complaint fails to allege fraud with particularity. In Counts One, Three, and Nine, Plaintiffs allege that they were "induced into using the services of [Little Pearls] by the representations by Defendant Fischer . . . Defendant Feinberg knew, or as Director of [Little Pearls] should have known that Fischer was making these statements." (Dkt. # 23, ¶ 315.) Additionally, Plaintiffs allege that Feinberg acted "behind the scenes" (Dkt. # 23, ¶ 49), in that "he knew or should have known," or that he "ratified and approved" of Fischer's wrongdoing. *See, e.g.*, Dkt. # 23 at ¶¶ 20, 21, 66, 105, 149, 150, 174, 220, 227-30, 240, 264, 280-81, 283, 285, 304, 312, 314-15, 318. Plaintiffs do not allege a single fact to support the conclusory allegations that Feinberg had knowledge of or ratified Fischer's wrongdoing at the time of the wrongdoing.

Plaintiffs allege that Feinberg "engaged in scheme to induce hopeful adoptive parents . . . by falsely warranting that they were licensed . . . and by failing to state that adoptions in Vietnam due to a change in regulatory environment . . ." (Dkt. # 23, ¶ 235.) However, Plaintiffs allege that "[Little Pearls'] website advertised that [Little Pearls] was licensed to perform adoptions in Vietnam" and that it was Fischer who "explicitly represented that [Little Pearls] was licensed to perform Vietnamese adoptions and implicitly warranted this by entering into contracts to perform Vietnamese adoptions." (Dkt. # 23, ¶ 236.) Plaintiffs

argue that because Feinberg was a Director of Little Pearls, this "leads to to a strong inference that he ratified and approved of Fischer's activities." (Dkt. # 23, ¶ 236.) Nowhere in Plaintiffs' First Amended Complaint do Plaintiffs allege specific facts as to Feinberg's role in the fraud, aside from general conclusory statements.

Courts have relaxed the Rule 9(b) standard where information is only available through discovery. *United States ex rel. Butler v. Magellan Health Servs.*, 74 F. Supp. 2d 1201, 1215 (M.D. Fla. 1999). Plaintiffs argue that the relaxed pleading standard should apply here, since the details of Feinburg's involvement are within the "sole possession of the Defendants" (Dkt. # 23, ¶ 297), thus Plaintiffs' have the right to "subject him to Discovery to determine his role in the scam before letting him off the hook." (Dkt. # 29 at 9-10.) Nonetheless, "the relaxed standard does not remove the plaintiff's duty to adequately plead the content of the alleged fraudulent representations and the places where the activity was to have occurred." *United States ex rel. Butler v. Magellan Health Servs.*, 74 F. Supp. 2d 1201, 1216 (M.D. Fla. 1999) (citing *Anthony Distributors, Inc. v. Miller Brewing Co.*, 904 F.Supp. 1363, 1366 (M.D. Fla. 1995)). Plaintiffs' conclusory allegations against Feinberg are not acceptable under Rule 9(b). Therefore, as to Feinberg, Counts One, Three and Nine are dismissed without prejudice.

As to Fischer, Plaintiffs' First Amended Complaint properly alleges fraud with the particularity required by Rule 9(b). Plaintiffs specifically allege that "[o]n April 26, 2008, Defendant Fischer emailed each of the families and stated that 'we are pleased to inform you that the Vietnam license was issued the Department of International Adoptions on March

12, 2008 for Little Pearls Adoption Agency, Inc. Vietnam.  A copy of the new license is attached.  Our license allows us to operate in the province of Nam Dinh and Ha Nam.'" (Dkt. # 23, ¶ 64.)  Plaintiffs allege that Little Pearls obtained no such license. (Dkt. # 23, ¶ 50.)  Plaintiffs allege that Fischer knew Little Pearls was not licensed but entered into contracts with Plaintiffs anyway.  (Dkt. # 23, ¶ 52-58.)  Plaintiffs further allege that Fischer's statements induced them into using the services of Little Pearls.  (Dkt. # 23, ¶ 237.)  Thus, Fischer's motion is denied as to Counts One, Three and Nine.

## II. Remaining Claims

### A. Breach of Contract (Count Two)

Plaintiffs bring a breach of contract claim against all Defendants.  Feinberg moves to dismiss the breach of contract claim because he is not a party to the contracts nor is he referenced in the contracts.  Both Feinberg and Fischer correctly note that Little Pearls is the party with whom Plaintiffs contracted, and that they were only corporate directors.  However, under Florida law, a corporate officer can be held personally liable on a contract only when he signed the contract in his individual capacity or "the nature of the corporation was such that the corporate entity should be disregarded such as where it was established or used for fraudulent purposes or where the corporation was merely the alter ego of the shareholder." *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. Dist. Court. App. 1st Dist. 1992).  The complaint sufficiently alleges that Little Pearls was used for fraudulent purposes, which opens the door for both Fischer and Feinberg to be held personally liable for a breach of the contracts.  Both Fischer and Feinberg's motion is denied as to Count Two.

### B.     Negligence (Count Eight)

Both Feinberg and Fischer argue that Plaintiffs' negligence claim is barred by the economic loss rule. Under Florida law, "the economic loss rule prevents a party from bringing a separate action in tort to recover for economic losses resulting from a breach of contract." *HW Aviation LLC v. Royal sons, LLC*, 2008 WL 4327296, at *4 (M.D. Fla. Sept. 17, 2008). "Underlying this rule is the assumption that the parties to a contract have allocated the economic risks of nonperformance through the bargaining process. A party to a contract who attempts to circumvent the contractual agreement by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than originally made." *Indemnity Insur. Co. of North Am. v. Am. Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004). Thus, "courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract." *Indemnity Insur. Co. of North Am. v. Am. Aviation, Inc.*, 891 So.2d 532, 537 (Fla. 2004).

Notwithstanding, a tort claim can survive the application of the economic loss rule "where there is some wrongful conduct which amounts to an independent tort in addition to the conduct resulting in the contractual breach." *HW Aviation LLC v. Royal sons, LLC*, 2008 WL 4327296, at *4 (M.D. Fla. Sept. 17, 2008) (quoting *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1543 (11th Cir.1990)). Plaintiffs argue that "Defendant Fischer and Feinberg had a duty to perform the adoptions appropriately, correctly and in accordance with state and federal laws for their clients." (Dkt. # 23, ¶ 302.) Plaintiffs further allege that "Defendant Fischer and Feinberg breached that duty when they offered adoptions in provinces in

Vietnam in which they were never licensed to perform adoptions." (Dkt. # 23, ¶ 303.) This claim duplicates Plaintiffs' breach of contract claim which states, "Defendants breached that contract when they offered adoptions that they could not complete and fraudulently took the Plaintiffs money without refunding the funds and advising Plaintiffs that the adoptions could not be completed." (Dkt. # 23, ¶ 256.) Consequently, Plaintiffs' have not alleged a separate and independent tort. Thus, as to both Feinberg and Fischer, Count Eight is dismissed without prejudice.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Richard Feinberg's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. # 26) is **GRANTED in part** as set out above.

2. Defendant Debbie Fischer's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. # 32) is **GRANTED in part** as set out above.

3. Plaintiffs may amend their Complaint at a later date if discovery finds factual support for any of the dismissed claims.

4. Defendants shall answer the Complaint within twenty (20) days.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2010\10-cv-671.mtd 26 32.wpd