UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| SUZANNE & ROBERT CRAIG, SEAN & | ) | |
| LORI BOYNTON, SUMMER ELIZANDO, | ) | |
| KEVIN & NICHOLE LUCAS, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.:  8:10-cv-671-T30 TGW |
| | ) | |
| vs. | ) | |
| | ) | |
| LITTLE PEARLS ADOPTION AGENCY, | ) | |
| INC., a Florida for Profit Corporation, | ) | |
| DEBBIE FISCHER and RICHARD | ) | |
| FEINBERG, individuals, jointly and severally, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, Richard Feinberg ("Feinberg"), answers and defends against the First

Amended Complaint as follows:

**Answer**

Feinberg responds to the correspondingly numbered paragraphs of the First Amended

Complaint as follows:

**STATEMENT OF THE CASE**

Feinberg denies all allegations in the Statement of the Case that are directed to him and

all subsequent claims of wrongdoing.  Without limitation, Feinberg disputes that he acted

wrongly or is otherwise responsible for the unsuccessful adoptions of the Plaintiffs as alleged in

the First Amended Complaint.  Feinberg further disputes that he made misrepresentations to the

Plaintiffs, that he received any sum of money from the Plaintiffs or that he is somehow

responsible for the alleged actions of a foreign government.  Various paragraphs of the First Amended Complaint combine allegations against Feinberg with other defendants.  Feinberg lacks sufficient knowledge, is not authorized to and does not purport to respond to allegations directed to other defendants or third parties.  Finally, Feinberg only responds to the general allegations and to the claims asserted against him in Count Two as the other claims against him have been dismissed.

1.      Denied.  Specifically, Feinberg denies that there is jurisdiction over him to the extent that all federal claims against him have been dismissed.

2.      Denied.  Specifically, Feinberg denies that there is jurisdiction over him to the extent that all federal claims against him have been dismissed.

3.      Admitted only that Feinberg is subject to personal jurisdiction in Hillsborough County, Florida.  Otherwise, denied.

4.      Feinberg realleges and incorporates by reference his responses to the Statement of the Case and paragraphs 1-3.

5.      Without knowledge, and therefore denied.

6.      Without knowledge, and therefore denied.

7.      Without knowledge, and therefore denied.

8.      Without knowledge, and therefore denied.

9.      Admitted only that Little Pearls Adoption Agency, Inc. ("Little Pearls") was formally known as An Angelic Choice and that the business was organized in Florida and specialized in international adoptions of children from Vietnam.  Otherwise, denied.

10.     Admitted only that Little Pearls is a properly registered Florida corporation. Otherwise, without knowledge and therefore denied.

11.     Admitted only that Feinberg served as a director Little Pearls for a specific time period and that he resides in Florida.  Otherwise, denied.

12.     Without knowledge, and therefore denied.

13.     With respect to Feinberg, denied.  Otherwise, without knowledge and therefore denied.

14.     Feinberg realleges and incorporates by reference his responses to the Statement of the Case and paragraphs 1-13.

15.     Without knowledge, and therefore denied.

16.     Without knowledge, and therefore denied.

17.     Without knowledge, and therefore denied.

18.     Admitted only that the business of Little Pearls was providing adoptions. Otherwise, denied.

19.     Without knowledge, and therefore denied.

20.     Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

21.     Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

22.     Without knowledge, and therefore denied.

23.     Without knowledge, and therefore denied.

24.     Without knowledge, and therefore denied.

25.     Denied to the extent the allegations of this paragraph suggest that Feinberg acted wrongfully or is otherwise liable to the Plaintiffs.

26.     Without knowledge, and therefore denied.

27.     Admitted that Feinberg formed Little Pearls.  Otherwise, denied.

28.     Denied.

29.     Admitted only that Feinberg disputes he is liable to the Plaintiffs.   Otherwise, denied.

30.     Denied.

31.     Denied as to Feinberg.   Without knowledge regarding communication between Fischer and third parties.

32.     Without knowledge, and therefore denied.

33.     Without knowledge, and therefore denied.

34.     Without knowledge, and therefore denied.

35.     Denied to the extent the referenced contracts speak for themselves and are the best evidence of their terms and conditions.   Otherwise, without knowledge and therefore denied.

