UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUZANNE & ROBERT CRAIG, SEAN &
LORI BOYNTON, SUMMER ELIZANDO,
KEVIN & NICHOLE LUCAS,

Plaintiffs,

vs.

Case No.: 8:10-cv-671-T30 TGW

LITTLE PEARLS ADOPTION AGENCY, INC., a
Florida for Profit Corporation, DEBBIE FISCHER
and RICHARD FEINBERG, individuals, jointly and
severally

Defendants.

## FISCHER MOTION TO DISMISS FOR FAILURE TO NAME AND SERVE INDISPENSIBLE PARTIES

Defendant, Debbie Fischer ("Fischer"), moves this court to dismiss the instant case for Plaintiff's failure to name and serve indispensable parties. In support for this motion Fischer states:

### Factual Basis for Motion

MaiLy LaTrace ("MaiLy") and Marie LaTrace ("Marie"), operated a business named Child Placement Consultants ("CPC") that constituted the linchpin of the business of Little Pearls Adoption Agency ("LP"). Fischer, acting on behalf of LP, paid MaiLy by LP check made out to CPC for all adoption related services CPC performed for LP in Vietnam. MaiLy accepted payment checks from Fischer in Bank of America Bank and in the presence of Fischer, MaiLy used the service or Michael Padgett, an employee of Bank of America Bank, to bankwire the money to Marie in Vietnam. By agreement between LP and CPC, Marie should have disbursed the funds to LP office personnel, Vietnam government operatives, and orphanages in Vietnam for the purpose of performing adoption-related services. CPC should have kept a portion of the funds for its operating expenses and profits.

Plaintiffs knew or should have known that MaiLy and / or Marie performed services, specifically including money payment services, on behalf of LP, and that they might have had culpability for loss of the money Plaintiffs paid LP for the adoption. Plaintiffs should have known this because they paid money directly to Marie in spite of Fisher's stern written warning, and they never received a refund from Marie, nor did they receive the babies for the adoption of which they paid that money to Marie. Therefore, Plaintiffs knew or should have known and / or suspected that they lost their money because of miscreant acts by MaiLy and / or Marie, and that MaiLy and Marie were indispensable to the just resolution of the instant case.

Fischer has canceled checks for all the money LP paid to CPC. Marie, LP employees, orphanages, and Vietnam government operatives in Vietnam all complained that they did not get paid, and therefore refused to perform adoption services and supply adoption babies LP had agreed to purchase. Fischer has no way of knowing how or why the money allegedly bankwired by MaiLy never reached the intended recipients in Vietnam. The court cannot arrive at the truth of this question without having CPC, MaiLy, Marie, Bank of America Bank, and Mike Padgett ("Unnamed Defendants") as defendants in the instant case. Wherefore Unnamed Defendants constitute indispensable parties to the instant case.

### Legal Basis for Motion

Florida's 2nd District Court defined an indispensable party as "one whose interest in the subject matter is such that if he is not joined a complete and efficient determination of the equities and rights between the other parties is not possible." Grammer v. Roman , 174 So.2d 443, 445 (Fla. 2d DCA 1965).

FRCP Rule 12(b) provides as follows:

> (b) How to Present Defenses.
> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process;
(6) failure to state a claim upon which relief can be granted; and
(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

http://www.law.cornell.edu/rules/frcp/Rule12.htm#Rule12

The committee notes for FRCP 12b provide that the Court should treat a motion to dismiss for failure to join indispensable parties as a motion for summary judgment.

