## UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | | |
|---|---|---|
| **SUZANNE & ROBERT CRAIG,** | ) | |
| **SEAN & LORI BOYNTON,** | ) | |
| **SUMMER ELIZANDO,** | ) | Case No.:   10-cv-671-T30 TGW |
| **KEVIN & NICHOLE LUCAS,** | ) | |
| Individuals, | ) | Hon.:        James S. Moody, Jr. |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| **LITTLE PEARLS ADOPTION** | ) | |
| **AGENCY, INC.** | ) | |
| a Florida For-Profit Corporation | ) | |
| **DEBBIE FISCHER,** | ) | |
| **and RICHARD FEINBERG,** | ) | |
| Individuals, | ) | |
| **Jointly and Severally,** | ) | |
| Defendants. | ) | |

Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs
Appearing *pro hac vice*
4084 Okemos Road, Suite B
Okemos, MI 48842
(517) 332-3390 (Phone)
(517) 853-0434 (Fax)
jfixel@fixellawoffices.com

Sean C. Boynton, Esquire
Bush Ross, PA
Local Counsel for Plaintiffs
1801 North Highland Ave.
Tampa, FL 33602
(813) 204-6494 (phone)
(813) 223-9620 (fax)

Jonathan B. Sbar (P131016)
Robert L. Rocke (P710342)
Rocke, McLean & Sbar, PA
Attorneys for Defendant Feinburg
2309 S. MacDill Ave.
Tampa, FL 33629
(813) 769-5600 (Phone)
(813) 769-5601 (Fax)
jsbar@rmslegal.com

## PLAINTIFFS' RESPONSE TO DEFENDANT FISCHER'S THIRD MOTION TO DISMISS

NOW COMES Plaintiffs, Suzanne and Robert Craig, Sean and Lori Boynton, Summer Elizando, and Kevin and Nicole Lucas who, by and through their duly appointed attorney, Joni M. Fixel of the Fixel Law Offices, who hereby state as follows:

1. On October 12, 2011 Defendant Fischer filed the latest of a series of dispositive motions she has filed. (Dkt. #44).

2. The latest motion seeks dismissal, pursuant to Fed.R.Civ.Pr. 12(b)(7), because she has concocted some third-party bogeymen, MaiLy and Marie LaTrace, who she claims are also responsible for misappropriating Plaintiffs' money in conjunction with the Vietnamese adoptions.

3. The caselaw shows that courts will not grant a 12(b)(7) motion to dismiss on the vague possibility that some other necessary party may have an interest in the claim, and will only grant the motion as a last resort if the defect cannot otherwise be cured.

4. The caselaw shows that the LaTrace defendants, as joint tortfeasors, are not necessary parties within the contemplation of Fed.R.Civ.Pr. 19.

5. Any alleged defect because the LaTrace's have not been named can be easily cured if Fischer were to implead these defendants, pursuant to Fed.R.Civ.Pr. 14.

6. There is absolutely no basis for requiring Plaintiffs to incur the expense of drafting a complaint against the LaTrace's and serving it upon them. If Fischer believes these parties are responsible to her for her liability to Plaintiffs, she may bring a motion to

implead them, pursuant to Rule 14, draft complaint against them, and pay to have it served.

WHEREFORE Plaintiffs request that this Honorable Court

1. ORDER that MaiLy LaTrace and Marie LaTrace are not "necessary parties" pursuant to Rule 19,

2. DENY Defendant Fischer's latest motion to dismiss, and

3. ORDER that Defendant Fischer should bear the costs of impleading and serving her proposed LaTrace defendants.

Respectfully Submitted,

Dated:  November 2, 2011

/s/ Joni M. Fixel
Joni M. Fixel
Attorney for the Plaintiffs

UNITED STATES FEDERAL DISTRICT COURT
IN THE MIDDLE DISTRICT COURT OF FLORIDA

SUZANNE & ROBERT CRAIG,           )
SEAN & LORI BOYNTON,              )
SUMMER ELIZANDO,                  )       Case No.:   10-cv-671-T30 TGW
KEVIN & NICHOLE LUCAS,            )
Individuals,                     )       Hon.:       James S. Moody, Jr.
                                 )
                    Plaintiffs   )
v.                               )
                                 )
LITTLE PEARLS ADOPTION           )
AGENCY, INC.                     )
a Florida For-Profit Corporation )
DEBBIE FISCHER,                  )
and RICHARD FEINBERG,            )
Individuals,                     )
Jointly and Severally,           )
                    Defendants.  )

