UNITED STATES FEDERAL DISTRICT COURT
IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | |
|---|---|
| SUZANNE & ROBERT CRAIG,  ) <br> SEAN & LORI BOYNTON,  ) <br> SUMMER ELIZANDO,  ) <br> KEVIN & NICHOLE LUCAS,  ) <br> Individuals,  ) <br>   ) <br>   Plaintiffs  ) <br> v.  ) <br>   ) <br> LITTLE PEARLS ADOPTION  ) <br> AGENCY, INC.  ) <br> a Florida For-Profit Corporation  ) <br> **DEBBIE FISCHER,**  ) <br> and **RICHARD FEINBERG,**  ) <br> Individuals,  ) <br> **Jointly and Severally,**  ) <br>   Defendants.  ) | Case No.:  10-cv-671-T30 TGW <br><br> Hon.:  James S. Moody, Jr. |

Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs
Appearing *pro hac vice*
4084 Okemos Road, Suite B
Okemos, MI 48842
(517) 332-3390 (Phone)
(517) 853-0434 (Fax)
jfixel@fixellawoffices.com

Jonathan B. Sbar (P131016)
Robert L. Rocke (P710342)
Rocke, McLean & Sbar, PA
Attorneys for Defendant Feinburg
2309 S. MacDill Ave.
Tampa, FL 33629
(813) 769-5600 (Phone)
(813) 769-5601 (Fax)
jsbar@rmslegal.com

Sean C. Boynton, Esquire
Bush Ross, PA
Local Counsel for Plaintiffs
1801 North Highland Ave.
Tampa, FL 33602
(813) 204-6494 (phone)
(813) 223-9620 (fax)

## PLAINTIFFS' MOTION FOR SANCTIONS AGAINST FISCHER DUE TO HER DILATORY TACTICS IN VIOLATION OF 28 USC § 1927

NOW COMES Plaintiffs, Suzanne and Robert Craig, Sean and Lori Boynton, Summer Elizando, and Kevin and Nicole Lucas who, by and through their duly appointed attorney, Joni M. Fixel of the Fixel Law Offices, and in support of their motion for fees, costs, and expenses against Defendant Fischer hereby state as follows:

1. Defendant Fischer has previously moved to dismiss the First Amended Complaint against her for the reason that she "has no liability" and she was "improperly served." *Def. Fischer's Mtn. to Dis,* (Dkt. #30). The Court responded by denying her Motion to Dismiss and ordering her to answer the Complaint. (Dkt. #31).

2. Fischer then attempted to secure dismissal because the "claims in the First Amended Complaint are substantively and procedurally deficient and should be dismissed." (Dkt. #32). She also alleged, Parroting a motion from her former co-defendant Richard Feinburg, that the complaint "improperly incorporated the claims," which was a rather inane argument based on Plaintiff's use of standard pleading practice. On July 12, 2011 the Court denied this second motion as well and again ordered her to answer the Complaint within 20 days. (Dkt. #34).

3. On September 26, 2011 Defendant Fischer finally filed her Answer to the Amended Complaint.

4. On October 12, 2011 Defendant Fischer filed yet another Motion to Dismiss, (Dkt. #44) this time alleging that the Complaint should be dismissed due to Plaintiffs' failure

to name some other alleged co-defendant that she now claims is responsible for her breaches of the agreement she had with the adoptive families.

5. The relief she seeks, dismissal, is improper in these circumstances because she has the option, under the Federal Rules, to implead these new alleged co-defendants. Her newest motion to dismiss is frivolous for this reason. The repeated filing of meritless motions to dismiss is indicative of dilatory tactics on her part.

6. Defendant Fischer's repeated Motions to Dismiss have unreasonably and vexatiously multiplied the costs of these proceedings, in violation of 28 USC § 1927. For this reason, per this Federal Statute, she should be required to satisfy personally the excess costs, expenses, and attorney's fees that she has caused Plaintiff's to incur.

WHEREFORE the Plaintiffs humbly request that this honorable court

1. Award them their costs, expenses, and attorney's fees wrongfully incurred due to Fischer's repeated filings of frivolous motions to dismiss.

2. Order a hearing as to the amount of expenses appropriate due to her wrongful conduct.

                                                                                                      Respectfully Submitted,

Dated: November 3, 2011                                 /s/  Joni M. Fixel
                                                                                  Joni M. Fixel (P56712)
                                                                                  Fixel Law Offices, PLLC
                                                                                  Attorney for Plaintiffs
                                                                                  Appearing *pro hac vice*
                                                                                  4084 Okemos Road, Suite B
                                                                                  Okemos, MI 48842
                                                                                  (517) 332-3390 (Phone)
                                                                                  (517) 853-0434 (Fax)
                                                                                  jfixel@fixellawoffices.com

