## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SUZANNE CRAIG, et al.,**

    **Plaintiffs,**

v.     Case No. 8:10-cv-671-T-30TGW

**LITTLE PEARLS ADOPTION AGENCY, INC., et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Debbie Fischer's Motion to Dismiss (Dkt. 44) and Plaintiffs' Response (Dkt. 47). The Court, having considered the motion and response, and being otherwise advised in the premises, concludes that the motion should be denied.

During the fall of 2007, Plaintiffs entered into contracts with Defendant Little Pearls Adoption Agency, Inc. ("Little Pearls") to adopt children from Vietnam. Plaintiffs allege that they were induced into entering into these contracts, and into paying substantial sums of money, based on false assertions by Defendants, including Defendant Debbie Fischer. The adoptions were ultimately unsuccessful and Plaintiffs have not received refunds.

Plaintiffs have brought a number of claims against Defendant Debbie Fischer, including claims for RICO violations, fraud in the inducement, innocent misrepresentation, negligent misrepresentation, and breach of contract.

Defendant Fischer now claims that other individuals (MaiLy La Trace and Marie LaTrace) were ultimately responsible for the alleged fraudulent conduct, and that complete relief cannot be afforded without these two parties being joined. Thus, Fischer moves to dismiss Plaintiffs' Amended Complaint (Dkt. 33) for failure to name and serve indispensable parties.

Defendant's Motion to Dismiss lacks merit. Even if the La Traces were intimately involved in the alleged fraudulent scheme, it is well-recognized that joint tortfeasors need not all be named in one lawsuit. *Temple v. Synthes Corp.,* 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit...The Advisory Committee notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.'") Accordingly, it is appropriate to deny Defendant Fischer's Motion to Dismiss.

It is therefore **ORDERED AND ADJUDGED** that Defendant Debbie Fischer's Motion to Dismiss (Dkt. 44) is hereby denied.

**DONE** and **ORDERED** in Tampa, Florida on February 16, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-671.mtd44.frm