36.     Without knowledge, and therefore denied.

37.     Without knowledge, and therefore denied.

38.     Without knowledge, and therefore denied.

39.     Without knowledge, and therefore denied.

40.     Without knowledge, and therefore denied.

41.     Without knowledge, and therefore denied.

42.     Denied as to Feinberg.   Otherwise, without knowledge and therefore denied.

43.     Denied.

44.     Denied to the extent the allegation is meant to suggest that Feinberg acted as an agent of Little Pearls regarding the claimed actions.   Otherwise, without knowledge, and therefore denied.

45.     Denied to the extent the allegation is meant to suggest that Feinberg acted as an agent of Little Pearls regarding the claimed actions.   Otherwise, without knowledge, and therefore denied.

46.     Denied to the extent the allegation is meant to suggest that Feinberg made misrepresentations or otherwise acted unlawfully.  Otherwise, without knowledge, and therefore denied.

47.     Denied as to Feinberg.  Otherwise, without knowledge, and therefore denied.

48.     Denied to the extent the allegations of this paragraph suggest that Feinberg was engaged in a conspiracy to defraud the Plaintiffs or otherwise acted unlawfully.   Otherwise, without knowledge and therefore denied.

49.     Denied.

50.     Without knowledge, and therefore denied.

51.     Admitted that Little Pearls was licensed to perform adoptions in Vietnam for some period of time.  Otherwise, without knowledge and therefore denied.

52.     Without knowledge, and therefore denied.

53.     Without knowledge, and therefore denied.

54.     Without knowledge, and therefore denied.

55.     Without knowledge, and therefore denied.

56.     Without knowledge, and therefore denied.

57.     Without knowledge, and therefore denied.

58.     Without knowledge, and therefore denied.

59.     Without knowledge, and therefore denied.

60.     Without knowledge, and therefore denied.

61.     Without knowledge, and therefore denied.

62.     Without knowledge, and therefore denied.

63.     Without knowledge, and therefore denied.

64.     Without knowledge, and therefore denied.

65.     Without knowledge, and therefore denied.

66.     Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

67.     Without knowledge, and therefore denied.

68.     Denied to the extent the referenced contract speaks for itself and is the best evidence of its terms and conditions.  Otherwise, without knowledge, and therefore denied.

69.     Without knowledge, and therefore denied.

70.     Without knowledge, and therefore denied.

71.     Without knowledge, and therefore denied.

72.     Without knowledge, and therefore denied.

73.     Without knowledge, and therefore denied.

74.     Without knowledge, an  d therefore denied.

75.     Without knowledge, and therefore denied.

76.     Denied as to Feinberg.  Otherwise, without knowledge, and therefore denied.

77.     Without knowledge, and therefore denied.

78.     Without knowledge, and therefore denied.

79.     Without knowledge, and therefore denied.

80.     Without knowledge, and therefore denied.

81.     Without knowledge, and therefore denied.

82.     Without knowledge, and therefore denied.

83.     Without knowledge, and therefore denied.

84.     Without knowledge, and therefore denied.

85.     Without knowledge, and therefore denied.

86.     Without knowledge, and therefore denied.

87.     Without knowledge, and therefore denied.

88.     Without knowledge, and therefore denied.

89.     Without knowledge, and therefore denied.

90.     Without knowledge, and therefore denied.

91.     Without knowledge, and therefore denied.

92.     Without knowledge, and therefore denied.

93.     Without knowledge, and therefore denied.

94.     Without knowledge, and therefore denied.

95.     Without knowledge, and therefore denied.

96.     Without knowledge, and therefore denied.

97.     Without knowledge, and therefore denied.

98.     Without knowledge, and therefore denied.

99.     Without knowledge, and therefore denied.

100.    Without knowledge, and therefore denied.

101.    Without knowledge, and therefore denied.

102.    Without knowledge, and therefore denied.

103.    Denied.

104.    Without knowledge, and therefore denied.

105.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

106.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

107.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

108.    Denied to the extent the allegations suggest that Feinberg acted unlawfully.
Otherwise, without knowledge and therefore denied.

109.    Without knowledge, and therefore denied.

110.    Without knowledge, and therefore denied.

111.    Denied to the extent the paragraph suggests that Feinberg is obligated to pay any
sum of money to any Plaintiff.  Otherwise, without knowledge and therefore denied.

112.    Without knowledge, and therefore denied.

113.    Without knowledge, and therefore denied.

114.    Without knowledge, and therefore denied.

115.    Without knowledge, and therefore denied.

116.    Without knowledge, and therefore denied.

117.    Without knowledge, and therefore denied.

118.    Without knowledge, and therefore denied.

119.    Without knowledge, and therefore denied.

120.    Without knowledge, and therefore denied.

121.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

122.    Without knowledge, and therefore denied.

123.    Without knowledge, and therefore denied.

124.    Without knowledge, and therefore denied.

125.    Denied to the extent the referenced contract speaks for itself and is the best
evidence of its terms and conditions.  Otherwise, without knowledge and therefore denied.

126.   Without knowledge, and therefore denied.

127.   Without knowledge, and therefore denied.

128.   Without knowledge, and therefore denied.

129.   Without knowledge, and therefore denied.

130.   Without knowledge, and therefore denied.

131.   Without knowledge, and therefore denied.

132.   Without knowledge, and therefore denied.

133.   Without knowledge, and therefore denied.

134.   Without knowledge, and therefore denied.

135.   Without knowledge, and therefore denied.

136.   Without knowledge, and therefore denied.

137.   Without knowledge, and therefore denied.

138.   Without knowledge, and therefore denied.

139.   Without knowledge, and therefore denied.

140.   Without knowledge, and therefore denied.

141.   Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

142.   Without knowledge, and therefore denied.

143.   Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

144.   Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

145.   Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

146.   Without knowledge, and therefore denied.

147.   Without knowledge, and therefore denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

152.   Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

153.   Denied to the extent the allegations of this paragraph suggest that Feinberg is in possession of the referenced information.  Otherwise, without knowledge and therefore denied.

154.   Without knowledge, and therefore denied.

155.   Without knowledge, and therefore denied.

156.   Without knowledge, and therefore denied.

157.   Without knowledge, and therefore denied.

158.   Denied to the extent that the referenced contract speaks for itself and is the best evidence of its terms and conditions.  Otherwise, without knowledge and therefore denied.

159.   Without knowledge, and therefore denied.

160.   Without knowledge, and therefore denied.

161.   Without knowledge, and therefore denied.

162.   Without knowledge, and therefore denied.

163.   Without knowledge, and therefore denied.

164.   Without knowledge, and therefore denied.

165.   Without knowledge, and therefore denied.

166.   Without knowledge, and therefore denied.

167.   Without knowledge, and therefore denied.

168.   Without knowledge, and therefore denied.

169.   Without knowledge, and therefore denied.

170.   Without knowledge, and therefore denied.

171.   Without knowledge, and therefore denied.

172.   Without knowledge, and therefore denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Without knowledge, and therefore denied.

177.   Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

178.   Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

179.   Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

180.   Without knowledge, and therefore denied.

181.   Without knowledge, and therefore denied.

182.   Without knowledge, and therefore denied.

183.   Without knowledge, and therefore denied.

184.   Without knowledge, and therefore denied.

185.   Without knowledge, and therefore denied.

186.   Without knowledge, and therefore denied.

187.   Without knowledge, and therefore denied.

188.   Without knowledge, and therefore denied.

189.   Without knowledge, and therefore denied.

190.   Without knowledge, and therefore denied.

191.   Without knowledge, and therefore denied.

192.   Without knowledge, and therefore denied.

193.   Without knowledge, and therefore denied.

194.   Without knowledge, and therefore denied.

195.   Without knowledge, and therefore denied.

196.   Without knowledge, and therefore denied.

197.   Without knowledge, and therefore denied.

198.   Without knowledge, and therefore denied.

199.   Without knowledge, and therefore denied.

200.   Without knowledge, and therefore denied.

201.   Without knowledge, and therefore denied.

202.   Without knowledge, and therefore denied.

203.   Without knowledge, and therefore denied.

204.   Without knowledge, and therefore denied.

205.   Without knowledge, and therefore denied.

206.   Without knowledge, and therefore denied.

207.   Without knowledge, and therefore denied.

208.   Without knowledge, and therefore denied.

209.   Denied to the extent the allegations suggests that Feinberg acted unlawfully. Without knowledge whether the referenced meeting occurred.  Otherwise, denied.

210.   Denied to the extent the referenced contract speaks for itself and is the best evidence of its terms and conditions.  Otherwise, without knowledge and therefore denied.

211.   Without knowledge, and therefore denied.

212.   Without knowledge, and therefore denied.

213.   Without knowledge, and therefore denied.

214.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

215.    Without knowledge, and therefore denied.

216.    Without knowledge, and therefore denied.

217.    Without knowledge, and therefore denied.

218.    Without knowledge, and therefore denied.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

223.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

224.    Without knowledge, and therefore denied.

225.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

226.    Without knowledge, and therefore denied.

227.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

228.    Denied to the extent the referenced contracts speak for themselves and are the best evidence of their terms and conditions.   Denied as to Feinberg.   Otherwise, without knowledge and therefore denied.

229.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

230.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

231.    Without knowledge, and therefore denied.

232.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

233-247.        Count One was dismissed as to Feinberg.

248.    Feinberg realleges and incorporates by reference his responses to the Statement of the Case and paragraphs 1-232.

249.    Without knowledge, and therefore denied.

250.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

251.    Denied to the extent the terms of the referenced contracts speak for themselves and are the best evidence of their terms and conditions.

252.    Denied to the extent the terms of the referenced contracts speak for themselves and are the best evidence of their terms and conditions.

253.    Without knowledge, and therefore denied.

254.    Denied to the extent the terms of the referenced contract speak for itself and is the best evidence of its terms and conditions.

255.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

256.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

257.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

258.    Without knowledge, and therefore denied.

259.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

260.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

261.    Denied as to Feinberg.  Otherwise, without knowledge and therefore denied.

262-319.        The remaining counts were dismissed as to Feinberg.

## Affirmative Defenses

## First Affirmative Defense

The breach of contract claim is rendered a nullity by the contracts attached to the First Amended Complaint and thus fails to state a viable claim against Feinberg.  Contrary to the

allegations of the First Amended Complaint, Feinberg is not a party to the contracts and did not execute the contracts.   There are insufficient allegations to otherwise impose liability upon Feinberg based solely on his position as a director to Little Pearls.   Further, the breach of contract claim contains additional allegations contradicted by the attached contracts such as the claim that the contracts at issue required a successful adoption from the Nam Dinh province of Vietnam.

### Second Affirmative Defense

To the extent it is determined that the Plaintiffs failed to comply with the material requirements of the attached contracts, any alleged failure of performance by Feinberg or any other defendant is excused by such prior breaches.

### Third Affirmative Defense

The breach of contract claim is barred by the express terms of the contracts whereby the Plaintiffs specifically agreed that there was no guarantee they would successfully adopt a child.

### Fourth Affirmative Defense

The breach of contract claim is barred by the doctrine of impossibility and intervening causes outside of Feinberg's control to the extent that Vietnam outlawed adoptions through no fault of Feinberg or because individuals or entities other than Feinberg failed to take the actions necessary to complete the adoptions.

### Fifth Affirmative Defense

The breach of contract claim is barred to the extent the Plaintiffs seek damages in tort for an alleged breach of contract and to the extent the Plaintiffs incorporate allegations of tortious and intentional conduct when such counts have been dismissed as to Feinberg.

### Sixth Affirmative Defense

The claims are barred by the doctrine of avoidable consequences, estoppel and waiver to the extent the Plaintiffs voluntarily assumed responsibility for the completion of the adoptions and voluntarily provided funds directly to alleged representatives of Little Pearls in Vietnam.

### Seventh Affirmative Defense

The Plaintiffs failed to mitigate their alleged damages to the extent they provided funds to entities or individuals other than Feinberg when they were aware or should have been aware that the adoptions could not be completed.

### Eighth Affirmative Defense

The claim for attorneys' fees in Count Two is barred and should be stricken as there is neither a contractual nor a statutory basis for the recovery of attorneys' fees.


Respectfully submitted,


/s/ Jonathan B. Sbar
Jonathan B. Sbar, FBN 131016
Robert L. Rocke, FBN 710342
ROCKE, MCLEAN & SBAR, PA
2309 S. MacDill Avenue
Tampa, FL 33629
Email:  jsbar@rmslegal.com
Tel:  (813) 769-5600
Fax:  (813) 769-5601

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

the **CM/ECF filing system,** on the 29th day of July, 2011, to the following:

Sean C. Boynton, Esquire
Bush Ross, P.A.
1801 North Highland Avenue
Tampa, FL  33602
(813) 204-6494
(813) 223-9620 – FAX
Attorneys for Plaintiff


/s/ Jonathan B. Sbar
Attorney