> The addition of defense (7), "failure to join an indispensable party," cures an omission in the rules, which are silent as to the mode of raising such failure. See Commentary, Manner of Raising Objection of Non-Joinder of Indispensable Party, 1940, 2 Fed Rules Serv 658 and, 1942, 5 Fed Rules Serv 820. In one case, United States v Metropolitan Life Ins. Co. ED Pa 1941, 36 F Supp 399, the failure to join an indispensable party was raised under Rule 12(c). Rule 12(b)(6), permitting a motion to dismiss for failure of the complaint to state a claim on which relief can be granted, is substantially the same as the old demurrer for failure of a pleading to state a cause of action. Some courts have held that as the rule by its terms refers to statements in the complaint, extraneous matter on affidavits, depositions or otherwise, may not be introduced in support of the motion, or to resist it. On the other hand, in many cases the district courts have permitted the introduction of such material. When these cases have reached circuit courts of appeals in situations where the extraneous material so received shows that there is no genuine issue as to any material question of fact and that on the undisputed facts as disclosed by the affidavits or depositions, one party or the other is entitled to judgment as a matter of law, the circuit courts, properly enough, have been reluctant to dispose of the case merely on the face of the pleading, and in the interest of prompt disposition of the action have made a final disposition of it. In dealing with such situations the Second Circuit has made the sound suggestion that whatever its label or original basis, the motion may be treated as a motion for summary judgment and disposed of as such. Samara v United States, CCA 2d, 1942, 129 F2d 594, cert den, 1942, 317 US 686, 63 S Ct 258; Boro Hall Corp. v General Motors Corp. CCA 2d, 1942, 124 F2d 822, cert den, 1943, 317 US 695, 63 S Ct 436. See also Kithcart v Metropolitan Life Ins. Co. CCA 8th, 1945, 150 F2d 997, affg 62 F Supp 93.
>
> http://www.law.cornell.edu/rules/frcp/ACRule12.htm, **Notes of Advisory Committee on 1946 amendments to Rules.**

FRCP 19(b) contains the standards a court should apply in determining whether a lawsuit should go forward in the absence of a necessary party. The rule provides as follows:

(a) Persons Required to Be Joined if Feasible.
**(1) Required Party.**
A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Under *Martin v. Wilks*, 490 U.S. 755 (1989), the rule consists of a four part test. (1) the court must determine whether "a judgment rendered in the person's absence might be prejudicial to him or those already parties" (2) Whether the court can reduce or eliminate prejudice by "the shaping of relief or other measures." (3) whether the judgment rendered without the outsider will be "adequate." (4) the court must consider the costs to the plaintiff of a dismissal for nonjoinder. (Friedenthal § 6.5)

### Argument

Plaintiff's failure to join the Unnamed Defendants as defendants will harm the equitable interests of both Plaintiffs and Defendants for the following reasons:

1. Unnamed Defendants will evade accountability if they stand culpable for the missing money that collapsed LP's business and caused Plaintiffs their alleged loss. Thus a judgment in the absence of Unnamed Defendants could constitute prejudice against Fischer.

2. In the event of a ruling in favor of Plaintiffs, the Court might hold Fischer accountable for tortious conduct or crimes by Unnamed Defendants. Therefore no relief or shaping of other measure could possibly reduce or eliminate the Court's prejudice against Fischer in the absence of Unnamed Defendants.

3. If Unnamed Defendants have culpability for the money loss, Plaintiffs and Defendants might have to litigate a claim against the Unnamed Defendants in a separate action, thereby wasting the courts and their own resources when the Unnamed Defendants could and should be joined as defendants in the instant case. Fischer has already suffered monumental cost financially, emotionally, socially, and professionally as a consequence of the possible actions of Unnamed Defendants, so failure to join them as defendants will utterly deprive the Court of the ability to render adequate judgment.

4. The Court cannot provide complete relief to the Plaintiffs without the presence of the Unnamed Defendants as defendants in the instant case because the court will have no way to get at Unnamed Defendants as a source of relief if the Court would have found them culpable.

5. The Plaintiffs will not suffer much additional cost by joining Unnamed Defendants as defendants because they need only name, and serve them.

## Relief Sought

Unnamed Defendants are indispensable parties to the instant case. The Court cannot render an equitable judgment because Plaintiffs failed to join them as defendants, wherefore Fischer respectfully moves this Court to dismiss the instant case or in the alternative render summary judgment in favor of Fischer.

Respectfully submitted,

_Debbie Fischer_
8047 Stimie Avenue North
St. Petersburg, Fl 33710
Email: dfische1@tampabay.rr.com)
Tel: 727-381-6000

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email, on the 7th day of October, 2011, to the following:

Sean C. Boynton, Esquire

Bush Ross, PA

1801 North Highland Avenue

Tampa, FL 33602
(813) 204-6494

(813) 223-9620 – FAX
Attorneys for Plaintiff

Joni M. Fixel, Esquire

Fixel Law Offices

4084 Okemos Road,
Suite B

Okemos, MI 48864

(517)332-3390

Attorneys for Plaintiffs

Jonathan B. Sbar

2309 S. MacDill Avenue

Tampa, Fl 33629

813-769-5600

Fax: 813-769-5601

Attorney for Richard Feinberg

_Debbie Fischer_
Defendant