Joni M. Fixel (P56712)                Jonathan B. Sbar (P131016)
Fixel Law Offices, PLLC               Robert L. Rocke (P710342)
Attorney for Plaintiffs               Rocke, McLean & Sbar, PA
Appearing *pro hac vice*              Attorneys for Defendant Feinburg
4084 Okemos Road, Suite B             2309 S. MacDill Ave.
Okemos, MI 48842                      Tampa, FL 33629
(517) 332-3390 (Phone)                (813) 769-5600 (Phone)
(517) 853-0434 (Fax)                  (813) 769-5601 (Fax)
jfixel@fixellawoffices.com            jsbar@rmslegal.com

Sean C. Boynton, Esquire
Bush Ross, PA
Local Counsel for Plaintiffs
1801 North Highland Ave.
Tampa, FL 33602
(813) 204-6494 (phone)
(813) 223-9620 (fax)

1

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESPONSE TO DEFENDANT FISCHER'S THIRD MOTION TO DISMISS

### STATEMENT OF THE CASE

This claim stems from the activities of the Little Pearls Adoption agency. As the Complaint and First Amended Complaint to the instant matter detail, Defendant Fischer made numerous false statements to adoptive parents in order to trick them into paying her adoptive fees. The First Amended Complaint details how Fischer repeatedly lied that the agency was properly licensed to conduct adoptions in Vietnam. Plaintiffs have produced copies of numerous emails from Fischer to the Plaintiffs where she represented to them that Little Pearls was licensed in Vietnam and they have chronicled these statements in their First Amended Complaint. The Plaintiffs, and each of them, paid adoption fees to Little Pearls based on Fischer's lies. Plaintiffs lost money when it turned out that Fischer had been lying the whole time and Little Pearls really wasn't licensed in Vietnam and Defendants Fischer has never reimbursed them for their ill-begotten gains.

On January 6, 2011 Defendant Fischer filed a Motion to Dismiss the Complaint, for the stated reasons that (1) she had been "improperly served" and (2) she "had no liability." Doc. #30. On January 7, 2011 the Court summarily DENIED Fischer's Motion and ORDERED her to file an answer to the Amended Complaint within 20 days (January 27, 2011). Incomprehensibly, and despite the Court's previous denial of her Motion to Dismiss, Defendant Fischer proceeded to file a *second* Motion to Dismiss on January 27, 2011. Dkt. #32. Further, and in violation of the Court's explicit instruction that she should file an Answer to the Complaint by January 27th, she failed to do so. The Court denied this second

2

motion in part and again ordered Fischer to answer the Amended Complaint.  Dkt #34.

Fischer finally filed an Answer to the Amended Complaint on September 26, 2011.  Dkt #41.

Two weeks later, on October 12, 2011 she filed yet another motion to dismiss.  This time, she

alleged that dismissal was warranted because Plaintiffs had failed to name some third-party she

has concocted who, she claims, was really responsible for stealing Plaintiffs' money

## ARGUMENT

### I.  Standard of Review

With respect to motions to dismiss pursuant to Rule 12(b)(7), the "courts are loathe to

grant motions to dismiss of this type." *Sever v. Glickman,* 298 F.Supp.2d 267, 275

(D.Conn.2004). Therefore, "'a 12(b)(7) motion will not be granted because of a vague possibility

that persons who are not parties may have an interest in the action.'" *Id.* (quoting Wright and

Miller, Federal Practice and Procedure § 1359 (2d ed.2003)). "In general, dismissal is warranted

only when the defect cannot be cured." *Id.* A determination on "a motion to dismiss for failure to

join a necessary and indispensable party requires the Court to accept the allegations of the

complaint as true, and the [c]ourt may go outside the pleadings and look at extrinsic evidence."

*Rotec Indus., Inc. v. Aecon Group, Inc.,* 436 F.Supp.2d 931, (N.D.Ill.2006) (citing *Davis Co. v.*

*Emerald Casino, Inc.,* 268 F.3d 477, 479-80 n. 2, 4 (7th Cir.2001)). The defendants have the

burden of showing that the plaintiff has failed to join a necessary and indispensable party. *Id.*

(citing *Ilan-Gat Eng'rs, Ltd. v. Antigua Int'l Bank,* 659 F.2d 234, 242 (D.C.Cir.1981); *Ploog v.*

*HomeSide Lending, Inc.,* 209 F.Supp.2d 863, 873 (N.D.Ill.2002).  *See also Microsoft Corp v*

*Cietdirectcom LLC*, No. 08-60668-CIV, 2008 WL 3162535 (SD Fla August 5, 2008).

3

## II. Argument

### a. The parties Fischer seeks to join are not "necessary" to adjudication of Plaintiff's claims.

Defendant seems to take the position that MaiLy LaTrace and Marie LaTrace must be joined as necessary parties in order to proceed with this litigation.  She is entirely incorrect.  The mere fact that one party committed acts that may have aided in injury to a Plaintiff in an action does not mean that they are a necessary party as contemplated by the rules.

"A party is considered "necessary" to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings."  *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843 (11th Cir. 1999) (applying Rule 19(a) & (b)).  Defendant suggests, apparently, that complete relief cannot be had in the instant case because MaiLy LaTrace and Marie LaTrace also engaged in criminal acts during their association with Little Pearls Adoption Agency which injured Plaintiffs.  It would seem that Defendant is alleging that failure to name these joint tortfeasors will render the proceedings invalid because they cannot lead to complete relief.  This position is without merit.  Courts have held that joint tortfeasors need not all be named in one lawsuit and that the failure to do so does not implicate Rule 19.  *Id., citing Temple v. Synthes Corp.*, 498 US 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit... The Advisory Committee notes to Rule 19(a) explicitly state that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.")  Because Plaintiff is not required to name every person who injured them in this transaction, according to the clear rule which the Supreme Court has articulated and the 11th Circuit has

4

acknowledged, Defendant's assertion that failure to name the LaTrace parties should result in dismissal is without merit and should be ignored.

### b. Defendant Fischer may cure the alleged defect by impleading the LaTrace defendants pursuant to the Federal Rules.

Plaintiffs are under no obligation to bring suit against the LaTrace's, pursuant to the language in *Temple* and *Laker Airways* and the Advisory Committee notes to Rule 19. To the extent that there is a defect in the failure to name these parties, dismissal is only warranted by Rule 12(b)(7) if the defect is incurable. The defect can easily be cured: Defendant Fischer may implead the LaTrace's. She, and not the Plaintiffs, should bear the legal fees and cost of perfecting service in doing so.

Fed.R.Civ.Pr. 14 provides a mechanism wherein a defendant who believes that another is liable for injuries to the plaintiff may bring the other defendant in to the action. District Courts decide motions to implead a third party on their sound discretion. *Southern Railway Co. v. Fox*, 339 F.2d 560, 563 (5th Cir. 1964). Guiding this discretion is the tenet that "a third party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." *A.J. Kellos Const. Co., Inc., v. Balboa Ins. Co.*, 86 F.R.D. 544 (1980) (citations omitted).

Here, Defendant has alleged, essentially, that the LaTrace's are also liable to the Plaintiffs because they absconded with funds that Plaintiffs had entrusted to Fischer that Fischer had entrusted to them. If this is true, then the LaTrace's may *also* be liable to Plaintiffs for absconding with their funds. However, the fact that Fischer allowed these

parties to make off with the funds she had been entrusted with by Plaintiffs does not exculpate her, it inculpates her.

And, the alleged fraud by the LaTrace's does not help Fischer avoid liability for her fraudulent statements that Little Pearls was licensed to perform adoptions in Vietnam when it was not.

The Rules provide Defendant Fischer a mechanism by which she can name the LaTrace defendants, if she feels appropriate to do so.  She has the power to cure any alleged "defect" by failing to name the LaTrace defendants.  However, the onus is not on the Plaintiffs to name every conceivable defendant to their claim.   And, there is no basis to require Plaintiffs to incur the cost of doing so.

## CONCLUSION

For the reasons stated above, Plaintiffs request that this Honorable Court:

1.  ORDER that the proposed LaTrace defendants, as joint tortfeasors, are not "necessary parties" within the contemplation of the rules,

2.  DENY Defendant Fischer's Third Motion to Dismiss in its entirety, and

3.  ORDER that Defendant Fischer, and not the Plaintiffs, is responsible for the expense of naming and serving the LaTrace defendants, pursuant to Fed.R.Civ.Pr. 14.

Respectfully Submitted,

Dated: November 2, 2011                             /s/ Joni M. Fixel
                                                    Joni M. Fixel (P56712)
                                                    Attorney for the Plaintiffs

6

## UNITED STATES FEDERAL DISTRICT COURT
## IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | |
|---|---|
| **SUZANNE & ROBERT CRAIG,**<br>**SEAN & LORI BOYNTON,**<br>**SUMMER ELIZANDO,**<br>**KEVIN & NICHOLE LUCAS,**<br>Individuals,<br><br>Plaintiffs<br>v.<br><br>**LITTLE PEARLS ADOPTION**<br>**AGENCY, INC.**<br>a Florida For-Profit Corporation<br>**DEBBIE FISCHER,**<br>**and RICHARD FEINBERG,**<br>Individuals,<br>**Jointly and Severally,**<br>Defendants. | Case No.:   10-cv-671-T30 TGW<br><br>Hon.:        James S. Moody, Jr. |

## CERTIFICATE OF SERVICE

I swear and affirm that the foregoing document was served upon all attorneys of record via the United States District Court ECF system and unrepresented parties were served via the United States Postal Service, post prepaid.

Dated:  November 2, 2011                                        /s/  Joni M. Fixel
                                                                                 Joni M. Fixel
                                                                                 Attorney for the Plaintiffs