UNITED STATES FEDERAL DISTRICT COURT
IN THE MIDDLE DISTRICT COURT OF FLORIDA

| | |
|---|---|
| SUZANNE & ROBERT CRAIG, ) <br> SEAN & LORI BOYNTON, ) <br> SUMMER ELIZANDO, ) <br> KEVIN & NICHOLE LUCAS, ) <br> Individuals, ) <br>  ) <br>             Plaintiffs ) <br> v. ) <br>  ) <br> LITTLE PEARLS ADOPTION ) <br> AGENCY, INC. ) <br> a Florida For-Profit Corporation ) <br> **DEBBIE FISCHER,** ) <br> and RICHARD FEINBERG, ) <br> Individuals, ) <br> **Jointly and Severally,** ) <br>             Defendants. ) | Case No.:   10-cv-671-T30 TGW <br><br> Hon.:   James S. Moody, Jr. |

Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs
Appearing *pro hac vice*
4084 Okemos Road, Suite B
Okemos, MI 48842
(517) 332-3390 (Phone)
(517) 853-0434 (Fax)
jfixel@fixellawoffices.com

Jonathan B. Sbar (P131016)
Robert L. Rocke (P710342)
Rocke, McLean & Sbar, PA
Attorneys for Defendant Feinburg
2309 S. MacDill Ave.
Tampa, FL 33629
813) 769-5600 (Phone)
(813) 769-5601 (Fax)
jsbar@rmslegal.com

Sean C. Boynton, Esquire
Bush Ross, PA
Local Counsel for Plaintiffs
1801 North Highland Ave.
Tampa, FL 33602
(813) 204-6494 (phone)
(813) 223-9620 (fax)

1

# PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR COSTS, EXPENSES, AND ATTORNEY'S FEES PURSUANT TO 28 USC § 1927

I. Argument

As the Court noted in *Spolter v. Suntrust Bank*, 2010 WL 4608772 (11th Cir. 2010) (unpublished) a district court has several different sources of authority for granting sanctions. Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance success and that cannot be advances as a reasonable argument to change existing law; and (3) when a party files a pleading in bad faith or for an improper purpose." *Id.*, citing *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995). Plaintiffs concede that the notice requirements for Rule 11 have not been met. However, these provisions do not apply to motions for sanctions under 28 USC § 1927 nor do they apply for sanctions brought under the court's inherent powers.

The *Spolter* court noted that under 28 USC § 1927 "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred of such conduct." And, the *Spolter* court also noted that "[f]ederal courts have the inherent power to impose sanctions on parties and lawyers. To impose sanctions under the court's inherent power, the court must find bad faith. Further, the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Id.* at *2 (citations omitted).

It could be argued that Defendant Fischer, as a *pro per* litigant is entitled to leniency on a request for sanctions for her inappropriate conduct. However, this position is not supported by caselaw. In *Patterson v. Aiken*, 841 F.2d 386 (11th Cir. 1988) a *pro per* Plaintiff brought a claim which was identical to a previous claim he had brought which was already dismissed.

3

The court found that this duplicative filing was frivolous in light of the previous determination. Even though the Plaintiff was *pro per*, the *Patterson* court found that sanctions were proper for the reason that the complaint was frivolous. Therefore, where a *pro per* litigant makes a court filing which is frivolous for the reason that it is duplicative, they may be sanctioned for frivolous filing.

Further, Defendant Fischer should not be able to claim any defense based on her *pro per* filing of this Motion because it is quite apparent that she retained an attorney to "ghost write" this document for her. Defendant Fischer's first Motion to Dismiss was two pages long and stated that she should be dismissed from the action because she "has no liability" and was "not properly served." Her second bite at this apple raised an identical argument, but this time supports the argument with a twelve page Memorandum of Law. It is very apparent that Fischer did not produce these documents on her own. A *pro per* litigant should not be allowed to hire an attorney to ghost write a legal filing for her, and then avoid sanctions based on being a *pro per*.

In the instant case, Defendant Fischer, a *pro per* litigant, has made three different motions to dismiss this case. The second motion made identical arguments to those that the Court has already ruled on in the first motion and misstated key elements of the claims against her. The third filing suggested that dismissal was required for failure to name joint tortfeasors who she identified as "necessary parties." It is well established that joint tortfeasors are not necessary parties. And, it is well settled that dismissal for failure to name necessary parties is only warranted in extreme cases where the defect cannot be cured. This latest motion to dismiss is frivolous and invalid on its face and is demonstrative of the pattern of

dilatory tactics in which this Defendant has engaged. Plaintiffs should be able to recover their costs for being forced to respond to this frivolous filing, pursuant to the court's inherent powers to sanction and the clear language of 28 USC § 1927.

## Conclusion

For the reasons stated Plaintiffs request that this Honorable Court award them their fees, costs, and expenses wrongfully incurred in responding to Fischer's latest frivolous motion to dismiss.

Respectfully Submitted,

Dated: November 3, 2011

/s/ Joni M. Fixel
Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs
Appearing *pro hac vice*
4084 Okemos Road, Suite B
Okemos, MI 48842
(517) 332-3390 (Phone)
(517) 853-0434 (Fax)
jfixel@fixellawoffices.com

## CERTIFICATE OF SERVICE

I swear and affirm that the foregoing document was served upon all attorneys of record via the United States District Court ECF system and unrepresented parties were served via the United States Postal Service, post prepaid.

Respectfully Submitted,

Dated: November 3, 2011

/s/ Joni M. Fixel
Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs